LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

JONES MAYER
Angela M. Powell (Bar No. 191876)
amp@jones-mayer.com
Thurgood M. Wynn (Bar No. 345199)
tmw@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, California 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendant
City of Torrance

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE DIAZ, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF TORRANCE; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 2:25−cv−03389−JLS−JC <br> [Honorable Josephine L. Staton] <br><br> **JOINT RULE 26 SCHEDULING CONFERENCE REPORT** <br><br> Date:         August 15, 2023 <br> Time:        10:30 a.m. <br> Courtroom:   8A |

**COME NOW ALL THE PARTIES JOINTLY AND STATE AS FOLLOWS**: The parties herewith submit this joint scheduling conference report joined by all the parties pursuant to F.R.C.P. Rule 26 and the Court's Order (Doc. 22).

    A.    **STATEMENT OF THE CASE**

**PER PLAINTIFF:** On December 2, 2024, Leonardo Diaz, Decedent, was on the 2900 Block of Oregon Court, in Torrance. While at this location, the involved City police officers discharged their firearms at Decedent, striking him and eventually killing him. The involved officers saw that Decedent was injured and bleeding, including from the wrist, prior to the shooting him. These injuries may have been self-inflicted and should have put the involved officers on notice that Decedent likely suffered from mental illness and was probably having a mental health crisis. It was obvious, or should have to an objectively reasonable officer, that Decedent that may have been experiencing a mental health crisis prior to the shooting. Decedent was holding a flat head screwdriver at the time of the incident, and he was not armed with a knife or gun, during the encounter with police. This screwdriver remained down by Decedent's side and he never made any slashing or stabbing motions with the screwdriver. Decedent was walking at a slow pace at the time of the incident and he never ran or charged at the involved officers and the involved officers were behind cover and were positioned out in the open with plenty of space to safely tactically reposition themselves if necessary. Multiple officers fired their weapons at Decedent during the incident supporting that this was a contagious/sympathetic fire situation. The involved officers were armed with less-than-lethal weapons such as the beanbag shotgun and/or the 40mm launcher, taser guns, pepper spray and could have maintained cover, distance from the Decedent and safely tactically repositioning themselves.

    Plaintiffs' main claims are for excessive and unreasonable use of deadly force under both the Fourth Amendment and state law battery. Plaintiffs also bring claims

for negligence, including pre-shooting negligent tactics, actions and inactions and for interference with familial relationship under the Fourteenth Amendment and violation of the Bane Act under state law.

**PER DEFENDANT:**

On December 2, 2024, at approximately 4:40 p.m., Torrance Police Department Officers Jason Bermudez and Arturo Castillo were dispatched to 2909 Oregon Court in response to a "suspicious circumstances" call reporting a "man with a gun." The Reporting Party, later identified as Mr. Leonardo Diaz (and the Decedent in this case), informed dispatchers that he was the individual in question and stated his intent was to "shoot someone" before disconnecting. A phone trace placed his device near Oregon Court and Maple Avenue in the City of Torrance.

Officers located a green 2012 Dodge Charger matching the description provided, occupied by a male subject consistent with Mr. Diaz's appearance. Given the report of an armed suspect with stated violent intent, Officers initiated a felony traffic stop. Mr. Diaz failed to comply with repeated commands to exit his vehicle and show his hands. Upon eventually exiting, he advanced toward the Officers while holding what was believed to be a knife, ignoring multiple commands to stop, drop the weapon, and get on the ground. As he continued to close the distance without compliance, an officer-involved shooting occurred.

Claims at Issue – In connection with Plaintiffs' claims, which arise from an encounter between Mr. Diaz and Officers Jason Bermudez, Arturo Castillo, Jesus Garcia and Cody Wissler on December 2, 2024, Defendant denies that Defendant engaged in any unlawful acts or omissions or misconduct involving Mr. Diaz, and Defendant denies all liability to Plaintiffs.

(i)   Counterclaims – Defendant has not made any counterclaims in the instant action.

(ii) Affirmative Defenses – Defendant has preserved all affirmative defenses in Defendant's Answer to Plaintiffs' Complaint, including, but not limited to, public entity immunity, qualified immunity, and discretionary immunity.

**B.   SUBJECT MATTER JURISDICTION**

Plaintiffs have claims for relief under 42 U.S.C. § 1983. Federal question applies pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

**C.   LEGAL ISSUES**

**PER PLAINTIFFS:** The legal issues are whether the use of deadly force against Decedent was excessive and unreasonable, and whether the involved officers were negligent in their interaction with Decedent, including negligent pre-shooting tactics. Another legal issue is whether the involved officers were on notice, or should have been on notice, that they were dealing with a mentally ill individual who was suffering from a mental health crises, prior to using deadly force against him. Another issue is going to be the nature and extent of the damages, including damages for pain and suffering, loss of enjoyment of life and wrongful death damages.

**PER DEFENDANT:**

Defendant contends that the legal issues in this case are whether Plaintiffs' rights were violated under Federal law, and whether Defendant is entitled to immunities under Federal law.

1.   Reasonable of Any Alleged Use of Force. The use of force and the reasonableness of any such force, which is disputed, affects numerous causes of action including but not limited to §1983 unreasonable search and seizure (first claim for relief); battery (fourth claim for relief); negligence (fifth claim for relief); and violation of the Bane Act (sixth claim for relief).

2.   Legal Basis for Defendant's Conduct. The legal basis for Defendant's conduct is in dispute and affects all causes of action.

- 4 -
_____
**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**

3. Immunities. The immunities afforded to Defendant is expected to be in dispute.

4. Damages. The issue of damages is as follows: (a) what, if any, amount of damages Plaintiffs may be entitled to receive as compensation for Plaintiffs' alleged injuries; (b) what, if any, statutory penalties and fines Plaintiffs are entitled to receive and the amount thereof; and (c) whether Plaintiffs are entitled to punitive damages against the individually named Officer defendants and the amount thereof.

5. Entity Liability. This case presents issues of what liability, if any, can be assessed against Defendant City of Torrance by way of direct and/or vicarious liability.

Through discovery and upon further research, these issues, claims, or defenses may or may not be relevant, viable, or additional key legal issues may become known to counsel.

**D.   DAMAGES**

**PER PLAINTIFFS:** Plaintiffs believe that a realistic range of provable damages is in excess of $3,000,000, which includes both wrongful death damages and survival damages, such as pain and suffering damages prior to death, and loss of enjoyment of life.

**PER DEFENDANT:**

At this stage, and with the understanding that the investigation of the claims is ongoing and continuing, Defendant cannot determine a realistic range of "provable damages," particularly given that Plaintiffs are seeking a variety of general, special, and statutory damages for fees and punitive damages. Defendants alleged Plaintiffs' damages are speculative. Defendant further alleges that there is no basis for liability on the part of any Defendant or City of Torrance employee.

Defendant seeks costs including reasonable attorney fees incurred in defending this action.

### E.  INSURANCE

None on behalf of Plaintiffs.

Defendant City of Torrance is self-insured to a certain limit and also has insurance coverage.

### F.  MOTIONS

Plaintiffs will seek to amend the complaint to add the shooting officers as named defendants. Plaintiffs reserve the right to seek to amend the complaint as discovery progresses.

Defendant anticipates filing the following motions during the course of litigation: a motion to stay any discovery directed to the shooting officers, a dispositive motion including a Motion for Summary Judgement and/or Summary Adjudication, motion for trifurcation of trial on liability, damages and the punitive damages amount, and other pre-trial and/or post-trial motions as may be appropriate. Further, Defendant anticipates filing Motions in Limine prior to trial to exclude evidence and theories that may be offered by Plaintiffs that are not likely to be supported or would be unduly prejudicial.

### G.  COMPLEXITY

The parties agree that this is not a complex case, and it does not require any parts or procedures of the Manual for Complex Litigation pursuant Local Rule 26-1 (a).

### H.  STATUS OF DISCOVERY

The parties will be exchanging initial disclosures on or before August 15, 2025.  No other discovery has been propounded to date. A schedule for discovery is proposed in the following section. No changes to the disclosures required by Rule 26(a) are necessary.

The criminal investigation by the Los Angeles County District Attorney's Office ("LADA") is ongoing. The shooting officers (Officers Jason Bermudez, Arturo Castillo, Jesus Garcia and Cody Wissler) are the subject of the investigation. At the Rule 26 conference of counsel, defense counsel stated they would move to stay the civil proceedings pending the conclusion of the LADA investigation and the issuance of findings by the LADA as to whether the shooting officers are exonerated criminally or not. Plaintiffs' counsel stated that Plaintiffs would oppose a motion to stay, but in the alternative agreed to not seek to depose or direct any discovery to any of the shooting officers while the investigation is ongoing and until the LADA has issued findings.

**I-J.   DISCOVERY PLAN/EXPERT DISCOVERY**

| | | |
|---|---|---|
| (1) | Initial Disclosures: | August 15, 2025 |
| (2) | Non-Expert Discovery Cut-off: | May 15, 2026; |
| (2) | Initial Expert Disclosure: | May 29, 2026; |
| (3) | Rebuttal Expert Disclosure: | June 26, 2026; |
| (4) | Expert Witness Discovery Cut-off | July 24, 2026 |

The parties do not propose any changes to limitations on discovery and Plaintiffs will stipulate to a protective order regarding the investigation materials.

**K.   DISPOSITIVE MOTIONS**

None on behalf of Plaintiffs.

Defendant anticipates bringing a Motion for Summary Judgment and/or Summary Adjudication.

**L.   ALTERNATIVE DISPUTE RESOLUTION**

The parties agree to select either ADR Procedure No. 2 (Court Mediation Panel).

**M.   SETTLEMENT EFFORTS**

The parties have not engaged in any settlement discussions to date, other than agreeing to use panel mediator, Richard Copeland.

### N. PRELIMINARY TRIAL ESTIMATE:

The parties estimate 5 days by jury.

### O. TRIAL COUNSEL

Plaintiffs' counsel who will try the case are Dale Galipo and Eric Valenzuela. Trial Counsel for Defendant is Angela M. Powell (lead counsel) and Thurgood M. Wynn.

### P. INDEPENDENT EXPERT OR MASTER:

The parties agree that this is not a case in which a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert should be appointed.

### Q. OTHER ISSUES

Lead trial counsel, Dale K. Galipo, will be out of state on August 15, 2025, visiting his 93 year-old Mother, for her birthday. Plaintiffs request that Eric Valenzuela, (2nd chair) be permitted to appear at the Scheduling Conference. Mr. Valenzuela is very familiar with the case and will have authority to enter into any agreements.

The parties do not propose any severance, bifurcation, or other ordering of proof at this time.

DATED: July 28, 2025            LAW OFFICES OF DALE K. GALIPO

                                By_____/s/ Eric Valenzuela_____
                                   Dale K. Galipo
                                   Eric Valenzuela
                                   Attorneys for Plaintiffs

DATED: July 28, 2025				JONES MAYER

By		/s/ *Angela M. Powell*
	Angela M. Powell
	Thurgood M. Wynn
	Attorneys for Defendant
	CITY OF TORRANCE