UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-03389-JLS-JC | Date | September 15, 2025 |
|---|---|---|---|
| Title | Maria Guadalupe Diaz, et al. v. City of Torrance, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge |
|---|---|

| Kerri Hays | none | none |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:**  (In Chambers)  ORDER DENYING STIPULATION AND PROPOSED ORDER WITHOUT PREJUDICE (DOCKET NO. 30)

The Court is in receipt of the parties' Stipulation and [Proposed] Protective Order ("Proposed Protective Order") which this Court denies without prejudice.  The parties may choose to submit for Court approval, an amended proposed protective order which remedies the deficiencies described below or one of this Court's form protective orders (available at http://www.cacd. uscourts.gov/honorable-jacqueline-chooljian).  (The Court would strongly prefer the latter option.) Alternatively, the parties may wish to  enter into a confidentiality agreement among themselves, obviating the need for a protective order from the Court.

First, the Proposed Protective Order is overbroad at least because it is not limited to testimony given during depositions and can be read to cover pretrial testimony in court as well as "conversations or presentations" in pretrial hearings in court.  The Court declines to approve Paragraph 3 in its current form.  The Court directs the attention of counsel to its form protective orders (referenced above) which include a modified version of this paragraph that the Court would be inclined to approve.

Second, the Proposed Protective Order is confusing.  Paragraph 13 obligates the parties to take certain actions "[a]fter the "final disposition of this [a]ction, as defined in paragraph 6," but paragraph 6 relates to challenging confidentiality designations and does not define "final disposition."  It may be that the parties intended to refer to paragraph 4 – which is titled "Duration," but that paragraph does not define "final disposition" either and instead essentially says that the terms of the Proposed Protective Order will not extend beyond the commencement of trial.  It accordingly is not clear when the obligations of the parties under Paragraph 13 are intended to be triggered.

Third, although not the basis of the Court's order, it appears that paragraph 7.1 contains a cross-referencing error – referring to "section 15 (FINAL DISPOSITION)" when it presumably is intended to refer to paragraph 13.

IT IS SO ORDERED.