# EXHIBIT A

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Eric Valenzuela (Bar No. 284500)
3  evalenzuela@galipolaw.com
4  21800 Burbank Boulevard, Suite 310
   Woodland Hills, California 91367
5  Telephone:   (818) 347-3333
   Facsimile:   (818) 347-4118
6
7  Attorneys for Plaintiffs

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  MARIA GUADALUPE DIAZ; A.D., a        Case No. 2:25-cv-03389-JLS (JCx)
    minor by and through his Guardian Ad
13  Litem, MARIA GUADALUPE DIAZ;         [PROPOSED] FIRST AMENDED
    A.D., a minor by and through his     COMPLAINT FOR DAMAGES
14  Guardian Ad Litem, MARIA
    GUADALUPE DIAZ; LEONARDO             1. Unreasonable Search and Seizure—
15  DIAZ; and RAMONA RAMIREZ DE             Excessive Force (42 U.S.C. § 1983)
    DIAZ,                                2. Unreasonable Search and Seizure—
16                                          Denial of Medical Care (42 U.S.C.
17             Plaintiffs,                   § 1983)
                                         3. Substantive Due Process (42 U.S.C.
18        vs.                               § 1983)
                                         4. Battery (Wrongful Death and
19  CITY OF TORRANCE; ARTURO                Survival Damages)
20  CASTILLO; CODY WISSLER; JESUS       5. Negligence (Wrongful Death and
    GARCIA; JASON BERMUDEZ; and            Survival Damages)
21  DOES 6⅟-10, inclusive,             6. Violation of Bane Act (Cal. Civil
22                                          Code § 52.1)
             Defendants.
23                                       DEMAND FOR JURY TRIAL

24

25           **COMPLAINT FOR DAMAGES**

26      1.    Plaintiffs MARIA GUADALUPE DIAZ; A.D., a minor by and through his

27  Guardian Ad Litem, MARIA GUADALUPE DIAZ; A.D., a minor by and through

28
                              -1-
                                        COMPLAINT FOR DAMAGES

1  his Guardian Ad Litem, MARIA GUADALUPE DIAZ; LEONARDO DIAZ; and

2  RAMONA RAMIREZ DE DIAZ, for their complaint against Defendants CITY OF

3  TORRANCE, ARTURO CASTILLO, CODY WISSLER, JESUS GARCIA,

4  JASON BERMUDEZ and Does 6-1–10, inclusive, allege as follows:

5  **INTRODUCTION**

6      2.    This civil rights action seeks compensatory and punitive damages from

7  Defendants for violating various rights under state law and the United States

8  Constitution in connection with the fatal officer involved shooting of Leonardo

9  Diaz ("DECEDENT"), by members of the Torrance Police Department ("TPD").

10  **PARTIES**

11      3.    At all relevant times, Leonardo Diaz ("DECEDENT"), was an individual

12  residing in the County of Los Angeles, California.

13      4.    Plaintiff MARIA GUADALUPE DIAZ is an individual residing in the

14  County of Los Angeles, and was the wife of the DECEDENT.  MARIA

15  GUADALUPE DIAZ sues both in her individual capacity as the wife of

16  DECEDENT and in a representative capacity as a successor-in-interest to

17  DECEDENT.  Plaintiff MARIA GUADALUPE DIAZ seeks both survival

18  damages, including DECEDENT's pain and suffering and loss of enjoyment of life

19  and wrongful death damages under state and federal law.

20      5.    Plaintiff A.D. is a minor individual residing in the County of Los Angeles,

21  California, and is the natural born son to DECEDENT.  A.D. sues by and through

22  his natural mother and Guardian Ad Litem, MARIA GUADALUPE DIAZ.  A.D.

23  sues both in his individual capacity as the son of DECEDENT and in a

24  representative capacity as a successor-in-interest to DECEDENT.  A.D. seeks both

25  survival and wrongful death damages under federal and state law.

26      6.    Plaintiff A.D. is a minor individual residing in the County of Los Angeles,

27  California, and is the natural born son to DECEDENT.  A.D. sues by and through

28  his natural mother and Guardian Ad Litem, MARIA GUADALUPE DIAZ.  A.D.

-2-

COMPLAINT FOR DAMAGES

1   sues both in his individual capacity as the son of DECEDENT and in a

2   representative capacity as a successor-in-interest to DECEDENT.  A.D. seeks both

3   survival and wrongful death damages under federal and state law.

4      7.   Plaintiff LEONARDO DIAZ is an individual residing in the County of Los

5   Angeles, California, and is the natural father to DECEDENT.  LEONARDO DIAZ

6   sues in his individual capacity as the father of DECEDENT.  LEONARDO DIAZ

7   seeks wrongful death damages under state and federal law.

8      8.   Plaintiff RAMONA RAMIREZ DE DIAZ is an individual residing in Los

9   Angeles County, Los Angeles, and is the natural mother to DECEDENT.

10   RAMONA RAMIREZ DE DIAZ sues in her individual capacity as the mother of

11   DECEDENT.  RAMONA RAMIREZ DE DIAZ seeks wrongful death damages

12   under state and federal law.

13      9.   At all relevant times, Defendant CITY OF TORRANCE ("CITY") is and

14   was a duly organized public entity, form unknown, existing under the laws of the

15   State of California.  At all relevant times, CITY was the employer of Defendants

16   ARTURO CASTILLO, CODY WISSLER, JESUS GARCIA, and JASON

17   BERMUDEZ DOES 1-4, who were CITY police officers, DOES 5-6, who were

18   CITY police officers' supervisorial officers, and DOES 7-10, who were

19   managerial, supervisorial, and policymaking employees of the CITY's police

20   department.  On information and belief, at all relevant times, ARTURO

21   CASTILLO, CODY WISSLER, JESUS GARCIA, JASON BERMUDEZ, and

22   DOES 61-10 were residents of the County of Los Angles, California.  ARTURO

23   CASTILLO, CODY WISSLER, JESUS GARCIA, JASON BERMUDEZ and

24   DOES 61-10 are sued in their individual capacity for damages only.

25      10.   At all relevant times, Defendants Arturo Castillo, Cody Wissler, Jesus

26   Garcia, Jason Bermudez and DOES 61-10 were duly authorized employees and

27   agents of CITY, who were acting under color of law within the course and scope of

28

-3-

COMPLAINT FOR DAMAGES

their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant CITY.

11.   At all relevant times, Defendants Arturo Castillo, Cody Wissler, Jesus Garcia, Jason Bermudez and DOES 61-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

12.   In doing the acts and failing and omitting to act as hereinafter described, Defendants Arturo Castillo, Cody Wissler, Jesus Garcia, Jason Bermudez and DOES 61-10 were acting on the implied and actual permission and consent of CITY.

13.   At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

14.   The true names of defendants DOES 61 through 10, inclusive, are unknown to PLAINTIFFS, who therefore sue these defendants by such fictitious names. PLAINTIFFS will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

15.   On January 28, 2025, PLAINTIFFS served their claims for damages with CITY pursuant to applicable sections of the California Government Code.

16.   On February 13, 2025, CITY rejected PLAINTIFFS' claims for damages.

**JURISDICTION AND VENUE**

17.   This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

-4-

COMPLAINT FOR DAMAGES

1    18.   Venue is proper in this Court under 28 U.S.C. § 1391(b), because

2    Defendants reside in, and all incidents, events, and occurrences giving rise to this

3    action occurred in, the County of Los Angeles, California.

4

5              **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

6    19.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

7    through 18 of this Complaint with the same force and effect as if fully set forth

8    herein.

9    20.   On December 2, 2024, DECEDENT was on the 2900 Block of Oregon

10   Court, in Torrance.  While at this location, Arturo Castillo, Cody Wissler, Jesus

11   Garcia, and Jason Bermudez the involved CITY police officers discharged their

12   firearms at DECEDENT, striking him, causing serious physical injury and

13   eventually killing him.

14   21.   The Arturo Castillo, Cody Wissler, Jesus Garcia, Jason Bermudez and

15   involved officers saw that DECEDENT was injured and bleeding, including from

16   the wrist, prior to the shooting DECEDENT.  These injuries may have been self-

17   inflicted and should have put the involved officers on notice that DECEDENT

18   likely suffered from mental illness and was probably having a mental health crisis.

19   It was obvious, or should have to an objectively reasonable officer, that

20   DECEDENT that may have been experiencing a mental health crisis prior to the

21   shooting.

22   22.   DECEDENT had a flat head screwdriver at the time of the incident and he

23   was not armed with a knife or gun, during the encounter with police.  The

24   screwdriver in Decedent's hand did not resemble a knife or a gun, and was, or

25   should have been, easily distinguishable from a knife or a gun, especially since this

26   incident happened in broad daylight.  This screwdriver remained down by

27   DECEDENT's side and DECEDENT never make any slashing or stabbing motions

28

-5-

COMPLAINT FOR DAMAGES

with the screwdriver.  Further, DECEDENT never physically injured any other person with the screwdriver, nor did he attempt to do so.

23.  The DECEDENT was walking at a slow pace at the time of the incident and he never ran or charged at the involved officers.  Further, the officers were behind cover and were positioned out in the open with plenty of space to safely tactically reposition themselves if necessary.

24.  Multiple officers fired their weapons at DECEDENT during the incident supporting that this was a contagious/sympathetic fire situation.

25.  DECEDENT never attempted to attack or physically injure any of the involved officers or anyone else during the incident.

26.  There were less than lethal alternatives to using deadly force against DECEDENT, especially since he only had a screwdriver and the involved officers greatly outnumbered DECEDENT.  On information and belief, some of the involved officers were armed with less-than-lethal weapons such as the beanbag shotgun and/or the 40mm launcher, taser guns, pepper spray and could have maintained cover, distance from the DECEDENT and safely tactically repositioning themselves.  DECEDENT was also significantly outnumbered by the involved officers and he did not physically injure anyone, including the involved officers, during the incident nor did he attempt to do so.

27.  DECEDENT did not pose an immediate or imminent threat of death or serious physical injury to either the involved officers or any other person at the time of the shooting.  DECEDENT was not about to kill or cause serious bodily injury to anyone when he was fatally shot by the involved officers and DECEDENT never attempted to disarm or grab any of the officers' weapons.  The conduct of DECEDENT was not immediately life threatening, making the use of deadly force against him unnecessary.

28.  On information and belief, after shooting DECEDENT, the involved officers waited for a significant amount of time before approaching DECEDENT

COMPLAINT FOR DAMAGES

and providing and/or summonsing medical attention for DECEDENT, despite DECEDENT visibly bleeding profusely from his injuries.  The involved officers did not provide timely medical care to DECEDENT, they did not timely summons medical assistance for DECEDENT, and/or they prevented medical assistance from being timely provided to DECEDENT.

**Formatted:** Indent: First line:  0"

### **FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiffs Maria Guadalupe Diaz, A.D. and A.D. against Does 1-4)

29.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.  The involved officers unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31.  The unreasonable use of force by Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez involved officers deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.  This unreasonable and excessive use of force includes fatally shooting an individual holding a flat-head screwdriver, who was already visibly injured and bleeding, including bleeding from the wrist from possibly self-inflicted wounds and displaying obvious signs of possibly suffering

COMPLAINT FOR DAMAGES

from a mental health crisis.  There were also several less than lethal alternatives such as the bean bag shotgun or 40mm launcher, tasers and pepper spray, maintaining cover and distance from DECEDENT and tactically re-positioning themselves.  DECEDENT was also significantly outnumbered by the involved police officers and some of the involved officers did not fire their guns, which further supports that a reasonable officer under similar circumstances would not have found it appropriate to use deadly force under against DECEDENT.

32.    As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

33.    As a result of the conduct of ~~the~~ Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez ~~involved officers~~, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

34.    This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was only holding a screwdriver, he never made any slashing or stabbing motions with the screwdriver, he never physically injured anyone, including with the screwdriver, nor did he attempt to do so, he did take or try to obtain any of the officers' guns and he did not pose an immediate threat of death or serious bodily injury at the time of the shooting. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

35.    The conduct of Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez ~~the involved officers~~ was willful, wanton, malicious, and done with

-8-

1    reckless disregard for the rights and safety of DECEDENT and therefore warrants

2    the imposition of exemplary and punitive damages as to the involved officers.

3          36.    Plaintiffs bring this claim as successor-in-interest to the DECEDENT,

4    and seek both survival damages, including DECEDENT's pain and suffering and

5    loss of life/enjoyment of life and wrongful death damages for the violation of

6    DECEDENT's rights.

7          37.    Plaintiffs also seek attorney fees under this claim.

8

9

10

11

12                **SECOND CLAIM FOR RELIEF**

13    **Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

14        (By Plaintiffs Maria Guadalupe Diaz, A.D. and A.D. against Does 1-4)

15          38.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

16    through 37 of this Complaint with the same force and effect as if fully set forth

17    herein.

18          39.    The denial of medical care by Arturo Castillo, Cody Wissler, Jesus

19    Garcia and Jason Bermudez Defendant Does 1-4 deprived DECEDENT of his right

20    to be secure in his person against unreasonable searches and seizures as guaranteed

21    to DECEDENT under the Fourth Amendment to the United States Constitution and

22    applied to state actors by the Fourteenth Amendment.

23          40.    As a result, DECEDENT suffered extreme mental and physical pain

24    and suffering and eventually suffered a loss of life and earning capacity.  Plaintiffs

25    have also been deprived of the life-long love, companionship, comfort, support,

26    society, care, and sustenance of DECEDENT, and will continue to be so deprived

27    for the remainder of their natural lives.  Plaintiffs are also claiming funeral and

28    burial expenses and a loss of financial support.

-9-

41.    Defendants Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez Does 1-4 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

42.    After shooting DECEDENT multiple times, Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4 did not timely summons medical attention for DECEDENT, who was bleeding profusely and had obvious serious injuries., Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez and DOES 1-4 also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

43.    The conduct of Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez Does 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez Does 1-4.

44.    Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

45.    Plaintiffs also seek attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By All Plaintiffs Against Defendants Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4)

46.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

-10-

47.  MARIA GUADALUPE DIAZ and had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her husband, DECEDENT.

48.  A.D. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

49.  A.D. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

50.  LEONARDO DIAZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

51.  RAMONA RAMIREZ DE DIAZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

52.  As a result of the excessive force by Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4, and their failure to intervene, DECEDENT died.  Plaintiffs MARIA GUADALUPE DIAZ; A.D., A.D.,

-11-

1    LEONARDO DIAZ and RAMONA RAMIREZ DE DIAZ were thereby deprived of

2    their constitutional right of familial relationship with DECEDENT.

3        53.  Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez Does

4    1-4, acting under color of state law, thus violated the Fourteenth Amendment rights

5    of MARIA GUADALUPE DIAZ; A.D., A.D., LEONARDO DIAZ and RAMONA

6    RAMIREZ DE DIAZ to be free from unwarranted interference with their familial

7    relationship with DECEDENT.

8        54.  The aforementioned actions of Arturo Castillo, Cody Wissler, Jesus

9    Garcia and Jason Bermudez DOES 1-4, along with other undiscovered conduct,

10   shock the conscience, in that they acted with deliberate indifference to the

11   constitutional rights of DECEDENT and Plaintiffs MARIA GUADALUPE DIAZ;

12   A.D., A.D., LEONARDO DIAZ and RAMONA RAMIREZ DE DIAZ and with

13   purpose to harm unrelated to any legitimate law enforcement objective.

14       55.  Defendants Arturo Castillo, Cody Wissler, Jesus Garcia and Jason

15   Bermudez DOES 1-4, acting under color of state law, thus violated the Fourteenth

16   Amendment rights of DECEDENT and Plaintiffs.

17       56.  As a direct and proximate cause of the acts of Arturo Castillo, Cody

18   Wissler, Jesus Garcia and Jason Bermudez DOES 1-4, DECEDENT experienced

19   severe pain and suffering and lost his life and earning capacity.  Plaintiffs suffered

20   extreme and severe mental anguish and pain and have been injured in mind and

21   body.  Plaintiffs have also been deprived of the life-long love, companionship,

22   comfort, support, society, care and sustenance of DECEDENT, and will continue to

23   be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming

24   funeral and burial expenses.

25       57.  As a result of the conduct of Arturo Castillo, Cody Wissler, Jesus

26   Garcia and Jason Bermudez Does 1-4, they are liable for DECEDENT'S injuries,

27   either because they were integral participants in the denial of due process, or

28   because they failed to intervene to prevent these violations.

-12-

COMPLAINT FOR DAMAGES

58.   The conduct of Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez  DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4.

59.   Plaintiffs brings this claim individually and seek wrongful death damages for the violation of Plaintiffs' rights.

60.   Plaintiffs also seek attorney fees under this claim.

**FOURTH CLAIM FOR RELIEF**
**Battery (Cal. Govt. Code § 820)**
(Survival and Wrongful Death)
(By All Plaintiffs Against Defendants **Arturo Castillo, Cody Wissler and Jesus Garcia, Jason Bermudez** DOES 1-4 and CITY)

61.   Plaintiffs repeat and realleges each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.   Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4, while working as police officers for the CITY's police department, and while acting within the course and scope of their duties, intentionally shot DECEDENT.  As a result of the actions of Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez  DOES 1-4, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity.  Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4 had no legal justification for using force against DECEDENT and said defendants' use of force while carrying out their police officer duties was an unreasonable use of force. DECEDENT was walking at a slow pace during the incident, he never ran or charged at the involved officers, DECEDENT was already injured and appeared to be suffering from self-inflicted wounds, including bleeding from the wrist, when

-13-

1    police encountered DECEDENT, and the involved officers saw DECEDENT

2    displaying obvious signs of suffering from a possible mental health crisis prior to

3    the shooting.  Further, DECEDENT never physically injured another person during

4    the incident, nor did he attempt to do so, and there were several less than lethal

5    alternatives to using deadly force against DECEDENT.

6        63.    As a direct and proximate result of Defendants' conduct as alleged

7    above, Plaintiffs suffered extreme and severe mental anguish and pain and have

8    been injured in mind and body.  Plaintiffs also have been deprived of the life-long

9    love, companionship, comfort, support, society, care and sustenance of the

10   DECEDENT, and will continue to be so deprived for the remainder of their natural

11   lives.  Plaintiffs are also claiming funeral and burial expenses and loss of financial

12   support.

13       64.    CITY is vicariously liable for the wrongful acts of  Arturo Castillo,

14   Cody Wissler, Jesus Garcia and Jason Bermudez ~~DOES 1-4~~ pursuant to section

15   815.2(a) of the California Government Code, which provides that a public entity is

16   liable for the injuries caused by its employees within the scope of the employment if

17   the employee's act would subject him or her to liability.

18       65.    The conduct of  Arturo Castillo, Cody Wissler, Jesus Garcia and Jason

19   Bermudez ~~DOES 1-4~~ was malicious, wanton, oppressive, and accomplished with a

20   conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs,

21   individually and as successors-in-interest to DECEDENT, to an award of exemplary

22   and punitive damages.

23       66.    Plaintiffs bring this claim both individually and as a successors-in-

24   interest to DECEDENT, and seek both survival damages, including pre-death pain

25   and suffering, loss of life/enjoyment of life and wrongful death damages under this

26   claim.

27

28

-14-

COMPLAINT FOR DAMAGES

**FIFTH CLAIM FOR RELIEF**
**Negligence (Cal. Govt. Code § 820)**
(Survival and Wrongful Death)
(By All Plaintiffs Against All Defendants)

67.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

68.     The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

      (a)     the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

      (b)     the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

      (c)     the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

      (d)     the failure to recognize that DECEDENT was possibly suffering from a mental health crisis;

      (d)     failure to recognize that DECEDENT was holding a flathead screwdriver and not a weapon such as a knife or a gun;

      (e)     the failure to use less than lethal alternatives to deadly force that were readily available to the involved officers;

      (e)     the failure to summons and provide prompt medical care to Decedent;

      (f)     the failure to properly train and supervise employees, both professional and non-professional, including Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4;

-15-

COMPLAINT FOR DAMAGES

(g)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT; and

(h)    the negligent handling of evidence and witnesses.

69.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Further, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also is claiming funeral and burial expenses and loss of financial support.

70.    CITY is vicariously liable for the wrongful acts of  Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

71.    Plaintiffs bring this claim both individually and as successor in interest to DECEDENT and seek both wrongful death damages and survival damages under this claim, including pre-death pain and suffering.

## SIXTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(By All Plaintiffs Against Arturo Castillo, Cody Wissler, Jesus Garcia, Jason Bermudez Does 1-4 and City)

-16-

72.     Plaintiffs̲S̲ repeat and reallege each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

73.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

74.     Conduct that violates the Fourth Amendment can also amount to conduct that violates the California Bane Act.  The involved officers' conduct, including the use of deadly force, constitutes threatening and intimidating behavior, meant to prevent DECEDENT from exercising both her federal and state rights.

75.     Defendants̲'̲ Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4 use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was only holding a flathead screwdriver and was not armed with a weapon like a knife or a gun and was walking at a slow pace and never ran or charged at the involved officers.  DECEDENT also never made any slashing or stabbing motions with the screwdriver nor did he try to injury any other person with the screwdriver.  Further, DECEDENT never caused or attempted to cause bodily harm to anyone else, including the involved officers during the incident and he never attempted to obtain any of the involved officers' equipment or guns.  Further, DECEDENT did not pose an imminent threat of death or serious bodily injury towards anyone when he was fatally shot and there were less than lethal alternatives available which were not utilized before resorting to the use of deadly force.  DECEDENT was also displaying obvious signs of suffering from a mental health crisis, including bleeding from what appeared to be self-inflicted wounds to his wrist, Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures and to be free from having unreasonable and excessive force used against him.  Defendants' actions violated DECEDENT's state and federal rights, including the right to be free from the use of

-17-

1  excessive and unreasonable force.  Further, the involved officers acted with a

2  reckless disregard of constitutional and statutory rights of the DECEDENT,

3  including the right to be free from having unreasonable and excessive deadly force

4  used against him.

5      76.    The involved officers intentionally used excessive and unreasonable

6  deadly force against DECEDENT by recklessly disregarding the DECEDENT's

7  right to be free from excessive force.

8      77.    Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez

9  DOES 1-4, while working as police officers for the CITY's police department, and

10  acting within the course and scope of their duties, interfered with or attempted to

11  interfere with the rights of DECEDENT to be free from unreasonable searches and

12  seizures, to equal protection of the laws, to access to the courts, and to be free from

13  state actions that shock the conscience, by threatening or committing acts involving

14  violence, threats, coercion, or intimidation.

15      78.    On information and belief, DECEDENT reasonably believed that if he

16  exercised his rights, including his federal civil rights and state law rights, Arturo

17  Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4 would commit

18  acts involving violence, threats, coercion, or intimidation against him.

19      79.    On information and belief Defendants Arturo Castillo, Cody Wissler,

20  Jesus Garcia and Jason Bermudez DOES 1-4 injured DECEDENT to prevent him

21  from exercising his rights or retaliated against Decedent for having exercised his

22  rights.

23      80.    DECEDENT was caused to suffer extreme pain and suffering and

24  eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been

25  deprived of the life-long love, companionship, comfort, support, society, care, and

26  sustenance of DECEDENT, and will continue to be so deprived for the remainder of

27  her natural life.  Plaintiffs are also claiming funeral and burial expenses and a loss of

28  financial support.

-18-

COMPLAINT FOR DAMAGES

81.    The conduct of Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4 was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

82.    CITY is vicariously liable for the wrongful acts of Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

83.    The conduct of Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez DOES 1-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling Plaintiffs to an award of exemplary and punitive damages.

84.    Plaintiffs bring this claim in a representative capacity as the successors-in-interest to DECEDENT, and seek survival damages, including for pre-death pain and suffering and loss of life/enjoyment of life for the violation of DECEDENT's rights.

85.    The Plaintiffs also seek statutory attorney's fees under this claim, including a multiplier as permitted by law.

-19-

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in her favor and against Defendants City of Torrance, Arturo Castillo, Cody Wissler, Jesus Garcia, Jason Bermudez and Does 61-10, inclusive, as follows:

      A.    For compensatory damages, including both survival damages, including pain and suffering and loss of life/enjoyment of life and wrongful death damages under state law and federal law, in the amount to be proven at trial;

      B.    For funeral and burial expenses and loss of financial support;

      C.    For punitive damages against the individual defendants in an amount to be proven at trial;

      D.    For interest;

      E.    For treble damages under Civil Code Section 52.1.

      F.    For reasonable costs of this suit and attorneys' fees; and

      G.    For such further other relief as the Court may deem just, proper, and appropriate.

-20-

COMPLAINT FOR DAMAGES

DATED:  April 16, 2024          LAW OFFICES OF DALE K. GALIPO

                                By_____
                                    Dale K. Galipo
                                    Eric Valenzuela
                                    Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED:  April 16, 2024          LAW OFFICES OF DALE K. GALIPO

                                By_____
                                    Dale K. Galipo
                                    Eric Valenzuela
                                    Attorneys for Plaintiffs

-21-

COMPLAINT FOR DAMAGES