JONES MAYER
Angela M. Powell, State Bar No. 191876
amp@jones-mayer.com
Thurgood M. Wynn, State Bar No. 345199
tmw@jones-mayer.com
Ryan M. Allein, State Bar No. 318078
rma@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants,
CITY OF TORRANCE; ARTURO CASTILLO; CODY WISSLER; JESUS GARCIA; JASON BERMUDEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; LEONARDO DIAZ; and RAMONA RAMIREZ DE DIAZ<br>Plaintiffs,<br>v.<br>CITY OF TORRANCE; ARTURO CASTILLO; CODY WISSLER; JESUS GARCIA; JASON BERMUDEZ; and DOES 6-10, inclusive<br>Defendants. | Case No. 2:25-cv-03389-JLS(AYPx)<br>Honorable Josephine L. Staton<br>Courtroom 8A<br>**DECLARATION OF RYAN SCHMITZ IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT OF ISSUES**<br>*[ ]*<br>Date:<br>Time: 10:30 a.m.<br>Ctrm: 8A<br>Action filed: October 8, 2025 |

## DECLARATION OF RYAN SCHMITZ

I, Ryan Schmitz, declare:

1. I am a Sergeant for the Torrance Police Department. I make this declaration in support of the Defendants' Motion for Summary Judgment and/or Partial Summary Judgment of Issues.

2. I make this declaration based upon my own personal knowledge, except where indicated that such knowledge is based upon documented information and would so testify in a court of law.

3. I am an employee of the Torrance Police Department.

4. I am a duly authorized Custodian of Records for the Torrance Police Department for the policy records listed herein ("Policy Records"): 300.3 ("Use of Force"); 300.3.2 ("Factors Used to Determine the Reasonableness of Force"); 300.3.6 ("Alternative Tactics – De-Escalation"); 300.4 ("Deadly Force Applications"); 300.4.2 ("Displaying of Firearms"); and 300.6 ("Medical Considerations"). A true and correct copy of the documents are attached hereto as **Exhibit N**.

5. I am a duly authorized Custodian of Records for the Torrance Police Department for Officer Arturo Castillo's training records. A true and correct copy of Officer Castillo's training records are attached hereto as **Exhibit O**.

6. I am a duly authorized Custodian of Records for the Torrance Police Department for Officer Cody Wissler's training records. A true and correct copy of Officer Wissler's training records are attached hereto as **Exhibit P**.

7. I am a duly authorized Custodian of Records for the Torrance Police Department for Sergeant Jesus Garcia's training records. A true and correct copy of Sergeant Garcia's training records are attached hereto as **Exhibit Q**.

8. I am a duly authorized Custodian of Records for the Torrance Police Department for Officer Jason Bermudez's training records. A true and correct copy of Officer Bermudez's training records are attached hereto as **Exhibit R**.

9. The policy records and officer training records are business

records of the Torrance Police Department.

10. The policy records are true copies of the Torrance Police Department's Policy Manual that was in effect on December 2, 2024.

11. The policy records and officer training records were prepared by the personnel of the Torrance Police Department in the ordinary course of business at or near the time of the act, condition, or event.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 25TH day of August, 2026, at TORRANCE, California

Ryan Schmitz

# EXHIBIT "N"

# Use of Force

## 300.1 PURPOSE AND SCOPE

This policy provides guidelines on the reasonable use of force. While there is no way to specify the exact amount or type of reasonable force to be applied in any situation, every member of this department is expected to use these guidelines to make such decisions in a professional, impartial, and reasonable manner (Government Code § 7286).

In addition to those methods, techniques, and tools set forth below, the guidelines for the reasonable application of force contained in this policy shall apply to all policies addressing the potential use of force, including but not limited to the Control Devices and Techniques and Conducted Energy Device policies.

Retaliation prohibitions for reporting suspected violations are addressed in the Anti-Retaliation Policy.

### 300.1.1 DEFINITIONS

Definitions related to this policy include:

**Deadly force** - Any use of force that creates a substantial risk of causing death or serious bodily injury, including but not limited to the discharge of a firearm (Penal Code § 835a).

**Feasible** - Reasonably capable of being done or carried out under the circumstances to successfully achieve the arrest or lawful objective without increasing risk to the officer or another person (Government Code § 7286(a)).

**Force** - The application of physical techniques or tactics, chemical agents, or weapons to another person. It is not a use of force when a person allows him/herself to be searched, escorted, handcuffed, or restrained.

**Serious bodily injury** - A serious impairment of physical condition, including but not limited to the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement (Penal Code § 243(f)(4)).

**Totality of the circumstances** - All facts known to the officer at the time, including the conduct of the officer and the subject leading up to the use of force (Penal Code § 835a).

## 300.2 POLICY

The use of force by law enforcement personnel is a matter of critical concern, both to the public and to the law enforcement community. Officers are involved on a daily basis in numerous and varied interactions and, when warranted, may use reasonable force in carrying out their duties.

Officers must have an understanding of, and true appreciation for, their authority and limitations. This is especially true with respect to overcoming resistance while engaged in the performance of law enforcement duties.

Copyright Lexipol, LLC 2024/07/01, All Rights Reserved.
Published with permission by Torrance Police Department

The Department recognizes and respects the value of all human life and dignity without prejudice to anyone. Vesting officers with the authority to use reasonable force and to protect the public welfare requires monitoring, evaluation and a careful balancing of all interests.

### 300.2.1 DUTY TO INTERCEDE

Any officer present and observing another law enforcement officer or an employee using force that is clearly beyond that which is necessary, as determined by an objectively reasonable officer under the circumstances, shall, when in a position to do so, intercede (as defined by Government Code § 7286) to prevent the use of unreasonable force.

When observing force used by a law enforcement officer, each officer should take into account the totality of the circumstances and the possibility that other law enforcement officers may have additional information regarding the threat posed by the subject (Government Code § 7286(b)).

### 300.2.2 FAIR AND UNBIASED USE OF FORCE

Officers are expected to carry out their duties, including the use of force, in a manner that is fair and unbiased (Government Code § 7286(b)). See the Bias-Based Policing Policy for additional guidance.

### 300.2.3 DUTY TO REPORT EXCESSIVE FORCE

Any officer who observes a law enforcement officer or an employee use force that potentially exceeds what the officer reasonably believes to be necessary shall immediately report these observations to a supervisor (Government Code § 7286(b)).

As used in this subsection, "immediately" means as soon as it is safe and feasible to do so.

### 300.2.4 FAILURE TO INTERCEDE

An officer who has received the required training on the duty to intercede and then fails to act to intercede when required by law, may be disciplined in the same manner as the officer who used force beyond that which is necessary (Government Code § 7286(b)).

## 300.3 USE OF FORCE

Officers shall use only that amount of force that reasonably appears necessary given the facts and totality of the circumstances known to or perceived by the officer at the time of the event to accomplish a legitimate law enforcement purpose (Penal Code § 835a).

The reasonableness of force will be judged from the perspective of a reasonable officer on the scene at the time of the incident. Any evaluation of reasonableness must allow for the fact that officers are often forced to make split-second decisions about the amount of force that reasonably appears necessary in a particular situation, with limited information and in circumstances that are tense, uncertain, and rapidly evolving.

Given that no policy can realistically predict every possible situation an officer might encounter, officers are entrusted to use well-reasoned discretion in determining the appropriate use of force in each incident. Officers may only use a level of force that they reasonably believe is proportional to

Copyright Lexipol, LLC 2024/07/01, All Rights Reserved.
Published with permission by Torrance Police Department

the seriousness of the suspected offense or the reasonably perceived level of actual or threatened resistance (Government Code § 7286(b)).

It is also recognized that circumstances may arise in which officers reasonably believe that it would be impractical or ineffective to use any of the approved or authorized tools, weapons, or methods provided by the Department. Officers may find it more effective or reasonable to improvise their response to rapidly unfolding conditions that they are confronting. In such circumstances, the use of any improvised device or method must nonetheless be objectively reasonable and utilized only to the degree that reasonably appears necessary to accomplish a legitimate law enforcement purpose.

While the ultimate objective of every law enforcement encounter is to avoid or minimize injury, nothing in this policy requires an officer to retreat or be exposed to possible physical injury before applying reasonable force.

### 300.3.1 USE OF FORCE TO EFFECT AN ARREST

Any peace officer may use objectively reasonable force to effect an arrest, to prevent escape, or to overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or desist from his/her efforts by reason of resistance or threatened resistance on the part of the person being arrested; nor shall an officer be deemed the aggressor or lose his/her right to self-defense by the use of reasonable force to effect the arrest, prevent escape, or to overcome resistance. Retreat does not mean tactical repositioning or other de-escalation techniques (Penal Code § 835a).

### 300.3.2 FACTORS USED TO DETERMINE THE REASONABLENESS OF FORCE

When determining whether to apply force and evaluating whether an officer has used reasonable force, a number of factors should be taken into consideration, as time and circumstances permit (Government Code § 7286(b)). These factors include but are not limited to:

(a) The apparent immediacy and severity of the threat to officers or others (Penal Code § 835a).

(b) The conduct of the individual being confronted, as reasonably perceived by the officer at the time (Penal Code § 835a).

(c) Officer/subject factors (age, size, relative strength, skill level, injuries sustained, level of exhaustion or fatigue, the number of officers available vs. subjects).

(d) The conduct of the involved officer leading up to the use of force (Penal Code § 835a).

(e) The effects of suspected drugs or alcohol.

(f) The individual's apparent mental state or capacity (Penal Code § 835a).

(g) The individual’s apparent ability to understand and comply with officer commands (Penal Code § 835a).

(h) Proximity of weapons or dangerous improvised devices.

Copyright Lexipol, LLC 2024/07/01, All Rights Reserved.
Published with permission by Torrance Police Department

(i) The degree to which the subject has been effectively restrained and his/her ability to resist despite being restrained.

(j) The availability of other reasonable and feasible options and their possible effectiveness (Penal Code § 835a).

(k) Seriousness of the suspected offense or reason for contact with the individual prior to and at the time force is used.

(l) Training and experience of the officer.

(m) Potential for injury to officers, suspects, bystanders, and others.

(n) Whether the person appears to be resisting, attempting to evade arrest by flight, or is attacking the officer.

(o) The risk and reasonably foreseeable consequences of escape.

(p) The apparent need for immediate control of the subject or a prompt resolution of the situation.

(q) Whether the conduct of the individual being confronted no longer reasonably appears to pose an imminent threat to the officer or others.

(r) Prior contacts with the subject or awareness of any propensity for violence.

(s) Any other exigent circumstances.

### 300.3.3 PAIN COMPLIANCE TECHNIQUES

Pain compliance techniques may be effective in controlling a physically or actively resisting individual. Officers may only apply those pain compliance techniques for which they have successfully completed department-approved training. Officers utilizing any pain compliance technique should consider:

(a) The degree to which the application of the technique may be controlled given the level of resistance.

(b) Whether the person can comply with the direction or orders of the officer.

(c) Whether the person has been given sufficient opportunity to comply.

The application of any pain compliance technique shall be discontinued once the officer determines that compliance has been achieved.

### 300.3.4 RESTRICTIONS ON THE USE OF CAROTID CONTROL HOLD

Officers of this department are not authorized to use a carotid restraint hold. A carotid restraint means a vascular neck restraint or any similar restraint, hold, or other defensive tactic in which pressure is applied to the sides of a person’s neck that involves a substantial risk of restricting blood flow and may render the person unconscious in order to subdue or control the person (Government Code § 7286.5).

Copyright Lexipol, LLC 2024/07/01, All Rights Reserved.
Published with permission by Torrance Police Department

### 300.3.5 USE OF FORCE TO SEIZE EVIDENCE

In general, officers may use reasonable force to lawfully seize evidence and to prevent the destruction of evidence. However, officers are discouraged from using force solely to prevent a person from swallowing evidence or contraband. In the instance when force is used, officers should not intentionally use any technique that restricts blood flow to the head, restricts respiration or which creates a reasonable likelihood that blood flow to the head or respiration would be restricted. Officers are encouraged to use techniques and methods taught by the Torrance Police Department for this specific purpose.

### 300.3.6 ALTERNATIVE TACTICS - DE-ESCALATION

As time and circumstances reasonably permit, and when community and officer safety would not be compromised, officers should consider actions that may increase officer safety and may decrease the need for using force:

(a) Summoning additional resources that are able to respond in a reasonably timely manner.

(b) Formulating a plan with responding officers before entering an unstable situation that does not reasonably appear to require immediate intervention.

(c) Employing other tactics that do not unreasonably increase officer jeopardy.

In addition, when reasonable, officers should evaluate the totality of circumstances presented at the time in each situation and, when feasible, consider and utilize reasonably available alternative tactics and techniques that may persuade an individual to voluntarily comply or may mitigate the need to use a higher level of force to resolve the situation before applying force (Government Code § 7286(b)). Such alternatives may include but are not limited to:

(a) Attempts to de-escalate a situation.

(b) If reasonably available, the use of crisis intervention techniques by properly trained personnel.

### 300.3.7 RESTRICTIONS ON THE USE OF A CHOKE HOLD

Officers of this department are not authorized to use a choke hold. A choke hold means any defensive tactic or force option in which direct pressure is applied to a person's trachea or windpipe (Government Code § 7286.5).

### 300.3.8 ADDITIONAL RESTRICTIONS

Terms such as "positional asphyxia," "restraint asphyxia," and "excited delirium" continue to remain the subject of debate among experts and medical professionals, are not universally recognized medical conditions, and frequently involve other collateral or controlling factors such as narcotics or alcohol influence or pre-existing medical conditions. While it is impractical to restrict an officer's use of reasonable control methods when attempting to restrain a combative individual, officers are not authorized to use any restraint or transportation method which might unreasonably impair an individual's breathing or respiratory capacity for a period beyond the point when the individual has been adequately and safely controlled. Once the individual is safely secured, officers

Copyright Lexipol, LLC 2024/07/01, All Rights Reserved.
Published with permission by Torrance Police Department

should promptly check and continuously monitor the individual's condition for signs of medical distress (Government Code § 7286.5).

### 300.3.9 RESTRICTIONS ON THE USE OF THE "TARP" (TOTAL APPENDAGE RESTRAINT PROCEDURE)

Officers of this Department are not authorized to use the "TARP". The Total Appendage Restraint Procedure (TARP) means simultaneously securing all of a person's limbs (arms and legs) in the following manner. The individual's arms (wrists) are immobilized with handcuffs, and their legs are immobilized with the Ripp Hobble restraint device. The clip end of the hobble restraint is then connected to the chain on the handcuffs.

## 300.4 DEADLY FORCE APPLICATIONS

Where feasible, the officer shall, prior to the use of deadly force, make reasonable efforts to identify themself as a peace officer and to warn that deadly force may be used, unless the officer has objectively reasonable grounds to believe the person is aware of those facts (Penal Code § 835a).

If an objectively reasonable officer would consider it safe and feasible to do so under the totality of the circumstances, officers shall evaluate and use other reasonably available resources and techniques when determining whether to use deadly force. To the extent that it is reasonably practical, officers should consider their surroundings and any potential risks to bystanders prior to discharging a firearm (Government Code § 7286(b)).

The use of deadly force is only justified when the officer reasonably believes it is necessary in the following circumstances (Penal Code § 835a):

(a) An officer may use deadly force to protect themself or others from what the officer reasonably believes is an imminent threat of death or serious bodily injury to the officer or another person.

(b) An officer may use deadly force to apprehend a fleeing person for any felony that threatened or resulted in death or serious bodily injury, if the officer reasonably believes that the person will cause death or serious bodily injury to another unless immediately apprehended.

Officers shall not use deadly force against a person based on the danger that person poses to themself, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the officer or to another person (Penal Code § 835a).

Additionally, an officer should not use deadly force against a person whose actions are a threat solely to property.

An "imminent" threat of death or serious bodily injury exists when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the officer or another person. An officer's subjective fear of future harm alone is insufficient as an imminent threat. An imminent threat is one that from appearances is reasonably believed to require instant attention (Penal Code § 835a).

Copyright Lexipol, LLC 2024/07/01, All Rights Reserved.
Published with permission by Torrance Police Department

### 300.4.1 SHOOTING AT OR FROM MOVING VEHICLES

Shots fired at or from a moving vehicle are rarely effective and involve considerations and risks in addition to the justification for the use of deadly force. When feasible, officers should take reasonable steps to move out of the path of an approaching vehicle instead of discharging their firearm at the vehicle or any of its occupants. An officer should only discharge a firearm at a moving vehicle or its occupants when the officer reasonably believes there are no other reasonable means available to avert the imminent threat of the vehicle, or if deadly force other than the vehicle is directed at the officer or others (Government Code § 7286(b)).

Officers should not shoot at any part of a vehicle in an attempt to disable the vehicle.

### 300.4.2 DISPLAYING OF FIREARMS

Officers should carefully evaluate each tactical situation and use sound discretion when drawing a firearm in public by considering the following guidelines (Government Code § 7286(b)):

(a) If the officer does not initially perceive a threat but reasonably believes that the potential for such threat exists, firearms should generally be kept in the low-ready or other position not directed toward an individual.

(b) If the officer reasonably believes that a threat exists based on the totality of circumstances presented at the time (e.g., high-risk stop, tactical entry, armed encounter), firearms may be directed toward such threat until the officer no longer perceives such threat.

Once it is reasonably safe to do so, officers should carefully secure all firearms.

## 300.5 REPORTING THE USE OF FORCE

Any use of force by a member of this department shall be documented promptly, completely, and accurately in an appropriate report, depending on the nature of the incident. The involved member should articulate the factors perceived and why they believed the use of force was reasonable under the circumstances. To collect data for purposes of training, resource allocation, analysis, and related purposes, the Department may require the completion of additional report forms, as specified in department policy, procedure, or law.

### 300.5.1 NOTIFICATION TO SUPERVISORS

Any use of force by an officer shall be reported immediately to a supervisor. (Penal Code § 832.13) As used in this subsection, "immediately" means as soon as it is safe and feasible to do so.

### 300.5.2 REPORTING TO CALIFORNIA DEPARTMENT OF JUSTICE

Statistical data regarding all officer-involved shootings and incidents involving use of force resulting in serious bodily injury is to be reported to the California Department of Justice as required by Government Code § 12525.2. See the Records Division Policy.

### 300.5.3 REPORT RESTRICTIONS

Officers shall not use the term "excited delirium" to describe an individual in an incident report. Officers may describe the characteristics of an individual's conduct, but shall not generally

Copyright Lexipol, LLC 2024/07/01, All Rights Reserved.
Published with permission by Torrance Police Department

describe the individual's demeanor, conduct, or physical and mental condition at issue as "excited delirium" (Health and Safety Code § 24402).

### 300.6 MEDICAL CONSIDERATIONS

Once it is reasonably safe to do so, properly trained officers should promptly provide or procure medical assistance for any person injured or claiming to have been injured in a use of force incident (Government Code § 7286(b)).

Prior to booking or release, medical assistance shall be obtained for any person who exhibits signs of physical distress, who has sustained visible injury, expresses a complaint of injury or continuing pain, or who was rendered unconscious. Any individual exhibiting signs of physical distress after an encounter should be continuously monitored until the individual can be medically assessed.

Based upon the officer's initial assessment of the nature and extent of the subject's injuries, medical assistance may consist of examination by fire personnel, paramedics, hospital staff, or medical staff at the jail. If any such individual refuses medical attention, such a refusal shall be fully documented in related reports and, whenever practicable, should be witnessed by another officer and/or medical personnel. If a recording is made of the contact or an interview with the individual, any refusal should be included in the recording, if possible.

The on-scene supervisor or, if the on-scene supervisor is not available, the primary handling officer shall ensure that any person providing medical care or receiving custody of a person following any use of force is informed that the person was subjected to force. This notification shall include a description of the force used and any other circumstances the officer reasonably believes would be potential safety or medical risks to the subject (e.g., prolonged struggle, extreme agitation, impaired respiration).

Persons who exhibit extreme agitation, violent irrational behavior accompanied by profuse sweating, extraordinary strength beyond their physical characteristics and imperviousness to pain, or who require a protracted physical encounter with multiple officers to be brought under control, may be at an increased risk of sudden death. Calls involving these persons should be considered medical emergencies. Officers who reasonably suspect a medical emergency should request medical assistance as soon as practicable and have medical personnel stage away if appropriate.

See the Medical Aid and Response Policy for additional guidelines.

### 300.7 SUPERVISOR RESPONSIBILITY

A supervisor shall immediately respond to the scene of an incident if reasonably available, investigate the circumstances including all information relevant to the event,and complete an Administrative Review in the following circumstances:

(a) Any use of force which is required to overcome a subject's resistance that results in death, injury, complaint of injury in the presence of an officer, or complaint of pain in the presence of an officer that is a complaint of more than momentary discomfort.

Copyright Lexipol, LLC 2024/07/01, All Rights Reserved.
Published with permission by Torrance Police Department

(b) Any use of strikes, kicks, chemical agents, kinetic impact weapons/projectiles, vehicle interventions, electrical conductive devices, canines, or firearms to exert authority or control over another.

(c) Any pointing of a firearm at a person.

(d) Any application of a restraint device other than handcuffs, shackles, or belly chains, which would include the hobble restraint.

(e) The subject became unconscious during the incident.

(f) Any use of force which was not captured by a department members body worn camera or in car camera.

(g) Any use of force which any officer reported to a supervisor that the use of force may potentially exceed what the officer reasonably believes to be necessary.

See attachment: Administrative Review Form.pdf

"The responding supervisor is expected to (Government Code § 7286(b)):"

(a) Obtain the basic facts from the involved officers. Absent an allegation of misconduct or excessive force, this will be considered a routine contact in the normal course of duties.

(b) Ensure that any injured parties are examined and treated.

(c) When possible, Mirandize and separately obtain a recorded voluntary interview with the subject upon whom force was applied. The following shall apply:

1. The fact that a recorded interview was conducted should be documented in an Administrative Review form (TPD 705).

2. The recording of the interview will be stored in Evidence.com or Spillman.

3. The Supervisor shall complete a Supplemental Report in Spillman documenting the interview statements provided by the subject.

(d) Once any initial medical assessment has been completed or first aid has been rendered, ensure that photographs have been taken of any areas involving visible injury or complaint of pain, as well as overall photographs of uninjured areas. These photographs shall be uploaded to Evidence.com or Spillman.

(e) Identify any witnesses not already included in related reports.

(f) Review and approve all related reports.

(g) Determine if there is any indication that the subject may pursue civil litigation.

1. If there is an indication of potential civil litigation, the supervisor should complete and route a notification of a potential claim through the appropriate channels.

(h) Evaluate the circumstances surrounding the incident and initiate an administrative investigation if there is a question of policy non-compliance or if for any reason further investigation may be appropriate.

(i) When a use of force meets the criteria for mandated DOJ Reporting, a Detective Supervisor shall complete the DOJ portion of the Administrative Review form (TPD

Copyright Lexipol, LLC 2024/07/01, All Rights Reserved.
Published with permission by Torrance Police Department

705) following voluntary interviews with the involved officers. An Internal Affairs Supervisor shall complete the DOJ portion of the Administrative Review form (TPD 705) following compelled interviews with the involved officers.

In the event it is not feasible to immediately respond to the scene of an incident involving a use of force as outlined in (a)-(g) above, the supervisor shall:

(a) Provide remote direction and guidance to officers on scene.

(b) Respond as soon as feasible in compliance with this policy.

(c) Complete all required actions of the supervisor under this policy.

(d) Document in the Administrative Review form (TPD 705) the reason for not immediately responding to the scene.

A supervisor notified of a use of force that does not require a supervisory response to the scene and an Administrative Review, shall thoroughly review any reports documenting the reported use of force completed by the involved members and any other available evidence, such as video depicting the incident. A supervisor shall approve only reports that are determined to be thorough and complete and which accurately reflect the use of force incident.

### 300.7.1 DIVISION COMMANDER RESPONSIBILITY

The Division Commander shall review each use of force subject to an Administrative Review by any personnel within their command to ensure compliance with this policy and to address any training issues. The original Administrative Review form (TPD 705) shall be forwarded to the Patrol Coordinator for statistical purposes.

### 300.7.2 SUPERVISORY FOLLOW-UP

If an Administrative Review is required, the concerned supervisor shall discuss the incident with the involved employee and obtain the member(s) signature on the original Administrative Review form. The original Administrative Review form (TPD 705) shall be forwarded to the Personnel Division to be retained as required by the retention schedule.

## 300.8 TRAINING

Officers, investigators, and supervisors will receive annual training on this policy and demonstrate their knowledge and understanding (Government Code § 7286(b)).

### 300.8.1 TRAINING REQUIREMENTS

Required annual training shall include:

(a) Legal updates.

(b) De-escalation tactics, including alternatives to force.

(c) The duty to intercede.

(d) The duty to request and/or render medical aid.

(e) Warning shots (see the Firearms Policy).

Copyright Lexipol, LLC 2024/07/01, All Rights Reserved.
Published with permission by Torrance Police Department

(f) All other subjects covered in this policy (e.g., use of deadly force, chokeholds and carotid holds, discharge of a firearm at or from a moving vehicle, verbal warnings).

(g) Training courses required by and consistent with POST guidelines set forth in Penal Code § 13519.10.

See the Training Policy for restrictions relating to officers who are the subject of a sustained use of force complaint.

### 300.8.2 STATE-SPECIFIC TRAINING REQUIREMENTS

Required state-specific training shall include guidelines regarding vulnerable populations, including but not limited to children, elderly persons, pregnant individuals, and individuals with physical, mental, and developmental disabilities (Government Code § 7286(b)).

## 300.9 USE OF FORCE COMPLAINTS

The receipt, processing, and investigation of civilian complaints involving use of force incidents should be handled in accordance with the Personnel Complaints Policy (Government Code § 7286(b)).

## 300.10 POLICY REVIEW

The Chief of Police or the authorized designee should regularly review and update this policy to reflect developing practices and procedures (Government Code § 7286(b)).

## 300.11 POLICY AVAILABILITY

The Chief of Police or the authorized designee should ensure this policy is accessible to the public (Government Code § 7286(c)).

## 300.12 PUBLIC RECORDS REQUESTS

Requests for public records involving an officer's personnel records shall be processed in accordance with Penal Code § 832.7 and the Personnel Records and Records Maintenance and Release policies (Government Code § 7286(b)).

Copyright Lexipol, LLC 2024/07/01, All Rights Reserved.
Published with permission by Torrance Police Department

# EXHIBIT "O"

**POST PROFILE NAME:**

CASTILLO, ARTURO

**CALIFORNIA COMMISSION ON POST**

**Certification Status: Active**

**AKA:** N/A

**DATE:** 11/04/2025



## PERSONAL IDENTIFICATION

| POST I.D. | Agency | Birth Date | Gender | Race/Ethnicity |
|---|---|---|---|---|
| [redacted] | TORRANCE PD | [redacted] | Male | Hispanic or Latino |

## CERTIFICATES AWARDED

| Cert No. | Type | Awarded | Education | T | T+ | Comments |
|---|---|---|---|---|---|---|
| [redacted] | B | 04/09/2021 | | 45.60 | 0.00 | |
| [redacted] | I | 03/13/2024 | 49.00 | 45.60 | 15.35 | Eastern Gateway Community College |

**Total Number of Certificates:** 2

## EMPLOYMENT

| Hired From | To | R* | Rank | Rank Date | Agency | Agency Name | F/P | P/U | Seas |
|---|---|---|---|---|---|---|---|---|---|
| 09/30/2019 | 03/15/2020 | 6 | TRN | 09/30/2019 | 19420 | LOS ANGELES PD | F | P | |
| 03/15/2020 | 05/04/2021 | 1 | PO | 03/15/2020 | 19420 | LOS ANGELES PD | F | P | |
| 05/03/2021 | | | PO | 05/03/2021 | 19720 | TORRANCE PD | F | P | |

*Reason for Separation: 1 = Resigned, 6 = Other

## POST CERTIFIED TRAINING

| Comp Date | Cat | CCN | Hrs | Rmb | Cmp | Agency | School | * | Course Name |
|---|---|---|---|---|---|---|---|---|---|
| 02/19/2020 | K | 1850-31777-19-007 | 8 | X | Y | 19420 | LAPD | | WMD L. E. PROTECTIVE MEASURES (LEPM) |
| 03/02/2020 | K | 1850-31771-19-007 | 8 | X | Y | 19420 | LAPD | | WMD L.E. RESPONSE ACTIONS (LERA) |
| 03/09/2020 | K | 4890-23272-19-062 | 8 | | Y | 19420 | M TOLERNCE | | CULT. DIV.-TOOLS FOR TOLERANCE (MOT ONLY) |
| 03/13/2020 | A | 1850-00100-19-004 | 912 | | Y | 19420 | LAPD | | BASIC COURSE-INTENSIVE |
| 08/25/2020 | K | 1850-20799-20-031 | 8 | | Y | 19420 | LAPD | * | DE-ESCALATION & TACTICAL COMMUNICATION |
| 12/31/2021 | K | 9180-25587-21-184 | 2 | X | Y | 19720 | POST | | VEHICLE PURSUIT POLICY (WEB) |
| 02/08/2022 | K | 5270-20908-21-010 | 8 | | Y | 19720 | CSU-LNGBCH | * | MENTAL HEALTH DECISION MAKING |
| 02/24/2022 | K | 2800-29580-21-008 | 4 | | Y | 19720 | TPD | * | USE OF FORCE (PSP) |
| 02/24/2022 | K | 2800-29503-21-007 | 4 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 02/25/2022 | K | 2800-23500-21-007 | 8 | X | Y | 19720 | TPD | | WEAPONLESS DEFENSE AND BATON |
| 06/01/2022 | K | 2800-29501-21-008 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |
| 06/11/2022 | K | 2800-29502-21-009 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 06/15/2022 | K | 2800-24180-21-002 | 8 | X | Y | 19720 | TPD | | RAPID DEPLOY.1ST RESPONDER |
| 07/19/2022 | K | 2800-12425-22-002 | 8 | X | Y | 19720 | TPD | | PRINCIPLED POLICING |
| 08/31/2022 | K | 2800-21797-22-001 | 8 | | Y | 19720 | TPD | | FIRST AID/CPR/AED REFRESHER |
| 12/07/2022 | K | 1120-30866-22-001 | 8 | X | Y | 19720 | ESPD | | PERIMETER/ESTABLISHING-CONTAINME NT OF SUSPECT |
| 01/27/2023 | K | 1820-23000-22-002 | 80 | X | Y | 19720 | LASD | | SPECIAL WEAPONS & TACTICS |
| 02/11/2023 | K | 9180-25587-22-226 | 2 | X | Y | 19720 | POST | | VEHICLE PURSUIT POLICY (WEB) |
| 07/27/2023 | K | 2800-29503-23-001 | 4 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 07/27/2023 | K | 2800-29580-23-001 | 4 | | Y | 19720 | TPD | * | USE OF FORCE (PSP) |
| 07/28/2023 | K | 2800-23500-23-001 | 8 | X | Y | 19720 | TPD | | WEAPONLESS DEFENSE AND BATON |
| 08/22/2023 | K | 1185-30985-23-001 | 16 | | Y | 19720 | CATO | | LESS LETHAL WEAPON INSTR. |
| 08/24/2023 | K | 1185-21920-23-001 | 16 | | Y | 19720 | CATO | | DIVERSIONARY DEVICES - INSTR. |
| 09/22/2023 | K | 1361-23043-23-001 | 16 | X | Y | 19720 | ACE | | SPECIAL WEAPONS AND TACTICS-TEAM MISSION PLANNING |
| 11/02/2023 | K | 2800-22405-23-003 | 8 | X | Y | 19720 | TPD | | OFFICER SAFETY/FIELD TACTICS UPDATE |
| 12/06/2023 | K | 1185-28000-23-001 | 23 | X | Y | 19720 | CATO | | TRAINING CONFERENCE |

**POST PROFILE NAME:**

CASTILLO, ARTURO

CALIFORNIA COMMISSION ON **POST**

**Certification Status: Active**

**AKA:** N/A

**DATE:** 11/04/2025



**POST CERTIFIED TRAINING** *continued*

| Comp Date | Cat | CCN | Hrs | Rmb | Cmp | Agency | School | * | Course Name |
|---|---|---|---|---|---|---|---|---|---|
| 12/16/2023 | K | 2800-29502-23-006 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 01/13/2024 | K | 9181-25505-23-197 | 2 | X | Y | 19720 | CAPLP | | DOMESTIC VIOLENCE RESPONSE UPDATE |
| 02/15/2024 | K | 2800-23217-23-001 | 8 | | Y | 19720 | TPD | * | FORCE OPTIONS USE OF FORCE/DE-ESC |
| 02/29/2024 | K | 1487-29580-23-244 | 4 | | Y | 19720 | PLI | * | USE OF FORCE (PSP) |
| 03/01/2024 | K | 1487-29540-23-245 | 2 | | Y | 19720 | PLI | * | STRATEGIC COMMUNICATIONS (PSP) |
| 04/19/2024 | K | 4410-31725-23-006 | 40 | R | Y | 19720 | RIO HONDO | | FIELD TRAINING OFFICER |
| 05/02/2024 | K | 2800-29501-23-010 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |
| 05/09/2024 | K | 2800-21797-23-008 | 8 | | Y | 19720 | TPD | | FIRST AID/CPR/AED REFRESHER |
| 08/14/2024 | K | 1820-23601-24-002 | 4 | | Y | 19720 | LASD | | SCENARIO EVALUATOR TRAINING |
| 08/20/2024 | K | 2800-12425-24-002 | 8 | X | Y | 19720 | TPD | | PRINCIPLED POLICING |
| 09/05/2024 | K | 2800-29501-24-009 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |
| 01/30/2025 | K | 2800-29503-24-006 | 4 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 01/30/2025 | K | 2800-29580-24-006 | 4 | | Y | 19720 | TPD | * | USE OF FORCE (PSP) |
| 01/31/2025 | K | 2800-23500-24-006 | 8 | X | Y | 19720 | TPD | | WEAPONLESS DEFENSE AND BATON |
| 02/12/2025 | K | 2800-23217-24-006 | 8 | | Y | 19720 | TPD | * | FORCE OPTIONS USE OF FORCE/DE-ESC |
| 02/18/2025 | K | 2800-12425-24-006 | 8 | X | Y | 19720 | TPD | | PRINCIPLED POLICING |
| 02/22/2025 | K | 2800-29502-24-008 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 02/27/2025 | K | 1487-32343-24-242 | 2 | X | Y | 19720 | PLI | | DOMESTIC VIOLENCE UPDATE |
| 03/07/2025 | K | 2800-21797-24-007 | 8 | | Y | 19720 | TPD | | FIRST AID/CPR/AED REFRESHER |
| 05/26/2025 | K | 1487-29540-24-330 | 2 | | Y | 19720 | PLI | * | STRATEGIC COMMUNICATIONS (PSP) |
| 09/10/2025 | K | 2800-29501-25-001 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |
| 09/20/2025 | K | 1487-21122-25-082 | 2 | X | Y | 19720 | PLI | | POLICE VEHICLE PURSUITS |

***Meets Perishable Skills**

**FOOTNOTES**

NO FOOTNOTE ON FILE.

**PLEASE REFER TO THE ENCLOSED EXPLANATION SHEET FOR ADDITIONAL INFORMATION.**

**The Profile Report contains confidential information.**

# EXPLANATION SHEET

| PERSONAL IDENTIFICATION: Subject's personal information as indicated in POST database (EDI system) | |
|---|---|
| POST ID: | Unique identification number assigned to subject by POST. |
| Agency: | Indicates the agency (or one of the agencies) where subject is currently employed.<br>An "*" indicates that the subject is employed in more than one position within the same agency. |
| Birth Date/Gender: | Self-explanatory. |
| Race/Ethnicity: | **A** = Asian **B** = African American (Black) **N** = Native American **S** = Spanish/Hispanic **W** = White **O** = Other |

| CERTIFICATES AWARDED | |
|---|---|
| Cert: | Certificate serial number. |
| Type: | **B** = Basic **I** = Intermediate **A** = Advanced **S** = Supervisory **M** = Management **E** = Executive<br>**R** = Reserve **D** = Public Safety Dispatcher **SX**= Specialized X (example: SA = Specialized Advanced) |
| Awarded: | Date certificate was issued. |
| Education: | Educational points or degree used for earning a certificate. |
| T: | Training points used for awarding the certificate. |
| T+: | Additional training points. |
| Comments: | Comments regarding training or institute(s) where subject received education. |
| Total Number of Certificates: | Number of certificates awarded to subject as indicated in POST database. |

| EMPLOYMENT: Subject's employment history as indicated in POST database | |
|---|---|
| Hired From: | Date subject was hired or sworn into the agency. |
| To: | Date subject left agency (if applicable). |
| R*: | Reason for separation as indicated by number in the Report description. |
| Rank / Rank Date: | Indicates rank as translated by POST database and date subject made rank. |
| Agency / Agency Name: | Agency code number and name where subject is currently working or previously worked. |
| F/P: | Time base: **F** = Full time **P** = Part time |
| P/U: | Wage status: **P** = Paid **U** = Unpaid |
| Seas: | Provisional or seasonal employment. |

| POST TRAINING: Courses attended or completed as indicated in POST database | |
|---|---|
| Comp Date: | Date course ended. |
| Cat: | General course category (for POST use only). |
| CCN: | Course Control Number. |
| Hrs: | Hours completed in course. |
| Rmb: | Reimbursement indicator: **R** = Reimbursed *(before FY 83/84 reimbursable agency not necessarily reimbursed)*<br>**J** = Job specific * = Job specific, SALARY NOT PAID **Blank** = None or no data available |
| Cmp: | Completion indicator: **Blank or Y** = Course completed **N** = Course not completed **?** = Prior to 1979 |
| Agency: | Agency where subject was employed at time of course enrollment. |
| School: | Training institute offering the course. |
| Course Name: | Course name as shown in POST database. |

**NON-CERTIFIED COURSES**

This section will only appear if applicable.

**FOOTNOTES**

This section reserved for additional information.

Revised 11/2014

# EXHIBIT "P"

**POST PROFILE NAME:**

WISSLER, CODY

CALIFORNIA COMMISSION ON **POST**

**Certification Status: Active**

**AKA:** N/A

**DATE:** 11/04/2025



## PERSONAL IDENTIFICATION

| POST I.D. | Agency | Birth Date | Gender | Race/Ethnicity |
|---|---|---|---|---|
| [redacted] | TORRANCE PD | [redacted] | Male | White |

## CERTIFICATES AWARDED

**Total Number of Certificates:** 0

## PROOF OF ELIGIBILITY

| POE | Agency Name | Agency | Issued | Status |
|---|---|---|---|---|
| [redacted] | TORRANCE PD | 19720 | 08/30/2024 | Active |

**Total Number of Proof of Eligibility:** 1

## EMPLOYMENT

| Hired From | To | R* | Rank | Rank Date | Agency | Agency Name | F/P | P/U | Seas |
|---|---|---|---|---|---|---|---|---|---|
| 08/30/2024 | | | PO | 08/30/2024 | 19720 | TORRANCE PD | F | P | |

## POST CERTIFIED TRAINING

| Comp Date | Cat | CCN | Hrs | Rmb | Cmp | Agency | School | * | Course Name |
|---|---|---|---|---|---|---|---|---|---|
| 08/06/2024 | K | 4890-23272-24-004 | 8 | | Y | 19720 | M TOLERNCE | | CULT. DIV.-TOOLS FOR TOLERANCE (MOT ONLY) |
| 08/30/2024 | A | 1820-00100-23-006 | 880 | | Y | 19720 | LASD | | BASIC COURSE-INTENSIVE |
| 09/11/2024 | K | 2800-32075-24-001 | 16 | | Y | 19720 | TPD | | FIREARMS/TACTICAL RIFLE |
| 10/02/2024 | K | 2800-23217-24-002 | 8 | | Y | 19720 | TPD | * | FORCE OPTIONS USE OF FORCE/DE-ESC |
| 02/20/2025 | K | 1487-32343-24-235 | 2 | X | Y | 19720 | PLI | | DOMESTIC VIOLENCE UPDATE |
| 05/10/2025 | K | 1487-29540-24-314 | 2 | | Y | 19720 | PLI | * | STRATEGIC COMMUNICATIONS (PSP) |
| 10/03/2025 | K | 6504-24065-25-002 | 16 | X | Y | 19720 | ADLINT | | CANINE AGITATOR COURSE |
| 10/18/2025 | K | 1487-21122-25-110 | 2 | X | Y | 19720 | PLI | | POLICE VEHICLE PURSUITS |

***Meets Perishable Skills**

## FOOTNOTES

NO FOOTNOTE ON FILE.

**PLEASE REFER TO THE ENCLOSED EXPLANATION SHEET FOR ADDITIONAL INFORMATION.**

**The Profile Report contains confidential information.**

# EXPLANATION SHEET

| PERSONAL IDENTIFICATION: Subject's personal information as indicated in POST database (EDI system) | |
|---|---|
| POST ID: | Unique identification number assigned to subject by POST. |
| Agency: | Indicates the agency (or one of the agencies) where subject is currently employed.<br>An "*" indicates that the subject is employed in more than one position within the same agency. |
| Birth Date/Gender: | Self-explanatory. |
| Race/Ethnicity: | **A** = Asian **B** = African American (Black) **N** = Native American **S** = Spanish/Hispanic **W** = White **O** = Other |

| CERTIFICATES AWARDED | |
|---|---|
| Cert: | Certificate serial number. |
| Type: | **B** = Basic **I** = Intermediate **A** = Advanced **S** = Supervisory **M** = Management **E** = Executive<br>**R** = Reserve **D** = Public Safety Dispatcher **SX**= Specialized X (example: SA = Specialized Advanced) |
| Awarded: | Date certificate was issued. |
| Education: | Educational points or degree used for earning a certificate. |
| T: | Training points used for awarding the certificate. |
| T+: | Additional training points. |
| Comments: | Comments regarding training or institute(s) where subject received education. |
| Total Number of Certificates: | Number of certificates awarded to subject as indicated in POST database. |

| EMPLOYMENT: Subject's employment history as indicated in POST database | |
|---|---|
| Hired From: | Date subject was hired or sworn into the agency. |
| To: | Date subject left agency (if applicable). |
| R*: | Reason for separation as indicated by number in the Report description. |
| Rank / Rank Date: | Indicates rank as translated by POST database and date subject made rank. |
| Agency / Agency Name: | Agency code number and name where subject is currently working or previously worked. |
| F/P: | Time base: **F** = Full time **P** = Part time |
| P/U: | Wage status: **P** = Paid **U** = Unpaid |
| Seas: | Provisional or seasonal employment. |

| POST TRAINING: Courses attended or completed as indicated in POST database | |
|---|---|
| Comp Date: | Date course ended. |
| Cat: | General course category (for POST use only). |
| CCN: | Course Control Number. |
| Hrs: | Hours completed in course. |
| Rmb: | Reimbursement indicator: **R** = Reimbursed *(before FY 83/84 reimbursable agency not necessarily reimbursed)*<br>**J** = Job specific * = Job specific, SALARY NOT PAID **Blank** = None or no data available |
| Cmp: | Completion indicator: **Blank or Y** = Course completed **N** = Course not completed **?** = Prior to 1979 |
| Agency: | Agency where subject was employed at time of course enrollment. |
| School: | Training institute offering the course. |
| Course Name: | Course name as shown in POST database. |

**NON-CERTIFIED COURSES**

This section will only appear if applicable.

**FOOTNOTES**

This section reserved for additional information.

Revised 11/2014

# EXHIBIT "Q"

**POST PROFILE NAME:**

GARCIA, JESUS MANUEL

CALIFORNIA COMMISSION ON **POST**

**Certification Status:** Active

**AKA:** N/A

**DATE:** 11/04/2025



## PERSONAL IDENTIFICATION

| POST I.D. | Agency | Birth Date | Gender | Race/Ethnicity |
|---|---|---|---|---|
| [redacted] | TORRANCE PD | [redacted] | Male | Hispanic or Latino |

## CERTIFICATES AWARDED

| Cert No. | Type | Awarded | Education | T | T+ | Comments |
|---|---|---|---|---|---|---|
| [redacted] | B | 08/09/2005 | | 49.00 | | |
| [redacted] | I | 11/09/2009 | 24 | 0.00 | 18.00 | BASIC THRU COLLEGE 24 UNITS @ SANTA ANA COLLEGE (24=BASIC) U.S. AIR FORCE: SECURITY FORCES: 4 YEARS |
| [redacted] | A | 05/06/2013 | 30 | 0.00 | 62.00 | 6.00 @ University of Southern California24.00 @ Santa Ana College |

**Total Number of Certificates:** 3

## EMPLOYMENT

| Hired From | To | R* | Rank | Rank Date | Agency | Agency Name | F/P | P/U | Seas |
|---|---|---|---|---|---|---|---|---|---|
| 01/20/2004 | 07/28/2004 | 6 | TRN | 01/20/2004 | 19720 | TORRANCE PD | F | P | |
| 07/28/2004 | | | PO | 07/28/2004 | 19720 | TORRANCE PD | F | P | |

*Reason for Separation: 6 = Other

## POST CERTIFIED TRAINING

| Comp Date | Cat | CCN | Hrs | Rmb | Cmp | Agency | School | * | Course Name |
|---|---|---|---|---|---|---|---|---|---|
| 07/09/2004 | K | 4890-23272-04-001 | 8 | | Y | 19720 | M TOLERNCE | | CULT. DIV.-TOOLS FOR TOLERANCE |
| 07/28/2004 | A | 2060-00100-03-003 | 984 | | Y | 19720 | ORANGE SD | | BASIC COURSE-INTENSIVE |
| 08/11/2004 | K | 2800-29501-04-003 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |
| 08/12/2004 | K | 2800-32075-04-002 | 16 | R | Y | 19720 | TPD | * | FIREARMS/TACTICAL RIFLE |
| 08/17/2004 | K | 2800-29900-04-001 | 4 | | Y | 19720 | TPD | | S&K LL BEANBAG/TASER MOD#22 |
| 08/24/2004 | K | 2800-31767-04-001 | 16 | X | Y | 19720 | TPD | | WMD/L.E. FIELD RESPONSE |
| 10/12/2004 | K | 2800-22405-04-002 | 8 | R | Y | 19720 | TPD | | OFCR. SAFETY/FIELD TACTICS UPD |
| 10/23/2004 | K | 2800-29502-04-002 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 11/13/2004 | K | 2800-29503-04-005 | 8 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 01/08/2005 | K | 2800-29900-04-010 | 8 | | Y | 19720 | TPD | | S&K-DEF TACTICS-SURV MOD #2 |
| 02/09/2005 | K | 2800-29501-04-011 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |
| 03/10/2005 | K | 2800-22117-04-001 | 8 | X | Y | 19720 | TPD | | LEGAL UPD/OFCR INVOLVED SHOOT |
| 05/25/2005 | K | 2800-22405-04-008 | 8 | | Y | 19720 | TPD | | OFCR. SAFETY/FIELD TACTICS UPD |
| 07/24/2006 | K | 1820-20301-06-008 | 4 | X | Y | 19720 | LASD | | BREATH ALCOHOL TESTING DEVICE |
| 10/17/2006 | K | 2800-21771-06-002 | 8 | | Y | 19720 | TPD | | FIRST AID/CPR REFRESHER |
| 08/31/2007 | K | 2060-20121-07-001 | 36 | X | Y | 19720 | ORANGE SD | | TERRORISM (TLO)NETWKG PARTNSHP |
| 09/27/2007 | K | 9180-25554-07-089 | 2 | X | Y | 19720 | POST | * | COMMUNICATION: KEEPING YOUR EDGE (WEB) |
| 09/28/2007 | K | 2800-29503-07-002 | 8 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 09/29/2007 | K | 2800-23500-07-002 | 8 | X | Y | 19720 | TPD | | WEAPONLESS DEFENSE AND BATON |
| 10/20/2007 | K | 2800-29502-07-003 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 02/07/2008 | K | 2800-20315-07-001 | 8 | X | Y | 19720 | TPD | | DRUG ALCOHOL RECOGNITION UPDATE |
| 05/09/2008 | K | 5350-21500-07-006 | 40 | | Y | 19720 | CSU-SN JOS | | HOSTAGE NEGOTIATIONS |
| 10/16/2008 | K | 2800-21771-08-002 | 8 | | Y | 19720 | TPD | | FIRST AID/CPR REFRESHER |
| 11/22/2008 | K | 9590-31445-08-014 | 40 | R | Y | 19720 | BATI | | INTERVIEW & INTERROGATION |
| 12/10/2008 | K | 9070-32349-08-001 | 24 | | Y | 19720 | GTA | | NEGOTIATIONS FOR DOMEST.VIOL. |
| 02/19/2009 | K | 2800-22405-08-003 | 8 | | Y | 19720 | TPD | | OFCR. SAFETY/FIELD TACTICS UPD |
| 03/12/2009 | K | 9260-22020-08-025 | 8 | | Y | 19720 | DOJ | | ELECTRONIC SURVEILLANCE |
| 03/19/2009 | K | 2800-29501-08-009 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |

**POST PROFILE NAME:**

GARCIA, JESUS MANUEL

CALIFORNIA COMMISSION ON **POST**

**Certification Status:** **Active**

**AKA:** N/A

**DATE:** 11/04/2025



**POST CERTIFIED TRAINING** *continued*

| Comp Date | Cat | CCN | Hrs | Rmb | Cmp | Agency | School | * | Course Name |
|---|---|---|---|---|---|---|---|---|---|
| 05/01/2009 | K | 9180-25554-08-305 | 2 | X | Y | 19720 | POST | * | COMMUNICATION: KEEPING YOUR EDGE (WEB) |
| 05/07/2009 | K | 2800-29503-08-007 | 8 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 05/08/2009 | K | 2800-23500-08-007 | 8 | X | Y | 19720 | TPD | | WEAPONLESS DEFENSE AND BATON |
| 05/29/2009 | K | 1208-28000-08-001 | 32 | X | Y | 19720 | CAHN | | TRAINING CONFERENCE |
| 06/06/2009 | K | 2800-29502-08-008 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 06/11/2009 | K | 2800-20315-08-002 | 8 | X | Y | 19720 | TPD | | DRUG ALCOHOL RECOGNITION UPDATE |
| 03/24/2010 | K | 2800-20315-09-002 | 8 | X | Y | 19720 | TPD | | DRUG ALCOHOL RECOGNITION UPDATE |
| 10/01/2010 | K | 6840-32310-10-001 | 240 | R | Y | 19720 | USC/DCI | | JUVENILE PROCEDURES, DCI |
| 02/03/2011 | K | 2800-29501-10-006 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |
| 02/16/2011 | K | 9180-25554-10-231 | 2 | X | Y | 19720 | POST | * | COMMUNICATION: KEEPING YOUR EDGE (WEB) |
| 02/24/2011 | K | 2800-29503-10-004 | 8 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 02/25/2011 | K | 2800-23500-10-004 | 8 | X | Y | 19720 | TPD | | WEAPONLESS DEFENSE AND BATON |
| 05/30/2011 | K | 2800-22405-10-005 | 8 | | Y | 19720 | TPD | | OFFICER SAFETY/FIELD TACTICS UPDATE |
| 06/23/2011 | K | 2800-21771-10-005 | 8 | | Y | 19720 | TPD | | FIRST AID/CPR REFRESHER |
| 10/15/2011 | K | 2800-29502-11-003 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 11/17/2011 | K | 7140-31435-11-004 | 24 | R | Y | 19720 | I&I INSTIT | * | INTERVIEW/INTERROGATION-PATROL |
| 03/13/2012 | K | 1820-20301-11-119 | 4 | X | Y | 19720 | LASD | | BREATH ALCOHOL TESTING DEVICE |
| 03/30/2012 | K | 2540-33430-11-002 | 40 | R | Y | 19720 | SOBAYRTC | | SEXUAL ASSAULT INVESTIGATION |
| 05/04/2012 | K | 2540-32340-11-002 | 36 | R | Y | 19720 | SOBAYRTC | | CHILD ABUSE |
| 12/05/2012 | K | 9070-32322-12-001 | 24 | R | Y | 19720 | GTA | | CHILD ABUSE/SEXUAL ASSAULT/ADVANCED |
| 12/12/2012 | K | 1850-33401-12-001 | 8 | | Y | 19720 | LAPD | | SEX OFFENDER TRACKING/REG ENF |
| 01/09/2013 | K | 9180-25554-12-193 | 2 | X | Y | 19720 | POST | * | COMMUNICATION: KEEPING YOUR EDGE (WEB) |
| 01/10/2013 | K | 2800-29503-12-003 | 8 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 01/11/2013 | K | 2800-23500-12-003 | 8 | X | Y | 19720 | TPD | | WEAPONLESS DEFENSE AND BATON |
| 03/23/2013 | K | 2800-29502-12-006 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 07/11/2013 | K | 2800-21771-13-001 | 8 | | Y | 19720 | TPD | | FIRST AID/CPR REFRESHER |
| 10/10/2013 | K | 2800-29501-13-003 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |
| 10/16/2013 | K | 1235-20671-13-004 | 8 | | Y | 19720 | LEL | | COMPUTER/FIELD SEARCH-CERTIFICATION |
| 11/25/2013 | K | 1820-20147-13-019 | 8 | | Y | 19720 | LASD | | MACTAC BASIC |
| 02/12/2015 | K | 2800-29501-14-004 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |
| 02/25/2015 | K | 9180-25554-14-240 | 2 | X | Y | 19720 | POST | * | COMMUNICATION: KEEPING YOUR EDGE (WEB) |
| 02/26/2015 | K | 2800-29503-14-006 | 8 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 02/27/2015 | K | 2800-23500-14-005 | 8 | X | Y | 19720 | TPD | | WEAPONLESS DEFENSE AND BATON |
| 08/08/2015 | K | 2800-29502-15-003 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 10/26/2015 | K | 1214-31474-15-001 | 8 | R | Y | 19720 | CIR | | CHILD SEXUAL ABUSE INVESTIGATIONS/MDT RESPONSE |
| 02/25/2016 | K | 2800-21771-15-005 | 8 | | Y | 19720 | TPD | | FIRST AID/CPR REFRESHER |
| 03/11/2016 | K | 2540-28000-15-010 | 28 | X | Y | 19720 | SOBAYRTC | | TRAINING CONFERENCE |
| 09/13/2016 | K | 8360-33434-16-001 | 8 | X | Y | 19720 | CSAIA | | SEXUAL ASSAULT INVESTIGATION, NON-STRANGER |
| 02/11/2017 | K | 2800-29502-16-009 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 06/16/2017 | K | 2800-29501-16-013 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |
| 11/15/2017 | K | 9180-25554-17-138 | 2 | X | Y | 19720 | POST | * | COMMUNICATION: KEEPING YOUR EDGE (WEB) |

**POST PROFILE NAME:**

GARCIA, JESUS MANUEL

CALIFORNIA COMMISSION ON **POST**

**Certification Status: Active**

**AKA:** N/A

**DATE:** 11/04/2025



**POST CERTIFIED TRAINING** *continued*

| Comp Date | Cat | CCN | Hrs | Rmb | Cmp | Agency | School | * | Course Name |
|---|---|---|---|---|---|---|---|---|---|
| 11/16/2017 | K | 2800-29503-17-004 | 8 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 11/17/2017 | K | 2800-23500-17-004 | 8 | X | Y | 19720 | TPD | | WEAPONLESS DEFENSE AND BATON |
| 01/08/2018 | K | 2800-29000-17-278 | 2 | X | Y | 19720 | TPD | | Hate Crimes: Identification and Investigation |
| 03/02/2018 | K | 2540-28001-17-002 | 20 | X | Y | 19720 | SOBAYRTC | | TRAINING CONFERENCE |
| 03/16/2018 | K | 1820-31921-17-002 | 80 | X | Y | 19720 | LASD | | HOMICIDE INVESTIGATION (ICI) |
| 08/03/2018 | K | 2800-21798-18-001 | 8 | | Y | 19720 | TPD | | FIRST AID/CPR UPDATE |
| 10/12/2018 | K | 2540-22450-18-002 | 40 | X | Y | 19720 | SOBAYRTC | | OFFICER INVOLVED SHOOTINGS, INV (ICI) |
| 10/24/2018 | K | 9180-25587-18-116 | 2 | X | Y | 19720 | POST | | VEHICLE PURSUIT POLICY (WEB) |
| 12/18/2018 | K | 9260-22020-18-015 | 8 | X | Y | 19720 | DOJ | | ELECTRONIC SURVEILLANCE |
| 02/06/2019 | K | 2540-28002-18-001 | 16 | X | Y | 19720 | SOBAYRTC | | TRAINING CONFERENCE |
| 11/07/2019 | K | 2800-21797-19-001 | 8 | X | Y | 19720 | TPD | | FIRST AID/CPR/AED REFRESHER |
| 11/21/2019 | K | 4890-23287-19-026 | 4 | X | Y | 19720 | M TOLERNCE | | RACIAL PROFILING UPDATE |
| 01/18/2020 | K | 2800-29502-19-004 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 02/18/2020 | K | 9180-55000-19-233 | 1 | X | Y | 19720 | POST | | AB:392 CALIFORNIA'S NEW USE OF FORCE STANDARDS (NO CPT CREDIT) |
| 02/28/2020 | K | 2540-28001-19-003 | 20 | X | Y | 19720 | SOBAYRTC | | TRAINING CONFERENCE |
| 12/09/2020 | K | 9180-25587-20-162 | 2 | X | Y | 19720 | POST | | VEHICLE PURSUIT POLICY (WEB) |
| 03/31/2021 | K | 2800-29501-20-003 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |
| 08/27/2021 | K | 2320-28000-21-001 | 24 | X | Y | 19720 | SACTO PD | | TRAINING CONFERENCE |
| 11/08/2021 | K | 5270-20908-21-003 | 8 | | Y | 19720 | CSU-LNGBCH | * | MENTAL HEALTH DECISION MAKING |
| 12/01/2021 | K | 9180-25587-21-154 | 2 | X | Y | 19720 | POST | | VEHICLE PURSUIT POLICY (WEB) |
| 12/18/2021 | K | 2800-29502-21-005 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 01/20/2022 | K | 2800-29580-21-005 | 4 | | Y | 19720 | TPD | * | USE OF FORCE (PSP) |
| 01/20/2022 | K | 2800-29503-21-004 | 4 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 02/04/2022 | K | 3010-31725-21-002 | 40 | R | Y | 19720 | A HANCOCK | | FIELD TRAINING OFFICER |
| 03/01/2022 | K | 2800-12425-21-007 | 8 | X | Y | 19720 | TPD | | PRINCIPLED POLICING |
| 06/08/2022 | K | 2800-21797-21-005 | 8 | | Y | 19720 | TPD | | FIRST AID/CPR/AED REFRESHER |
| 07/13/2022 | K | 2800-24180-22-003 | 8 | X | Y | 19720 | TPD | | RAPID DEPLOY.1ST RESPONDER |
| 12/14/2022 | K | 9180-25587-22-167 | 2 | X | Y | 19720 | POST | | VEHICLE PURSUIT POLICY (WEB) |
| 03/09/2023 | K | 2800-29503-22-006 | 4 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 03/09/2023 | K | 2800-29580-22-006 | 4 | | Y | 19720 | TPD | * | USE OF FORCE (PSP) |
| 03/10/2023 | K | 2800-23500-22-006 | 8 | X | Y | 19720 | TPD | | WEAPONLESS DEFENSE AND BATON |
| 04/18/2023 | K | 9180-25595-22-292 | 4 | X | Y | 19720 | POST | | BEYOND BIAS:RACIAL & ID PROFILING UPD- SELF PACED |
| 06/01/2023 | K | 1487-29540-22-336 | 2 | | Y | 19720 | PLI | * | STRATEGIC COMMUNICATIONS (PSP) |
| 06/15/2023 | K | 2800-22405-22-001 | 8 | X | Y | 19720 | TPD | | OFFICER SAFETY/FIELD TACTICS UPDATE |
| 07/27/2023 | K | 2800-29503-23-001 | 4 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 07/27/2023 | K | 2800-29580-23-001 | 4 | | Y | 19720 | TPD | * | USE OF FORCE (PSP) |
| 08/05/2023 | K | 2800-29502-23-001 | 8 | | Y | 19720 | TPD | * | DRIVING(PSP) |
| 09/06/2023 | K | 2800-29501-23-002 | 8 | | Y | 19720 | TPD | * | FIREARM(PSP) |
| 09/20/2023 | K | 1487-20185-23-082 | 4 | X | Y | 19720 | PLI | | DE-ESCALATION AWARENESS AND COM-SELF PACED |
| 12/04/2023 | K | 9181-25505-23-157 | 2 | X | Y | 19720 | CAPLP | | DOMESTIC VIOLENCE RESPONSE UPDATE |
| 04/02/2024 | K | 2800-12425-23-009 | 8 | X | Y | 19720 | TPD | | PRINCIPLED POLICING |
| 08/28/2024 | K | 2740-21815-24-001 | 24 | R | Y | 19720 | STANSORTC | * | DRIVER AWARENESS INSTR. |
| 08/29/2024 | K | 2740-21167-24-001 | 8 | R | Y | 19720 | STANSORTC | | DRIVER TRAINING PIT INSTR. |
| 09/04/2024 | K | 1487-20186-24-066 | 4 | X | Y | 19720 | PLI | | ADV DE-ESCALATION AWARENESS AND COM. |

**POST PROFILE NAME:**

GARCIA, JESUS MANUEL

CALIFORNIA COMMISSION ON **POST**

**Certification Status: Active**

**AKA:** N/A

**DATE:** 11/04/2025



**POST CERTIFIED TRAINING** *continued*

| Comp Date | Cat | CCN | Hrs | Rmb | Cmp | Agency | School | * | Course Name |
|---|---|---|---|---|---|---|---|---|---|
| 09/06/2024 | K | 2740-21675-24-001 | 40 | R | Y | 19720 | STANSORTC | | DRIVER TRAINING INSTR |
| 09/12/2024 | K | 2800-29503-24-004 | 4 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 10/23/2024 | K | 5270-23204-24-008 | 24 | R | Y | 19720 | CSU-LNGBCH | * | USE OF FORCE TRAIN THE TRAINER |
| 02/25/2025 | G | 1120-12060-24-002 | 7 | X | Y | 19720 | ESPD | | CIVIL LIABILITY UPDATE |
| 03/03/2025 | K | 1487-32343-24-246 | 2 | X | Y | 19720 | PLI | | DOMESTIC VIOLENCE UPDATE |
| 04/09/2025 | K | 1487-29540-24-283 | 2 | | Y | 19720 | PLI | * | STRATEGIC COMMUNICATIONS (PSP) |
| 04/25/2025 | K | 2800-23500-24-009 | 8 | X | Y | 19720 | TPD | | WEAPONLESS DEFENSE AND BATON |
| 04/29/2025 | K | 1820-23601-24-009 | 4 | | Y | 19720 | LASD | | SCENARIO EVALUATOR TRAINING |
| 07/11/2025 | K | 1820-21755-24-003 | 120 | | Y | 19720 | LASD | * | USE OF FORCE INSTRUCTOR |
| 08/20/2025 | K | 4410-31715-25-001 | 24 | | Y | 19720 | RIO HONDO | | FIELD TRAINING OFFICER UPDATE |
| 09/18/2025 | K | 1487-21122-25-080 | 2 | X | Y | 19720 | PLI | | POLICE VEHICLE PURSUITS |
| 10/17/2025 | K | 2800-21797-25-004 | 8 | | Y | 19720 | TPD | | FIRST AID/CPR/AED REFRESHER |

*Meets Perishable Skills

**FOOTNOTES**

| Date | Additional Information/Actions Taken |
|---|---|
| 02/22/2025 | PSP Instructor Exemption DRIVING TRAINING/AWARENESS - TORRANCE POLICE DEPT (2800) |
| 03/12/2025 | PSP Instructor Exemption COMMUNICATIONS - TORRANCE POLICE DEPT (2800) |
| 03/12/2025 | PSP Instructor Exemption USE OF FORCE - TORRANCE POLICE DEPT (2800) |

**PLEASE REFER TO THE ENCLOSED EXPLANATION SHEET FOR ADDITIONAL INFORMATION.**

**The Profile Report contains confidential information.**

# EXPLANATION SHEET

| PERSONAL IDENTIFICATION: Subject's personal information as indicated in POST database (EDI system) | |
|---|---|
| **POST ID:** | Unique identification number assigned to subject by POST. |
| **Agency:** | Indicates the agency (or one of the agencies) where subject is currently employed.<br>An "*" indicates that the subject is employed in more than one position within the same agency. |
| **Birth Date/Gender:** | Self-explanatory. |
| **Race/Ethnicity:** | **A** = Asian **B** = African American (Black) **N** = Native American **S** = Spanish/Hispanic **W** = White **O** = Other |

| CERTIFICATES AWARDED | |
|---|---|
| **Cert:** | Certificate serial number. |
| **Type:** | **B** = Basic **I** = Intermediate **A** = Advanced **S** = Supervisory **M** = Management **E** = Executive<br>**R** = Reserve **D** = Public Safety Dispatcher **SX**= Specialized X (example: SA = Specialized Advanced) |
| **Awarded:** | Date certificate was issued. |
| **Education:** | Educational points or degree used for earning a certificate. |
| **T:** | Training points used for awarding the certificate. |
| **T+:** | Additional training points. |
| **Comments:** | Comments regarding training or institute(s) where subject received education. |
| **Total Number of Certificates:** | Number of certificates awarded to subject as indicated in POST database. |

| EMPLOYMENT: Subject's employment history as indicated in POST database | |
|---|---|
| **Hired From:** | Date subject was hired or sworn into the agency. |
| **To:** | Date subject left agency (if applicable). |
| **R*:** | Reason for separation as indicated by number in the Report description. |
| **Rank / Rank Date:** | Indicates rank as translated by POST database and date subject made rank. |
| **Agency / Agency Name:** | Agency code number and name where subject is currently working or previously worked. |
| **F/P:** | Time base: **F** = Full time **P** = Part time |
| **P/U:** | Wage status: **P** = Paid **U** = Unpaid |
| **Seas:** | Provisional or seasonal employment. |

| POST TRAINING: Courses attended or completed as indicated in POST database | |
|---|---|
| **Comp Date:** | Date course ended. |
| **Cat:** | General course category (for POST use only). |
| **CCN:** | Course Control Number. |
| **Hrs:** | Hours completed in course. |
| **Rmb:** | Reimbursement indicator: **R** = Reimbursed *(before FY 83/84 reimbursable agency not necessarily reimbursed)*<br>**J** = Job specific * = Job specific, SALARY NOT PAID **Blank** = None or no data available |
| **Cmp:** | Completion indicator: **Blank or Y** = Course completed **N** = Course not completed **?** = Prior to 1979 |
| **Agency:** | Agency where subject was employed at time of course enrollment. |
| **School:** | Training institute offering the course. |
| **Course Name:** | Course name as shown in POST database. |

**NON-CERTIFIED COURSES**

This section will only appear if applicable.

**FOOTNOTES**

This section reserved for additional information.

Revised 11/2014

# EXHIBIT "R"

**POST PROFILE NAME:**

BERMUDEZ, JASON ANTONIO

CALIFORNIA COMMISSION ON **POST**

**Certification Status:** Active

**AKA:** N/A

**DATE:** 11/04/2025



## PERSONAL IDENTIFICATION

| POST I.D. | Agency | Birth Date | Gender | Race/Ethnicity |
|---|---|---|---|---|
| [redacted] | TORRANCE PD | [redacted] | Male | Hispanic or Latino |

## CERTIFICATES AWARDED

**Total Number of Certificates:** 0

## PROOF OF ELIGIBILITY

| POE | Agency Name | Agency | Issued | Status |
|---|---|---|---|---|
| [redacted] | TORRANCE PD | 19720 | 11/07/2024 | Active |

**Total Number of Proof of Eligibility:** 1

## EMPLOYMENT

| Hired From | To | R* | Rank | Rank Date | Agency | Agency Name | F/P | P/U | Seas |
|---|---|---|---|---|---|---|---|---|---|
| 06/03/2024 | 11/07/2024 | 10 | TRN | 06/03/2024 | 19720 | TORRANCE PD | F | P | |
| 11/07/2024 | | | PO | 11/07/2024 | 19720 | TORRANCE PD | F | P | |

*Reason for Separation: 10 = Status Change

## POST CERTIFIED TRAINING

| Comp Date | Cat | CCN | Hrs | Rmb | Cmp | Agency | School | * | Course Name |
|---|---|---|---|---|---|---|---|---|---|
| 10/22/2024 | K | 4890-23272-24-021 | 8 | | Y | 19720 | M TOLERNCE | | CULT. DIV.-TOOLS FOR TOLERANCE (MOT ONLY) |
| 11/08/2024 | A | 1820-00100-23-008 | 880 | | Y | 19720 | LASD | | BASIC COURSE-INTENSIVE |
| 11/21/2024 | K | 2800-32075-24-002 | 16 | | Y | 19720 | TPD | | FIREARMS/TACTICAL RIFLE |
| 02/13/2025 | K | 9181-25505-24-228 | 2 | X | Y | 19720 | CAPLP | | DOMESTIC VIOLENCE RESPONSE UPDATE |
| 02/21/2025 | K | 1487-32343-24-236 | 2 | X | Y | 19720 | PLI | | DOMESTIC VIOLENCE UPDATE |
| 06/10/2025 | K | 1487-29540-24-345 | 2 | | Y | 19720 | PLI | * | STRATEGIC COMMUNICATIONS (PSP) |
| 07/30/2025 | K | 2800-23217-25-002 | 8 | | Y | 19720 | TPD | * | FORCE OPTIONS USE OF FORCE/DE-ESC |
| 09/11/2025 | K | 2800-29503-25-003 | 4 | | Y | 19720 | TPD | * | ARSTCTL(PSP) |
| 09/11/2025 | K | 2800-29580-25-003 | 4 | | Y | 19720 | TPD | * | USE OF FORCE (PSP) |
| 09/12/2025 | K | 2800-23500-25-003 | 8 | X | Y | 19720 | TPD | | WEAPONLESS DEFENSE AND BATON |
| 09/19/2025 | K | 2800-21797-25-003 | 8 | | Y | 19720 | TPD | | FIRST AID/CPR/AED REFRESHER |
| 10/20/2025 | K | 1487-21122-25-112 | 2 | X | Y | 19720 | PLI | | POLICE VEHICLE PURSUITS |

*Meets Perishable Skills

## FOOTNOTES

NO FOOTNOTE ON FILE.

**PLEASE REFER TO THE ENCLOSED EXPLANATION SHEET FOR ADDITIONAL INFORMATION.**

# COMMISSION ON POST – PROFILE REPORT

**The Profile Report contains confidential information.**

## EXPLANATION SHEET

| PERSONAL IDENTIFICATION: Subject's personal information as indicated in POST database (EDI system) | |
|---|---|
| **POST ID:** | Unique identification number assigned to subject by POST. |
| **Agency:** | Indicates the agency (or one of the agencies) where subject is currently employed.<br>An "*" indicates that the subject is employed in more than one position within the same agency. |
| **Birth Date/Gender:** | Self-explanatory. |
| **Race/Ethnicity:** | **A** = Asian **B** = African American (Black) **N** = Native American **S** = Spanish/Hispanic **W** = White **O** = Other |

| CERTIFICATES AWARDED | |
|---|---|
| **Cert:** | Certificate serial number. |
| **Type:** | **B** = Basic **I** = Intermediate **A** = Advanced **S** = Supervisory **M** = Management **E** = Executive<br>**R** = Reserve **D** = Public Safety Dispatcher **SX**= Specialized X (example: SA = Specialized Advanced) |
| **Awarded:** | Date certificate was issued. |
| **Education:** | Educational points or degree used for earning a certificate. |
| **T:** | Training points used for awarding the certificate. |
| **T+:** | Additional training points. |
| **Comments:** | Comments regarding training or institute(s) where subject received education. |
| **Total Number of Certificates:** | Number of certificates awarded to subject as indicated in POST database. |

| EMPLOYMENT: Subject's employment history as indicated in POST database | |
|---|---|
| **Hired From:** | Date subject was hired or sworn into the agency. |
| **To:** | Date subject left agency (if applicable). |
| **R*:** | Reason for separation as indicated by number in the Report description. |
| **Rank / Rank Date:** | Indicates rank as translated by POST database and date subject made rank. |
| **Agency / Agency Name:** | Agency code number and name where subject is currently working or previously worked. |
| **F/P:** | Time base: **F** = Full time **P** = Part time |
| **P/U:** | Wage status: **P** = Paid **U** = Unpaid |
| **Seas:** | Provisional or seasonal employment. |

| POST TRAINING: Courses attended or completed as indicated in POST database | |
|---|---|
| **Comp Date:** | Date course ended. |
| **Cat:** | General course category (for POST use only). |
| **CCN:** | Course Control Number. |
| **Hrs:** | Hours completed in course. |
| **Rmb:** | Reimbursement indicator: **R** = Reimbursed *(before FY 83/84 reimbursable agency not necessarily reimbursed)*<br>**J** = Job specific * = Job specific, SALARY NOT PAID **Blank** = None or no data available |
| **Cmp:** | Completion indicator: **Blank or Y** = Course completed **N** = Course not completed **?** = Prior to 1979 |
| **Agency:** | Agency where subject was employed at time of course enrollment. |
| **School:** | Training institute offering the course. |
| **Course Name:** | Course name as shown in POST database. |

**NON-CERTIFIED COURSES**

This section will only appear if applicable.

**FOOTNOTES**

This section reserved for additional information.

Revised 11/2014