# "EXHIBIT S"

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem MARIA GUADALUPE DIAZ; LEONARDO DIAZ; and RAMONA RAMIREZ DE DIAZ,

Plaintiffs,

v.

CITY OF TORRANCE; and DOES 1-10, inclusive,

Defendants.

CASE NO. 2:25−cv−03389−JLS (JCx)

**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

PROPOUNDING PARTY: Plaintiff MARIA GUADALUPE DIAZ

RESPONDING PARTY: Defendant CITY OF TORRANCE

SET NO.: One

Pursuant to Federal Rules of Civil Procedure, Rule 34, Plaintiff MARIA GUADALUPE DIAZ hereby propounds the following requests for production to Defendant CITY OF TORRANCE.

## INSTRUCTIONS

1. In answering these requests, you are required to furnish all information that is available to you, including information in the possession of your attorneys, or other persons directly or indirectly employed by you, or connected with you or your attorneys, or your insurance carrier, and anyone else acting in your behalf or otherwise subject to your control. Thus, when production of any document in Defendant's possession is requested, such request includes documents subject to the Defendant's possession, custody or control. In the event that Defendant is able to provide only part of the document(s) called for in any particular Request for Production, provide all document(s) that Defendant is able to provide and state the reason, if any, for the inability to provide the remainder.

2. In answering these requests, you must make a diligent search of your records and material in your possession or available to you or your representatives. If you cannot obtain records and information in time to answer these requests, explain in your answer the circumstances and what is being done to obtain the information.

3. If you cannot answer any requests in full, answer it to the extent possible, explain why you cannot answer the remainder, and state the nature of the information or knowledge you cannot furnish.

4. If any document is withheld from production under a claim of privilege or other exemption from discovery, state the title and nature of the document, and furnish a list signed by the attorney of record giving the following information with respect to each document withheld:

a. The name and title of the author and/or sender and the name and title of the recipient;

b. the date of the document's origination;

c. the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

d. the name and position, if any, of each person to whom the contents of the documents have heretofore been communicated by copy, exhibition, reading or substantial summarization;

e. a statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice;

f. the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in subparagraphs above; and

g. any additional information necessary to establish the applicability of the claimed privilege to the withheld document(s).

5. In the event that any document called for by this request has been destroyed or discarded, that document is to be identified by stating:

a. Any addressor and addressee;

b. Any indicated or blind copies;

c. The document’s date, subject matter, number of pages, and attachments or appendices;

d. All persons to whom the document was distributed, shown, or explained;

e. The date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; the persons who were authorized to carry out such destruction or discard; and

f. Whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

6. Instruction Regarding Alleged Ambiguity: To avoid ambiguity, significant effort has been spent to define a number of terms used in the following discovery requests. If you or your attorney claim that you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney for clarification, preferably before responses are due so that the alleged ambiguous term can be clarified.

7. These discovery requests are not intended to be duplicative. All requests should be responded to fully and to the extent not covered by other requests. If there are documents that are responsive to more than one request, then please note and produce each such document first in response to the request that is more specifically directed to the subject matter of the particular document.

a. Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any request.

b. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

8. This discovery request is continuing pursuant to Federal Rule of Civil Procedure 26(e). In answering these requests, you have a continuing duty to update your responses in the event you learn or obtain subsequent information that would affect your answers at the time made. In the event that any such information comes to your attention, possession, custody or control, or the attention, possession, custody or control of your associates or your attorneys subsequent to the submission of your response, when the information is responsive to any interrogatory in this set, you are required to furnish said additional information to the opposing attorney immediately.

## DEFINITIONS

The following terms used in these instructions and discovery requests are defined as follows (and are to be construed as broadly as possible to include the most information responsive to the discovery requests propounded herein) in **BOLDFACE CAPITALS:**

1. "**YOU**" or "**CITY**" means the City of Torrance and all its subdivisions, including the Torrance Police Department ("TPD") and any of its agents, representatives, and attorneys, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2. The term **"DEFENDANTS"** shall mean Defendants City of Torrance, DOES 1-10, and their agents, associates, employees, attorneys, investigators, servants, and representatives.

3. The term "**DECEDENT**" shall mean Leonardo Diaz.

4. The term **"PLAINTIFFS"** shall mean all plaintiffs in this action.

5. "**PERSON**" or "**PERSONS**" means all natural person, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its agents, representatives, employees, officers and directors and anyone else acting on its behalf, pursuant to its authority or subject to its control.

6. The term **"DOCUMENT(S)"** shall mean any written, typed, printed, recorded or graphic matter, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, telecopies, calendars, telexes, messages, licenses, certificates, permits, ledgers, books of account, orders, invoices, statements, acknowledgments, computer generated matter, photographs, photographic negatives, phonographic recordings, transcripts, or logs of any such recording, all other data compilations from which information can be obtained, or translated if necessary, reports and/or summaries of investigations, expressions or statement of policy, opinions or reports

of consultants, lists of persons attending meetings, drafts and revisions of drafts of any documents, invoices, receipts, and original preliminary notes. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy is a separate document.

9. The term "**COMPLAINT**" shall mean the operative pleading in the instant action.

10. The term "**INCIDENT**" shall mean the shooting of **DECEDENT**.

11. The term "**SCENE**" means the location of the shooting.

12. The term "**RELATE(S) TO**," "**RELATED TO**" or "**RELATING TO**" shall mean to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed.

13. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that REFER OR RELATE TO every investigation by any PERSON, whether generated by the CITY, the LASP, the Los Angeles County District Attorney's Office, the Internal Affairs Division of the TPD, or any other local, state or federal agency, regarding the INCIDENT. To the extent that Defendants contend that this Request calls for disclosure of confidential documents, Plaintiffs will stipulate to a protective order.

**REQUEST FOR PRODUCTION NO. 2:**

All audio recordings, video recordings, and photographs, including, without limitation, audio recordings from a belt recorder, voice recorder, body-worn-camera, dashboard camera, surveillance camera, home security camera, cellular telephone, or any other device capable of recording, of all PERSONS including but not limited to, PLAINTIFFS, DECEDENT, witnesses (including police witnesses) and local businesses, that REFER OR RELATE TO the INCIDENT.

**REQUEST FOR PRODUCTION NO. 3:**

All video recordings, photographs, laser readings, bullet trajectory analyses and diagrams of the SCENE.

**REQUEST FOR PRODUCTION NO. 4:**

All audio recordings, video recordings and photographs, that REFER OR RELATE TO the INCIDENT, including but not limited to, photographs of physical evidence, belt or unit recordings, negotiation recordings, and telephone recordings, and interviews with both witnesses and involved OFFICERS.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that REFER OR RELATE TO audio recordings, video recordings, and transcripts of each and every interview of all PERSONS, including but not limited to, PLAINTIFFS, DECEDENT, OFFICERS and witnesses (including officers from non-TPD agencies), that REFER OR RELATE TO the INCIDENT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that REFER OR RELATE TO any incident report, police report, complaint report, memorandum and briefing that REFERS OR RELATES TO the INCIDENT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that REFER OR RELATE TO any ballistics testing or report, trajectory analysis, toxicology testing or report, and topography analysis, that

REFERS TO OR RELATES TO the INCIDENT.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that REFER OR RELATE TO any mobile digital terminal/computer reports or printouts of all dispatches or MDT/MDC/MDS entries that REFER OR RELATE TO the INCIDENT.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that REFER OR RELATE TO units' logs that REFER OR RELATE TO the INCIDENT.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that REFER OR RELATE TO audio recordings and transcripts of radio transmissions on **TPD** or other agencies' police frequencies, including but not limited to any dispatch and tactical frequencies that covered the area of the SCENE during the INCIDENT.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that REFER OR RELATE TO logs, including but not limited to, supervisory personnel logs and crime scene personnel logs, of **TPD** that REFER OR RELATE TO the INCIDENT.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that REFER OR RELATE TO **TPD** policies, practices, procedures, guidelines, or customs that REFER OR RELATE TO the use of force, including but not limited to, the use of firearms, the use of deadly force, and the reporting use of force, that were in effect on the date of the INCIDENT, including but not limited to, policy handbooks, training manuals, orders, field operations and memoranda.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that REFER OR RELATE TO **TPD** policies, practices, procedures, guidelines, or customs that REFER OR RELATE TO the use of less than lethal force, including but not limited to, the use of tasers, impact and projectile

weapons, and the reporting use of force, that were in effect on the date of the INCIDENT, including but not limited to, policy handbooks, training manuals, orders, field operations and memoranda.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that REFER OR RELATE TO any contact between officers or any PERSONS and DECEDENT before the INCIDENT, including but not limited to, audio recordings, video recordings, photographs, dispatch radio transmissions, MDT/MDC/MDS entries, incident reports, police reports, complaint reports, memoranda, briefings, units' logs and supervisory logs.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that reflect communications between officers or any PERSONS regarding the INCIDENT.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that REFER OR RELATE TO officer involved shootings by the DEFENDANT OFFICERS while in the line of duty before the INCIDENT. To the extent that Defendant contends that this Request calls for disclosure of confidential documents, Plaintiffs will stipulate to a protective order.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that REFER OR RELATE TO any contact between officers and any PERSONS with any witnesses to the INCIDENT, including but not limited to, audio recordings, video recordings, photographs, dispatch radio transmissions, MDT/MDC/MDS/CAD entries, incident reports, police reports, complaint reports, memoranda, briefings, units' logs and supervisory logs.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that REFER OR RELATE TO any G.S.R. testing done on DECEDENT.

///

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that REFER OR RELATE TO any testing/analysis done on any guns used during this INCIDENT and/or found at the SCENE, including but not limited to, any DNA and fingerprint testing/analysis.

**REQUEST FOR PRODUCTION NO. 20:**

All medical records or paramedic run sheets and/or pre-hospital care reports that REFER OR RELATE TO the INCIDENT.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that REFER OR RELATE TO the summoning or arrival of paramedics to the SCENE.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that REFER OR RELATE TO any training that the DEFFENDANT OFFICERS receive from the TPD with respect to the use of force.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that are cited or referenced in any police report REFERRING OR RELATING TO the INCIDENT.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that REFER OR RELATE TO evidence logs generated by the INCIDENT.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that REFER OR RELATE TO any training that DEFENDANT OFFICERS received from the TPD with respect to detentions and arrests.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS REFERENCING OR REFERRING TO the 40mm rounds used by the officers during the INCIDENT.

///

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS REFERENCING OR REFERRING TO the beanbag shotgun used by the officers during the INCIDENT.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS REFERENCING OR REFERRING TO TPD's policies and procedures regarding de-escalating and defusing training.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS REFERENCING OR REFERRING TO TPD's policies and procedures regarding dealing with individuals who may be under the influence of illegal drugs.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS REFERENCING OR REFERRING TO TPD's policies and procedures regarding training for dealing with people who may have mental disabilities or illness.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS REFERENCING OR REFERRING TO the whether the use of force used by the involved officers during the SUBJECT INCIDENT was found to be within and/or comply with any policies and procedures.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS REFERENCING OR REFERRING TO any review boards or internal affairs review regarding the SUBJECT INCIDENT, including the results of such review.

DATED: August 28, 2025

LAW OFFICES OF DALE K. GALIPO

By *s/ Eric Valenzuela*
Eric Valenzuela
Attorneys for Plaintiffs

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On August 28, 2025, I served the foregoing document described as **PLAINTIFFS' INITIAL DISCLOSURES** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

JONES MAYER
Angela M. Powell (Bar No. 191876)
amp@jones-mayer.com
Thurgood M. Wynn (Bar No. 345199)
tmw@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, California 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Counsel for Defendant City of Torrance

METHOD OF SERVICE

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

☒ I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 28, 2025, at Woodland Hills, California

/s/ *Leslie De Leon*

Leslie De Leon