JONES MAYER
Angela M. Powell, State Bar No. 191876
amp@jones-mayer.com
Thurgood M. Wynn, State Bar No. 345199
tmw@jones-mayer.com
Ryan M. Allein, State Bar No. 318078
rma@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants,
CITY OF TORRANCE; ARTURO CASTILLO; CODY WISSLER; JESUS GARCIA; JASON BERMUDEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; LEONARDO DIAZ; and RAMONA RAMIREZ DE DIAZ

Plaintiffs,

v.

CITY OF TORRANCE; ARTURO CASTILLO; CODY WISSLER; JESUS GARCIA; JASON BERMUDEZ; and DOES 6-10, inclusive,

Defendants.

Case No. 2:25-cv-03389-JLS(AYPx)

Honorable Josephine L. Staton
Courtroom 8A

**DECLARATION OF RYAN M. ALLEIN IN SUPPORT OF REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT OF ISSUES**

***[Filed concurrently with: Defendants' Reply in Support of Motion for Summary Judgment and/or Partial Summary Judgment of Issues; Defendants' Reply to Plaintiffs' Statement of Genuine Disputes of Material Fact and Additional Material Facts; Defendants' Evidentiary Objections to Plaintiffs' Evidence in Opposition; Exhibits]***

Date: November 6, 2026
Time: 10:30 a.m.
Ctrm: 8A

Action filed: October 8, 2025

# DECLARATION OF RYAN M. ALLEIN

I, Ryan M. Allein, declare:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am an attorney in the law firm of Jones Mayer, counsel of record for Defendants in this matter. This Declaration is submitted in support of Defendants' Reply in Support of Motion for Summary Judgment and/or Partial Summary Judgment of Issues. If called as a witness, I would and could competently testify to all of the facts contained within this declaration upon my personal knowledge.

2. Attached hereto as **Exhibit A**, is a true and correct copy of relevant portions of the Deposition of Jesus Garcia, dated July 13, 2026, which was taken in this matter.

3. Attached hereto as **Exhibit B**, is a true and correct copy of relevant portions of Defendants' Responses to Requests for Production of Documents, Set Two; a Torrance Police Training Bulletin titled "Traffic Stop Safety"; and course description for "Traffic, High Risk, and Bicycle/Pedestrian Stops."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 23rd day of October, 2026, at Fullerton, California.

s/*Ryan M. Allein*
Ryan M. Allein

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; LEONARDO DIAZ; and RAMONA RAMIREZ DE DIAZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF TORRANCE; ARTURO CASTILLO; CODY WISSLER; JESUS GARCIA; JASON BERMUDEZ; and DOES 6-10, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-03389-JLS (JCx) |

VIDEO-RECORDED REMOTE VIDEOCONFERENCE DEPOSITION OF

SERGEANT JESUS GARCIA

THURSDAY, JULY 16, 2026

Reported by: Michelle Bulkley, CSR #13658
Job #28994; Pages 1 - 128

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ, et al.,

Plaintiffs,

vs.

CITY OF TORRANCE, et al.,

Defendants.

Case No.: 2:25-cv-03389-JLS (JCx)

Video-recorded remote videoconference deposition of SERGEANT JESUS GARCIA, taken on behalf of Plaintiffs, beginning at 10:06 a.m. and ending at 1:13 p.m. on Thursday, July 16, 2026, before Michelle Bulkley, Certified Shorthand Reporter Number 13658.

APPEARANCES (All via remote videoconference):

For Plaintiffs:

LAW OFFICES OF DALE K. GALIPO
Eric Valenzuela, Esq.
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
evalenzuela@galipolaw.com

For Defendant City of Torrance, Officer Arturo Castillo, Officer Cody Wissler, Officer Jesus Garcia, and Officer Jason Bermudez:

JONES MAYER
Angela M. Powell, Esq.
3777 North Harbor Boulevard
Fullerton, California 92835
amp@jones-mayer.com

Also Present:

Said Hofiani, Videographer

Jeanne-Marie Litvin, City of Torrance

Officer Arturo Castillo, Officer Jason Bermudez

INDEX TO EXAMINATION

WITNESS: SERGEANT JESUS GARCIA

| EXAMINATION | PAGE |
|---|---|
| By Mr. Valenzuela | 6 |
| By Ms. Powell | 120 |
| By Mr. Valenzuela | 123 |

DOCUMENTS REQUESTED

(NONE)

WITNESS INSTRUCTED NOT TO ANSWER

(NONE)

INFORMATION REQUESTED

(NONE)

INDEX TO EXHIBITS

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| | (NONE MARKED) | |

period of time?
A For the officers on scene, none of them were specifically designated as less lethal because, once again, we were being confronted by a potentially armed suspect with a firearm.
However, we did request that the additional responding units arrive and arm themselves with a less-lethal option. Specifically the 40 is what we asked for. Because of the distance at which we were at, that would be the most effective less-lethal option.
Q At some point Mr. Diaz exits his vehicle; correct?
A Correct.
Q When Mr. Diaz exits his vehicle, are you looking at the front profile of him?
A Correct.
Q Can you see him from the top of his head to his feet, basically?
A Yes, sir.
Q Okay. At that point do you see him holding what you believe to be a knife?
A Yes, sir.
Q At that point do you see a gun?
A No, sir, I do not.

closer to my position, I was giving him instructions to, "Stop; get on the ground; drop the knife," at which point he was looking directly at me and nodded -- nodded his head in a side-to-side motion like this [demonstrating] as if to say, "No, I'm not going to do what you ask."

At that point I said something to the effect of like, "Stop. Don't shoot" -- I mean, sorry. "Stop. Don't" -- "Drop the knife. I don't want to shoot you. Stop. I don't want to shoot you."

And to me, that was basically my warning that if he continued coming forward, that he was going to be shot. To me, that -- a reasonable person being faced with a police officer pointing their gun at them, telling them to stop and not continue or, you know, they would be shot, that that was -- to me, that was a feasible or reasonable warning.

Q Okay. Based on your training, is a verbal warning that deadly force is going to be used -- is that you give them a command and tell them, if they don't comply, that you will shoot them?

A I would -- I would say it's based on the totality of what's going on; right? Someone coming

REPORTER'S CERTIFICATE

I, MICHELLE BULKLEY, a Certified Shorthand Reporter of the State of California, do hereby certify:

That SERGEANT JESUS GARCIA, in the foregoing deposition named, was present and by me sworn as a witness in the above-entitled action at the time therein specified;

That said deposition was taken before me at said time, and was taken down in shorthand by me, a Certified Shorthand Reporter of the State of California, and was thereafter transcribed into typewriting, and that the foregoing transcript constitutes a full, true, and correct report of said deposition and of the proceedings that took place;

IN WITNESS WHEREOF, I have hereunder subscribed my hand on 7/26/2026.

MICHELLE BULKLEY

CSR #13658

# EXHIBIT B

JONES MAYER
Angela M. Powell, State Bar No. 1918760
amp@jones-mayer.com
Thurgood M. Wynn, State Bar No. 345199
tmw@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants,
CITY OF TORRANCE, OFFICER ARTURO CASTILLO, OFFICER CODY WISSLER, OFFICER JESUS GARCIA and OFFICER JASON BERMUDEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; LEONARDO DIAZ; and RAMONA RAMIREZ DE DIAZ

Plaintiffs,

v.

CITY OF TORRANCE; and DOES 1-10, inclusive

Defendants.

Case No. 2:25-cv-03389-JLS(JCx)

Assigned for all Purposes to:
Honorable Josephine L. Staton
Dept. 8A

**DEFENDANT CITY OF TORRANCE'S RESPONSES TO PLAINTIFF MARIA GUADALUPE DIAZ'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

Action filed: 04/17/25

PROPOUNDING PARTY: PLAINTIFF MARIA GUADALUPE DIAZ
RESPONDING PARTY: DEFENDANT CITY OF TORRANCE
SET NUMBER: TWO

TO PLAINTIFF MARIA GUADALUPE DIAZ AND TO HER ATTORNEYS OF RECORD:

Pursuant to Federal Rules of Civil Procedure, Rule 34, Defendant, CITY OF TORRANCE ("Defendant" or "Responding Party") hereby responds to the second request for production of documents of Plaintiff, MARIA GUADALUPE DIAZ ("Plaintiff") as follows:

**INTRODUCTORY STATEMENT AND CONTINUING OBJECTIONS**

Each of the following responses and/or objections is based on information presently known by or reasonably available to Defendant at the time of preparation of these responses and/or objections. Defendant has not yet completed its discovery or investigation or the preparation of this case for trial. Accordingly, the responses set forth herein are provided without prejudice to the Defendant's rights to produce evidence of any subsequently discovered facts or interpretations thereof, and/or to add or to modify or otherwise change or amend the responses herein. The information hereinafter set forth is true and correct to the best of Defendant's knowledge at this particular time; but, is subject to correction for inadvertent errors or omissions, if any errors or omissions shall be found to exist.

Defendant objects to each and every request for production insofar as it calls for the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the right of privacy, deliberative process privilege, mental process privilege, or any other applicable privilege. Defendant further objects to all requests for production insofar as they seek privileged information protected from disclosure by the privacy interests of the individuals involved, as well as by applicable evidentiary rules. Such information is specifically excluded from the Defendant's responses to these requests for

production. Defendant does not intend to waive such privileges, and responses to these requests for production are not intended and should not be construed as a waiver.

Each of the foregoing general objections and qualifications are incorporated in full in each of the responses set forth below, as if fully set forth therein, and each of the responses below are provided subject to, and without waiving, the general objections and qualifications asserted herein.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

**REQUEST FOR PRODUCTION NO. 33 (misnumbered as 1):**

All DOCUMENTS that REFER OR RELATE TO **TPD** policies, practices, procedures, guidelines, or customs that REFER OR RELATE TO high-risk felony traffic stops, including but not limited to, policy handbooks, training manuals, orders, field operations and memoranda.

**RESPONSE TO NO. 33:**

Objection. This request is vague, ambiguous, and overbroad as to "All DOCUMENTS that REFER OR RELATE TO every investigation by any PERSON."

Objection. This request potentially seeks information or production of documents that are privileged from disclosure under the federal and California Constitutional right to privacy of third parties whose information may be contained in the requested documents.

Responding Party has not fully completed its discovery in this action and has not completed its preparation for trial, investigation and discovery are continuing and Defendant reserves the right to present facts, witnesses or other evidence subsequently delivered.

As the Responding Party understands this Request, the Responding Party responds as follows and attaches herein:

Responding Party identifies TPD-01733-TPD-01809, including, but not limited to, policy section 300 and all sections encompassed therein. Additionally, see TPD-03315–TPD-03317 that are produced concurrently with these responses. Responding Party reserves the right to amend and/or supplement this response as discovery is ongoing. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), no documents responsive to this request are being withheld on the basis of the foregoing objections.

Dated: September 11, 2026

JONES MAYER

By: ______________________________

Angela M. Powell
Thurgood M. Wynn
Attorneys for Defendants,
CITY OF TORRANCE, OFFICER ARTURO CASTILLO, OFFICER CODY WISSLER, OFFICER JESUS GARCIA and OFFICER JASON BERMUDEZ

# PROOF OF SERVICE

**STATE OF CALIFORNIA; COUNTY OF ORANGE.**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action.

On September 11, 2026, I served the foregoing document(s) described as **DEFENDANT CITY OF TORRANCE'S RESPONSES TO PLAINTIFF MARIA GUADALUPE DIAZ'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO** on each interested party listed below:

Dale K. Galipo, Esq.
dalekgalipo@yahoo.com
Eric Valenzuela
evalenzuela@galipolaw.com
**Law Offices of Dale K. Galipo**
21800 Burbank Blvd. Suite 310
Woodland Hills, CA 91367
T: (818) 347-3333
F: (818) 347-4118

*Attorneys for Plaintiffs*

XX (VIA ELECTRONIC SERVICE) By electronically transmitting the document(s) listed above to the e-mail address(es) of the person(s) set forth above. See Rules of Court, Rule 2.251 and CCP §1010.6.

___ (VIA ELECTRONIC SERVICE): Pursuant to the Los Angeles County Superior Court eFiling mandate, I caused the above be served to the listed addressee(s) via One Legal e-serve. See California Rules of Court rule 2.251(b)(1)(B). (*By efiling the document, you agree to accept electronic service at the electronic service address you provided.)* and 2.251(c)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on September 11, 2026, at Fullerton, California.

Laura F. Perez
lfp@jones-mayer.com

# TORRANCE POLICE TRAINING BULLETIN

**JAMES D. HERREN** **NO: 04-09**
**CHIEF OF POLICE** **DATE: 23 JUL. 04**

## Traffic Stop Safety

In light of recent Department-related traffic stops, which resulted in collisions and injury to officers, the following information is solely intended to serve as reminder in making a traffic stop.

**Overview** - Recently, officers initiated a traffic stop on a busy roadway in heavy traffic in the shoulder lanes of the roadway. At the time of the collisions, officers were in the process of conducting an investigation. The following key points should be taken into account when making a traffic stop to ensure the best possible outcome for officers.

**Key Points to Consider When Making a Traffic Stop:**

- Consideration should be taken to making the stop out of heavy traffic flow. If the stop is initiated on a busy roadway, have the violator turn onto a less busy side street or parking lot. This reduces the chances of causing accidents and increases officer safety from a traffic collision standpoint. Also, take the density of vehicular/pedestrian traffic into account, as this will normally affect the outcome of a stop.

- Maintain a safe distance behind the vehicle when you use your red lights and/or siren. Be mindful and alert of quick stops on the part of the violator.

- After the vehicle is stopped, the police unit should be approximately 8-16 feet behind the violator's vehicle. The left front fender of the police unit should be offset about 3-4 feet to the left of the violator's left rear quarter panel. This provides a "buffer zone" for the officer on his/her approach to the driver's side of the violator's vehicle.

- Care should be taken to monitor the actions of the occupant(s), giving special attention to occupants' hands.

**Key Points to Consider When Making a Traffic Stop-Continued:**

- Never stand behind the violator's vehicle nor walk between it and the police unit.
- When issuing a citation, stand in a place which affords you the most available safety. Maintain view of your surroundings, the violator and monitor other vehicle and pedestrian activity.
- In the event an officer needs to conduct a warrant check or any other radio-related traffic, utilize a portable. This not only affords an officer the freedom away from the unit, but also provides a more complete view of the surroundings as a whole.

Officers are encouraged to exercise caution and are reminded of the inherent dangers associated with making a traffic stop.

JAMES D. HERREN
CHIEF OF POLICE

Lieutenant Geoffrey Rizzo
Research and Training Division Commander

**Course name:** Traffic, High Risk, and Bicycle/Pedestrian Stops

**Time:** 6 hours

**Instructor:** FTO Committee

**References:** FTO Manual

**Goal:** Introduce the students to traffic stops as it pertains to vehicles, pedestrians, and bicyclists.

**Performance Objectives:** At the conclusion of this block, the students will be able to conduct traffic and high risk stops with a basic level of competency.

**Vehicle Orientation:**

- Lights/siren control pad
- In-car radio
- Overhead light bar
- Spotlights

**Traffic Stops:**

- Vehicle positioning
- Radio traffic
- Approach to the vehicle
- Returning back to unit during investigation
- Cover/concealment during records checks

**High Risk Stops:**

- When and why we conduct them
- Units needed and responsibilities of each
- Vehicle positioning
- Assignments for officers on-scene
- Commands given
- Clearing the vehicle

**Practical Application:**

The students will have the opportunity to practice basic to more complex traffic stops. The students will also rotate through the responsibilities of Officers during a high risk stop.