JONES MAYER
Angela M. Powell, State Bar No. 191876
amp@jones-mayer.com
Thurgood M. Wynn, State Bar No. 345199
tmw@jones-mayer.com
Ryan M. Allein, State Bar No. 318078
rma@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants,
CITY OF TORRANCE; ARTURO CASTILLO; CODY WISSLER; JESUS GARCIA; JASON BERMUDEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; LEONARDO DIAZ; and RAMONA RAMIREZ DE DIAZ

Plaintiffs,

v.

CITY OF TORRANCE; ARTURO CASTILLO; CODY WISSLER; JESUS GARCIA; JASON BERMUDEZ; and DOES 6-10, inclusive

Defendants.

Case No. 2:25-cv-03389-JLS(AYPx)

Honorable Josephine L. Staton
Courtroom 8A

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

***[Filed concurrently with: Defendants' Reply in Support of Motion for Summary Judgment and/or Partial Summary Judgment of Issues; Defendants' Statement of Genuine Disputes of Material Fact and Additional Facts; Declaration of Ryan M. Allein; Exhibits]***

Date: November 6, 2026
Time: 10:30 a.m.
Ctrm: 8A

Action filed: October 8, 2025

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants CITY OF TORRANCE; ARTURO CASTILLO; CODY

WISSLER; JESUS GARCIA; and JASON BERMUDEZ (collectively referred to as "Defendants") hereby submit these Evidentiary Objections to Plaintiffs' Evidence in Opposition to the Motion for Summary Judgment. As set forth herein, Defendants request that each objection be sustained.

## EVIDENTIARY OBJECTIONS

| PROFFERED EVIDENCE | OBJECTION | RULING |
|---|---|---|
| **1. Declaration of William Harmening ("Harmening Declaration") (Paragraph 13)**<br><br>**"From the time Diaz exited his vehicle to the time he was shot and killed, HE DEMONSTRATED NO IMMINENT THREAT OF DEATH OR SERIOUS BODILY INJURY." (Capitalization in original).** | Objection. Legal Conclusion. Fed. R. Evid. 703. Improper Expert Opinion. Fed. R. Evid. 702-703. Improper Opinion on Ultimate Issue. Fed. R. Evid. 704. | ☐ Sustained<br>☐ Overruled |
| **2. Harmening Declaration (Paragraph 14)** | Objection. Lack of Foundation. Fed. R. Evid. 601-601, 901-902. Specifically, | ☐ Sustained<br>☐ Overruled |

| PROFFERED EVIDENCE | OBJECTION | RULING |
|---|---|---|
| **"All four officers, as well as those behind them, had a wide-open area to maneuver and to back up as Diaz approached."** | Harmening never visited the scene where the shooting took place and is unable to testify regarding the conditions as they existed on the night of the shooting. | |
| **3. Harmening Declaration (Paragraph 15)**<br><br>**"So clearly, Diaz posed no imminent threat of death or serious bodily injury in this case."** | Objection. Legal Conclusion. Fed. R. Evid. 703. Improper Expert Opinion. Fed. R. Evid. 702-703. Improper Opinion on Ultimate Issue. Fed. R. Evid. 704. | ☐ Sustained<br>☐ Overruled |
| **4. Harmening Declaration (Paragraph 15, subparagraph 4)**<br><br>**"It is indeed confusing to me why all four officers** | Objection. Legal Conclusion. Fed. R. Evid. 703. Improper Expert Opinion. Fed. R. Evid. 702-703. Improper Opinion on Ultimate Issue. Fed. R. Evid. 704. | ☐ Sustained<br>☐ Overruled |

| PROFFERED EVIDENCE | OBJECTION | RULING |
|---|---|---|
| **chose to fire their weapons when there was NO lethal threat and when they had so many less lethal alternatives available to them."** | | |
| **5. Harmening Declaration (Paragraph 16)**<br><br>**"From the moment the officers saw the blood on Diaz's wrists and arms, even before he exited his vehicle, they should have known this was a mental health response and not an offender arrest. Diaz's anonymous 911 call should not have been viewed as** | Objection. Lack of Foundation. Fed. R. Evid. 601-601, 901-902. Specifically, Harmening is unable to testify as to whether Diaz was in fact – or appearing to be – having a mental health crisis prior to the shooting. This testimony goes beyond his expertise regarding procedures of police practices and proper police tactics. | ☐ Sustained<br>☐ Overruled |

| PROFFERED EVIDENCE | OBJECTION | RULING |
|---|---|---|
| **a crime at that point, but as a symptom of the crisis he was experiencing.”** | | |
| **6. Harmening Declaration (Paragraph 19)**<br><br>**“By refusing to use less lethal options only because their training says the first officers must provide lethal coverage is then basing their use of deadly force on factors other than Diaz’s behavior. That is inappropriate and antithetical to all police training on the use of force.** | Objection. Legal Conclusion. Fed. R. Evid. 703. Improper Expert Opinion. Fed. R. Evid. 702-703. Improper Opinion on Ultimate Issue. Fed. R. Evid. 704. | ☐ Sustained<br>☐ Overruled |

| PROFFERED EVIDENCE | OBJECTION | RULING |
|---|---|---|
| **7. Harmening Declaration (Paragraph 21)**<br><br>**"It is my opinion that the officers violated accepted standards and training when they used deadly force against a man who posed no threat of death or serious bodily injury at the time the officers fired their weapons . . . Their use of deadly force failed to meet the standard of 'necessary' to defend human life as defined by both."** | Objection. Legal Conclusion. Fed. R. Evid. 703. Improper Expert Opinion. Fed. R. Evid. 702-703. Improper Opinion on Ultimate Issue. Fed. R. Evid. 704. | ☐ Sustained<br>☐ Overruled |
| **8. Harmening Declaration (Paragraph 29)** | Objection. As to Diaz's positioning immediately before, | ☐ Sustained<br>☐ Overruled |

| PROFFERED EVIDENCE | OBJECTION | RULING |
|---|---|---|
| **"Had the officers reassessed in between shots, they would not have shot Decedent as he was stopped, falling to the ground or already on the ground, including shots to the back."** | during, and after the shooting, this Court should view these "facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007). | |
| **9. Deposition of Edwin Partovi, M.D. ("Partovi Deposition") (Page 65:10-20, 67:20-68:12)**<br><br>**"What I know is that that is the direction that the bullet took through the body. It has a downward direction, which can have multiple different possible explanations, one of** | Objection. Lack of Foundation. Fed. R. Evid. 601-601, 901-902. Objection. Speculation. Specifically, Partovi is a medical examiner with the County of Los Angeles. He is able to testify to entry and exit points of bullets on a subject's body; however, he is unable to provide his expert opinion as to bullet | ☐ Sustained<br>☐ Overruled |

| PROFFERED EVIDENCE | OBJECTION | RULING |
|---|---|---|
| **which is compatible with, consistent with, but not specific for is him falling or on the ground, et cetera, as he sustained this gunshot wound."** | trajectory. This goes beyond his expertise. He himself acknowledged he is "not a ballistics expert." *See* Partovi Deposition, at 70:13. Essentially, his testimony regarding "different possible explanations" is simply speculation at best. | |
| **10. Partovi Deposition (Page 70:5-25, 71:22-72:11, 73:24-74:10)**<br><br>**"I am not a ballistics expert, again, for what happens to a bullet outside of the body, but just from my practical knowledge, it would seem to me that** | Objection. Lack of Foundation. Fed. R. Evid. 601-601, 901-902. Objection. Speculation. Specifically, Partovi is a medical examiner with the County of Los Angeles. He is able to testify to entry and exit points of bullets on a subject's body; however, he is unable | ☐ Sustained<br>☐ Overruled |

| PROFFERED EVIDENCE | OBJECTION | RULING |
|---|---|---|
| **there need to be a straight line of sight between the barrel of the gun and whatever target the trajectory, that line of trajectory. "There are other exceptions to this, which is outside of my level of expertise, like, for example long distances like gravity and curve trajectory and stuff like that. But yeah, I think the simple answer would be there's generally a lien of sight or just a straight line between the barrel of the gun and the target that's struck."** | to provide his expert opinion as to bullet trajectory. This goes beyond his expertise. He himself acknowledged he is "not a ballistics expert." *See* Partovi Deposition, at 70:13. Essentially, his testimony regarding "different possible explanations" is simply speculation at best. | |

Dated: October 23, 2026

Respectfully Submitted,

JONES MAYER

By: s/*Ryan M. Allein*
Angela M. Powell,
Thurgood M. Wynn,
Ryan M. Allein,
Attorneys for Defendant
CITY OF TORRANCE, et al.