JONES MAYER
Angela M. Powell, State Bar No. 191876
amp@jones-mayer.com
Thurgood M. Wynn, State Bar No. 345199
tmw@jones-mayer.com
Ryan M. Allein, State Bar No. 318078
rma@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants,
CITY OF TORRANCE; ARTURO CASTILLO; CODY WISSLER; JESUS GARCIA; JASON BERMUDEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; LEONARDO DIAZ; and RAMONA RAMIREZ DE DIAZ

Plaintiffs,

v.

CITY OF TORRANCE; ARTURO CASTILLO; CODY WISSLER; JESUS GARCIA; JASON BERMUDEZ; and DOES 6-10, inclusive

Defendants.

Case No. 2:25-cv-03389-JLS(AYPx)

Honorable Josephine L. Staton
Courtroom 8A

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND ADDITIONAL MATERIAL FACTS**

***[Filed concurrently with: Defendants' Reply in Support of Motion for Summary Judgment and/or Partial Summary Judgment of Issues; Defendants' Evidentiary Objections to Plaintiffs' Evidence in Opposition; Declaration of Ryan M. Allein; Exhibits]***

Date: November 6, 2026
Time: 10:30 a.m.
Ctrm: 8A

Action filed: October 8, 2025

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants CITY OF TORRANCE; ARTURO CASTILLO; CODY WISSLER; JESUS GARCIA; and JASON BERMUDEZ (collectively referred to as "Defendants") respond to Plaintiffs' Statement of Genuine Disputes of Material Fact and Additional Material Facts.

**A. 911 CALL / DISPATCH LOGS**

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| 1. On December 2, 2024, at approximately 4:35 p.m., TPD received a 911 call whereby the caller stated, "[T]here's a man with a gun at 2909 Oregon Court" in Torrance.<br><br>**<u>Supporting Evidence:</u>**<br>1. Declaration of Ryan M. Allein ("Allein Declaration"), at ¶ 2-3; 911 Audio, at 0:00-0:06, Exhibit A; Dispatch Audio Transcript, at 1:10-12, Exhibit B. | 1. Undisputed. | 1. Undisputed. |



JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| 2. The 911 caller further stated he was the individual with the gun and that he was "gonna shoot somebody, [and] gonna stab somebody."<br>**<u>Supporting Evidence:</u>**<br>2. Allein Declaration, at ¶ 2-3; 911 Audio, at 0:00-0:25, Exhibit A; Dispatch Audio Transcript, at 1:22-38, Exhibit B. | 2. Disputed to the extent that none of the shooting officers heard the 911 call prior to shooting Decedent. The shooting officers received the information regarding the incident from the radio dispatch communications and from the police car onboard computer and none of that information indicated that Decedent was "gonna shoot somebody."<br>**<u>Supporting Evidence:</u>** | 2. Undisputed to the extent that none of the TPD Officers *heard* the 911 call. However, the undisputed material facts establish the information received and understood by TPD officers via dispatch and prior to the shooting "was regarding a man with a gun in the area of 2909 Oregon Court [and] [t]he caller stated that he, himself, is the man with the gun, and he is there to kill someone." *See* Defendants' Motion for Summary |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | See Defendants' Undisputed Facts No. 4; see also Exhibit A, Castillo Depo, at 16:1-14; Exhibit B, Garcia Depo., at 32:3-22; Exhibit C, Bermudez Depo., at 27:13-28:16; Exhibit D, Wissler Depo. at 14:19-15:4. | Judgment ("Motion"); Exhibit C, at 15:21-25; Exhibit D, at 26:25-27:5; Exhibit E, at 17:6-10; Exhibit F, at 31:25-32:2.<br><br>Notwithstanding the above, this purported fact does not create a genuine issue as to a material fact. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). |



JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| 3. The dispatcher asked the 911 caller, "How come? What's going on? Why do you want to?"; however, the 911 caller hung up the phone.<br><br>**<u>Supporting Evidence:</u>**<br>3. Allein Declaration, at ¶ 2-3; 911 Audio, at 0:28-0:33, Exhibit A; Dispatch Audio Transcript, at 2:2, Exhibit B. | 3. Disputed to the extent that none of the shooting officers heard the 911 call prior to shooting Decedent. The shooting officers received the information regarding the incident from the radio dispatch communications and from the police car onboard computer.<br><br>**<u>Supporting Evidence:</u>**<br>(See Defendants' Undisputed Facts No. 4; see also Exhibit A, Castillo | 3. Undisputed to the extent that none of the TPD Officers *heard* the 911 call. However, the undisputed material facts establish the information received and understood by TPD officers via dispatch and prior to the shooting "was regarding a man with a gun in the area of 2909 Oregon Court [and] [t]he caller stated that he, himself, is the man with the gun, and he is there to kill someone." *See* Defendants' Motion for Summary |


JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | Depo. at 16:1-14; Exhibit B, Garcia Depo. at 32:3-22; Exhibit C, Bermudez Depo. at 27:13-28:16; Exhibit D, Wissler Depo. at 14:19-15:4). | Judgment ("Motion"); Exhibit C, at 15:21-25; Exhibit D, at 26:25-27:5; Exhibit E, at 17:6-10; Exhibit F, at 31:25-32:2.<br><br>Notwithstanding the above, this purported fact does not create a genuine issue as to a material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242. |
| 4. Subsequently, at approximately 4:41 p.m., dispatch informed TPD officers that "RP states there is a man with a gun | 4. Undisputed. | 4. Undisputed. |





JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| [at 2909 Oregon Court]. States he wants to shoot someone. We have one caller only."<br><br>**<u>Supporting Evidence:</u>**<br>4. Allein Declaration, at ¶ 3; Dispatch Audio Transcript, at 2:29-31, Exhibit B. | | |
| 5. Officer Bermudez responded, "[C]opy from Hawthorne and Fashion."<br><br>**<u>Supporting Evidence:</u>**<br>5. Allein Declaration, at ¶ 3; Dispatch Audio Transcript, at 2:35-36, Exhibit B. | 5. Undisputed. | 5. Undisputed. |
| 6. At or around this same time, Officer Castillo requested to "get a drone up[.]" | 6. Undisputed. | 6. Undisputed. |



JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| **<u>Supporting Evidence:</u>**<br>6. Allein Declaration, at ¶ 3; Dispatch Audio Transcript, at 3:9-11, Exhibit B. | | |
| 7. Dispatch eventually told officers the 911 caller's phone number belonged "to a Leonardo Diaz, 34 year old Hispanic male, 6"1', 285, brown over black, black over brown" and that he "possibl[y] work[ed] at the Apollo Scooters at 2909 Oregon Court."<br><br>**<u>Supporting Evidence:</u>**<br>7. Allein Declaration, at ¶ 3-5; Dispatch Audio Transcript, at 6:5-6, 8:31-32, Exhibit B; Deposition of Arturo Castillo ("Castillo Deposition"), at 19:11-16, Exhibit C; Deposition of | 7. Undisputed. | 7. Undisputed. |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| Jason Bermudez ("Bermudez Deposition"), at 29:7-17, Exhibit D. | | |
| 8. It was later confirmed Diaz worked at the Apollo Scooters shop as a repair technician, but that the store moved out of the location approximately a week ago prior to the incident.<br><br>**<u>Supporting Evidence:</u>**<br>8. Allein Declaration, at ¶ 3; Dispatch Audio Transcript, at 9:26-28, 10:11-13, Exhibit B. | 8. Undisputed. | 8. Undisputed. |
| 9. Based on Diaz being near his old place of employment, Officer Castillo "believed that this possibly was a disgruntled employee that possibly | 9. Disputed to the extent that it was unreasonable for Castillo to "believe[] that this possibly was a disgruntled | 9. Undisputed to the extent the undisputed material facts establish that Diaz *did not* kill his former employer and |



JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| killed his former employer and had him in the vehicle."<br><br>**<u>Supporting Evidence:</u>**<br>9. Allein Declaration, at ¶ 4; Castillo Deposition, at 44:3-12, Exhibit C. | employee that possibly killed his former employer and had him in the vehicle for several reasons. The call for service did not indicate that anyone had been injured or shot and Castillo had information that the business where Decedent had worked at had closed down a week prior. Further, Castillo never saw anyone else in Decedent's vehicle, he had no information that anyone had been | had him in his vehicle. However, the issue was whether it was reasonable – based on the totality of the circumstances – for Officer Castillo to *believe* that Diaz may have committed an unlawful offense against his employer. *See United States v McCarty*, 648 F.3d 820, 839 (9th Cir. 2011) ("Under this objective standard, the government need not 'show[] that the officer[s] belief is more likely true than false' "). |



JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | killed or that any employee or employer was missing. **<u>Supporting Evidence:</u>** (Ex. A, Castillo Depo., at 18:17-19, 19:7-10, 22:2-5, 40:5-8, 44:13-23, 45:4-10, 47:9-12, 59:17-20; Exhibit E, Harmening[1] Declaration, at ¶¶ 20, 24.) | However, notwithstanding the above, this purported fact does not create a genuine issue as to a material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242. |
| 10. Further, it was discovered "the phone ping that was being used was in the intersection of Maple and Oregon Court, where the potential man with a | 10. Undisputed. | 10. Undisputed. |

[1] As to Plaintiffs' Exhibit E (Declaration of William Harmening), Defendants' have filed a corresponding Objection to William Harmening's Expert Testimony in support of their Reply.

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| gun was at."<br><br>**<u>Supporting Evidence:</u>**<br>10. Allein Declaration, at ¶ 4-5; Castillo Deposition, at 18:8-16, Exhibit C; Bermudez Deposition, at 29:7-12, Exhibit D. | | |

## B. TPD OFFICERS ARRIVE ON SCENE AND CONTACT DECEDENT

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| 11. At or around this time, the drone operator – Officer J. Clark ("Officer Clark") – "advis[ed] [officers] that there was a male subject in a green Dodge Charger that was opening and closing his door, looking around in the | 11. Undisputed. | 11. Undisputed. |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| area."<br>**Supporting Evidence:**<br>11. Allein Declaration, at ¶ 3-4; Castillo Deposition, at 22:9-15, 25:25-26:4, Exhibit C; Dispatch Audio Transcript, at 11:2-4, Exhibit B; Declaration of Arturo Castillo ("Castillo Declaration"), at ¶ 6; Drone Video #1, at 8:40-14:13, Exhibit G. | | |
| 12. The male subject was later determined to be Diaz.<br>**Supporting Evidence:**<br>12. Allein Declaration, at ¶ 8; Los Angeles County Department of Medical Examiner, Autopsy Report ("Autopsy Report"), at 1, Exhibit M. | 12. Undisputed. | 12. Undisputed. |
| 13. At this point, Officer | 13. Undisputed. | 13. Undisputed. |



JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| Wissler and Sergeant Garcia "continued to the intersection of Oregon Court and Maple, conducted a U-turn, and then proceeded to conduct a traffic stop on the green Charger."<br><br>**<u>Supporting Evidence:</u>**<br>13. Allein Declaration, at ¶ 6-7; Deposition of Cody Wissler ("Wissler Deposition"), at 21:16-23, Exhibit E; Deposition of Jesus Garcia ("Garcia Deposition"), at 42:10-19, Exhibit F. | | |
| 14. Officer Garcia testified there was a malfunction with his body camera causing it not to activate during the incident. | 14. Disputed. Garcia's body cam did not malfunction. Garcia simply failed to properly press the | 14. Officer Garcia testified there was some kind of malfunction which caused his body cam |



JONES MAYER LAW

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
|---|---|---|
| **Supporting Evidence:**<br>14. Allein Declaration, at ¶ 7; Garcia Deposition, at 98:12-17. | button on the camera to activate it.<br><br>**Supporting Evidence:**<br>(Ex. B, Garcia Depo. at 99:3-12). | not to activate. Undisputed to the extent that Garcia testified that specifically "in order to activate the camera, you have to press on the actual button . . . twice [and he] probably didn't press hard enough one of the two times that [he] pressed it, which didn't activate the camera."<br><br>However, notwithstanding the above, this purported fact does not create a genuine issue as to a material fact. Fed. |



JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | | R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242. |
| 15. Officers Castillo and Bermudez then arrived in their vehicle and parked their vehicle "southwest . . . just a bit offset" of where Officer Wissler and Sergeant Garcia were parked.<br><br>**<u>Supporting Evidence:</u>**<br>15. Allein Declaration, at ¶ 4, 6-7; Castillo Deposition, at, 27:25-28:24, Exhibit C; Bermudez Deposition, at 34:16-25, Exhibit D; Garcia Deposition, at 43:5-44:1, Exhibit F. | 15. Undisputed. | 15. Undisputed. |

**C. PLAN TO SAFELY DETAIN LEONARDO DIAZ BY**

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| **CONDUCTING A HIGH RISK STOP** | | |
| 16. "Initially, when [the officers] exited the[ir] vehicle[s], Officer Wissler was tasked with saying commands" – specifically, for Diaz "to lower [his] windows [and] '[l]et me see your hands.' "<br><br>**<u>Supporting Evidence:</u>**<br>16. Allein Declaration, at ¶ 6-7; Garcia Deposition, at 47:3-10, Exhibit F; Wissler Deposition, at 26:9-13, Exhibit E. | 16. Disputed to the extent that in Wissler's interview he indicated that he gave commands for Decedent to slowly open the door with his left hand.<br><br>**<u>Supporting Evidence:</u>**<br>(Exhibit F, Wissler Interview at 13:28-32, 14:7-11). | 16. Undisputed to the extent that Officer Wissler stated he also commanded Diaz to " 'slowly open the door [] with your left hand[.]' "<br><br>However, notwithstanding the above, this purported fact does not create a genuine issue as to a material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242. |
| 17. During this time, drone | 17. Undisputed. | 17. Undisputed. |



JONES MAYER LAW

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
|---|---|---|
| operator Officer Clark "continued to notify [the officers] that the driver in the green Charger began to open and close his door."<br><br>**<u>Supporting Evidence:</u>**<br>17. Allein Declaration, at ¶ 4, 6-7; Wissler Deposition, at 26:19-23, Exhibit E; Garcia Deposition, at 47:14-17, Exhibit F; Castillo Deposition, at 38:20-24, Exhibit C. | | |
| 18. Sergeant Garcia then "told Officer Bermudez to move his vehicle from its current position and position it [like a felony stop] north of Officer Wissler and [Sergeant Garcia's] vehicle; Officer Bermudez then "moved his | 18. Undisputed. | 18. Undisputed. |





JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| vehicle and parked it just north of Officer Wissler and [Sergeant Garcia's] vehicle [("WG Vehicle")]."<br><br>**<u>Supporting Evidence:</u>**<br>18. Allein Declaration, at ¶ 4-5, 7; Garcia Deposition, at 47:23-48:8, Exhibit F, Castillo Deposition, at 41:25-42:3, Exhibit C; Bermudez Deposition, at 39:5-11, Exhibit D. | | |
| 19. A plan was developed to conduct a high-risk stop, to create time, distance, and cover while safely detaining Diaz; Officer Bermudez positioned himself on the driver's side of Castillo/Bermudez's vehicle ("CB Vehicle"); Sergeant Garcia positioned | 19. Disputed to the extent other than Castillo telling Bermudez to reposition his car to do a felony stop, no plan or tactical plan was ever developed prior to the gunshots. | 19. Disputed to the extent that there was "no plan or tactical plan [] ever developed prior to the gunshots." Rather, the undisputed material facts establish a plan had in fact been |





JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| himself on the passenger side of CB's vehicle; and Officer Wissler positioned himself to the driver's side of WG's vehicle.<br><br>**<u>Supporting Evidence:</u>**<br>19. Allein Declaration, at ¶ 4, 7; Castillo Deposition, at 31:10-23, 33:2-13, 41:8-11, Exhibit C; Garcia Deposition, at 48:9-15, Exhibit F. | **<u>Supporting Evidence:</u>**<br>(Ex. B, Garcia Depo at 49:7-12, Ex. C, Bermudez Depo. at 91:13-92:10; Exhibit G, Officer Body Cam Bates TPD 00040 at 0:00:12-0:02:58). | developed.<br>Specifically, Officer Castillo testified on three separate occasions that once TPD officers had reasonable suspicion to believe Diaz was possibly the man with the gun, the officers "transitioned over to high-risk tactics, which, in that situation, it requires four officers who are assigned as lethal coverage, one officer being the contact officer who starts the commands [¶] [a]nd the other officers who gets different vantage |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | | points, based on the configuration of the cars, to get a better visual of inside the vehicle [and] [o]nce that configuration [was] done, we tr[ied] to utilize time, distance, and cover, to get more resources there to help assist us with the problem." Motion, at Exhibit C, at 31:10-23, 33:2-13, 41:8-11.<br><br>However, notwithstanding the above, this purported fact does not create a genuine issue as to a |



JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | | material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242. |
| 20. Behind Defendant Officers was Maple Avenue, which was full of "a lot of cars . . . leaving work."<br><br>**<u>Supporting Evidence:</u>**<br>20. Allein Declaration, at ¶ 5; Bermudez Deposition, at 60:3-10, Exhibit D. | 20. Disputed. The street behind the officer was approximately 20 feet away and there was nothing physically obstructing the officers from backing up. There was sufficient room to back up and increase the distance from the officers and Decedent.<br><br>**<u>Supporting</u>** | 20. Undisputed to the extent that Officer Bermudez testified he believed the street was "maybe like 20 feet" away. As to William Harmening's declaration wherein he stated that "[a]ll four officers . . . had a wide-open area to maneuver and to back up as Diaz approached[,]" Defendants object for lack of foundation and |



JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | **<u>Evidence:</u>** (Ex. C, Bermudez Depo. at 60:11-17; Ex. E, Harmening Decl. at ¶¶ 14, 15, 21-22. | conclusory in nature. First, Harmening *never* visited the scene where the shooting occurred. Therefore, he lacks the ability to testify that the TPD officers had the ability to reposition themselves when he himself has never personally viewed the area in question. Second, Harmening fails to offer testimony to establish that 20 feet constitutes a "wide-open area" to provide TPD officers the ability to reposition. Rather, his |



JM JONES MAYER LAW

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
|---|---|---|
| | | testimony is conclusory in nature and not rooted in the underlying facts of this case. *See Sound View Innovations v. Hulu*, 2019 U.S. Dist. LEXIS 167092, at *6 (C.D. Dist. Aug. 5, 2019) ("The nonmoving party cannot defeat a motion for summary judgment simply by proffering a conclusory opinion from an expert."); *see also Soremekun v. Thrifty Payless Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | | testimony in affidavits and moving papers is insufficient to raise genuine issues of fact to defeat summary judgment."). |
| 21. Officer Castillo grabbed the M4 rifle from his trunk and positioned himself on the passenger side of WG's vehicle.<br><br>**Supporting Evidence:**<br>21. Allein Declaration, at ¶ 4, 7; Castillo Deposition, at 37:16-20, Exhibit C; Garcia Deposition, at 47:18-21, Exhibit F. | 21. Undisputed. | 21. Undisputed. |
| 22. Prior to Sergeant | 22. Undisputed. | 22. Undisputed. |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| Garcia repositioning himself, Officer Castillo had told Sergeant Garcia, "Why don't you quarterback this? I got the long gun[.]"<br><br>**<u>Supporting Evidence:</u>**<br>22. Allein Declaration, at ¶ 4, 7; Garcia Deposition, at 52:16-21, Exhibit F; Castillo Deposition, at 51:17-23, Exhibit C; Castillo Declaration, at ¶ 5; Castillo Body Cam, at 1:27-1:31. | | |
| 23. Sergeant Garcia understood Officer Castillo's statement to "basically . . . take charge and designate any – any roles . . . [to] basically take over . . . giving any instructions to [Officer | 23. Undisputed. | 23. Undisputed. |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| Castillo's] partner who was on his first day of patrol." **<u>Supporting Evidence:</u>** 23. Allein Declaration, at ¶ 7; Garcia Deposition, at 52:22-53:5, Exhibit F. | | |
| 24. Sergeant Garcia "also asked for less lethal" – specifically, "for the next unit arriving on scene – to bring less-lethal option with them[.]" **<u>Supporting Evidence:</u>** 24. Allein Declaration, at ¶ 3, 7; Garcia Deposition, at 49:1-6, Exhibit F; Dispatch Audio Transcript, at 12:36-13:2, Exhibit B. | 24. Undisputed. | 24. Undisputed. |
| 25. Subsequently, Officer Wissler commanded Diaz to | 25. Undisputed. | 25. Undisputed. |





JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| open the door and told Diaz on seven separate occasions, "Let me see your hands."<br><br>**<u>Supporting Evidence:</u>**<br>25. Allein Declaration, at ¶ 4-7; Wissler Deposition, at 41:7-12, Exhibit E; Declaration of Cody Wissler ("Wissler Declaration"), at ¶ 5; Cody Wissler Body Worn Camera ("Wissler Body Cam"), at 0:37-3:02, Exhibit H; Garcia Deposition, at 48:16-21, Exhibit F; Castillo Deposition, at 48:10-24, Exhibit C; Castillo Declaration, at ¶ 5; Arturo Castillo Body Worn Camera ("Castillo Body Cam"), at 0:37-2:45, Exhibit I; Bermudez Deposition, at 49:21-50:4, Exhibit D; | | |



JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| Declaration of Jason Bermudez ("Bermudez Declaration"), at ¶ 5; Jason Bermudez Body Worn Camera ("Bermudez Body Cam"), at 1:50-2:00, Exhibit J. | | |
| 26. Diaz partially opened the door and Officer Wissler stated, "He's got a knife. He's bleeding."<br><br>**<u>Supporting Evidence:</u>**<br>26. Allein Declaration, at ¶ 6; Wissler Deposition, at 31:12-18, Exhibit E; Wissler Declaration, at ¶ 5; Wissler Body Cam, at 2:29-2:31, Exhibit H; Castillo Declaration, at ¶ 6; Drone Video #2, at 0:46-0:50, Exhibit K; Declaration of Jesus Garcia ("Garcia | 26. Undisputed. | 26. Undisputed. |

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
|---|---|---|
| Declaration"), at ¶ 5; Patrol Vehicle Camera, at 1:33-1:35, Exhibit L. | | |
| 27. It was later determined the weapon in Diaz's right hand was not a knife, but rather a flathead screwdriver.<br><br>**<u>Supporting Evidence:</u>**<br>27. Allein Declaration, at ¶ 4-5, 7; Castillo Deposition, at 71:21-24, Exhibit C; Bermudez Deposition, at 73:17-21, Exhibit D; Garcia Deposition, at 109:8-10. | 27. Disputed as to when the officers were able to determine that it was a flathead screwdriver. A flathead screwdriver does not look like a knife. Further, Decedent was walking at a slow pace, Decedent remained holding the screwdriver in the same general place down by his side, right before and at the time of the shooting Decedent was at a | 27. Undisputed to the extent that Officers Castillo and Wissler stated during their initial interviews that the lighting was good and that it was clear. Disputed as to the fact that "[a] flathead screwdriver does not look like a knife *and* that the TPD Officers should have been able to see that the item was a screwdriver based on the good lighting outside at the time of the shooting. |



JONES MAYER LAW

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
|---|---|---|
| | distance where the officers should have been able to see that the item was a screwdriver and not a knife and there was good lighting outside at the time of the incident.<br>**Supporting Evidence:**<br>(Ex. G, Officer Body Cam Bates TPD 00040 at 0:00:12-0:02:58; Exhibit H, Castillo Interview at 24:32-34; Exhibit F, Wissler Interview at 22:16-25. | First, these statements are conclusory without any references to admissible evidence. Second, the undisputed material facts establish that Diaz was gripping the screwdriver in a position where only the metallic portion was visible – which several feet away appeared to be a knife. Finally, these facts are immaterial because, as noted in the Motion, a screwdriver has been held to be a deadly weapon. *See Grandison v. Hense,* |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | | 2012 U.S. Dist. LEXIS 63499, at *29-30 (C.D. Cal. Mar. 26, 2012). |
| 28. At this point, Officer Wissler again told Diaz to "Let me see your hands[,]" but also told him to "Open the door" and "Drop the knife."<br><br>**<u>Supporting Evidence:</u>**<br>28. Wissler Declaration, at ¶ 5; Wissler Body Cam, at 2:36-2:58, Exhibit H; Garcia Declaration, at ¶ 5; Patrol Vehicle Camera, at 1:35-2:02, Exhibit L. | 28. Undisputed. | 28. Undisputed. |
| 29. Diaz then exited the vehicle and began walking towards the officers while holding what appeared to be a knife "off to his side of the | 29. Disputed. A flathead screwdriver does not look like a knife. Further, Decedent was | 29. Undisputed to the extent that Officers Castillo and Wissler stated during their initial |





JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| hip, pointed toward[s] [them]" and his left hand/wrist were covered in blood.<br><br>**<u>Supporting Evidence:</u>**<br>29. Allein Declaration, at ¶ 4-7; Castillo Deposition, at 57:20-24, Exhibit C; Bermudez Deposition, at 53:24-54:6, Exhibit D; Wissler Deposition, at 37:11-16, Exhibit E; Garcia Deposition, at 63:21-23, 65:22-66:7, Exhibit F; Castillo Declaration, at ¶ 6; Drone Video #2, at 0:52-1:07, Exhibit K; Garcia Declaration, at ¶ 5; Patrol Vehicle Camera, at 2:02-2:19, Exhibit L. | walking at a slow pace, Decedent remained holding the screwdriver in the same general place down by his side, right before and at the time of the shooting Decedent was at a distance where the officers should have been able to see that the item was a screwdriver and not a knife and there was good lighting outside at the time of the incident. Further, disputed that Decedent was pointed the screwdriver towards | interviews that the lighting was good and that it was clear. Disputed as to the fact that "[a] flathead screwdriver does not look like a knife *and* that the TPD Officers should have been able to see that the item was a screwdriver based on the good lighting outside at the time of the shooting. First, these statements are conclusory without any references to admissible evidence. Second, the undisputed material facts establish that |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | the officers. Videos of the incident do not show Decedent pointing the screwdriver directly at the officers.<br><br>**<u>Supporting Evidence:</u>**<br>(Ex. G, Officer Body Cam Bates TPD 00040 at 0:00:12-0:02:58; Ex. I, Officer Body Cam Bates TPD 00039 at 0:00:25-0:03:16; Exhibit H, Castillo Interview at 24:19-32; Ex. F, Wissler Interview at 22:16-25). | Diaz was gripping the screwdriver in a position where only the metallic portion was visible – which several feet away appeared to be a knife. Finally, these facts are immaterial because, as noted in the Motion, a screwdriver has been held to be a deadly weapon. *See Grandison v. Hense*, 2012 U.S. Dist. LEXIS 63499, at *29-30 (C.D. Cal. Mar. 26, 2012).<br><br>Further, as to the issue of how Diaz was holding the |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | | knife, this Court should view these "facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007). The undisputed material facts – as demonstrated by the video evidence – demonstrate that Diaz had the screwdriver to his side with the metallic portion pointed towards the officers.<br>However, notwithstanding the above, these purported facts do not create a genuine |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | | issue as to a material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242. |
| 30. Officers commanded Diaz to "turn around," "get on the ground," and "drop the knife"; however, Diaz continued to walk towards officers with the weapon in his hand pointed at the officers.<br><br>**<u>Supporting Evidence:</u>**<br>30. Allein Declaration, at ¶ 4-5, 7; Wissler Deposition, at 41:13-42:3, Exhibit E; Wissler Declaration, at ¶ 5; Wissler Body Cam, at 3:00-3:15, Exhibit H; Castillo Deposition, at 56:21-25, | 30. Disputed that the screwdriver was pointed at the officers. Videos of the incident do not show Decedent pointing the screwdriver directly at the officers.<br><br>**<u>Supporting Evidence:</u>**<br>(Ex. G, Officer Body Cam Bates, TPD 00040 at 0:00:12- | 30. As to the issue of how Diaz was holding the knife, this Court should view these "facts in the light depicted by the videotape." *Scott*, 550 U.S. at 381. The undisputed material facts – as demonstrated by the video evidence – demonstrate that Diaz had the screwdriver to his side with the metallic portion |



JM JONES MAYER LAW

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
|---|---|---|
| Exhibit C; Castillo Declaration, at ¶ 5; Castillo Body Cam, at 2:48-2:58, Exhibit I; Bermudez Deposition, at 57:2-15, Exhibit D; Bermudez Declaration, at ¶ 5; Bermudez Body Cam, at 2:12-2:21, Exhibit J; Garcia Deposition, at 70:5-23, Exhibit F; Garcia Declaration, at ¶ 5; Patrol Vehicle Camera, at 2:02-2:19, Exhibit L. | 0:02:58; Ex. I, Officer Body Cam Bates TPD 00039 at 0:00:25-0:03:16.) | pointed towards the officers.<br><br>However, notwithstanding the above, this purported fact does not create a genuine issue as to a material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242. |
| 31. As Sergeant Garcia and Officer Castillo instructed Diaz to "Stop; get on the ground; [and] drop the knife," Diaz "nodded his head in a side-to-side motion . . . as if to say, 'No, I'm not going to do what you ask.' " | 31. Disputed that Decedent "nodded his head in as side-to-side motion . . . as if to say, 'No, I'm not going to do what you ask.' " As an initial mater, Defendants are speculating as to | 31. First and foremost, this Court should view these "facts in the light depicted by the videotape." *Scott*, 550 U.S. at 381. The undisputed material facts – as |




JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| **<u>Supporting Evidence:</u>** 31. Allein Declaration, at ¶ 4, 7; Garcia Deposition, at 96:1-6, Exhibit F; Castillo Deposition, at 57:1-4, Exhibit C; Wissler Declaration, at ¶ 5; Wissler Body Cam, at 3:07-3:08, Exhibit H; Castillo Declaration, at ¶ 6; Drone Video #2, at 0:56-0:58, Exhibit K; Garcia Declaration, at ¶ 5; Patrol Vehicle Camera, at 2:09-2:11, Exhibit L. | what Decedent was thinking. Further, during his interview, Bermudez told investigators that Decedent never did anything to communicate verbally or non-verbally. (Exhibit J, Bermudez Interview at 31:38-32:2, 32:28-31.) | demonstrated by the video evidence – demonstrates that Diaz nods his head in a side-to-side motion as he walked towards the officers.<br><br>Second, as to Sergeant Garcia's perception of what this nodding meant, the issue is whether it was reasonable – based on the totality of the circumstances – for Sergeant Garcia to *believe* that Diaz was nodding his head in a manner consistent with someone disagreeing with |

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
|---|---|---|
| | | what is being communicating to them. *See United States v McCarty*, 648 F.3d at 839 ("Under this objective standard, the government need not 'show[] that the officer[s] belief is more likely true than false' ").<br><br>However, notwithstanding the above, these purported facts do not create a genuine issue as to a material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 |





JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | | U.S. 242. |
| 32. "Initially, once [Diaz] began walking, he walked diagonally in a northwest position. He maybe did that for 7 or 8 feet, and then he did what [Sergeant Garcia] would describe as like a quarter turn and then continued westbound in a straight . . . line."<br><br>**<u>Supporting Evidence:</u>**<br>32. Allein Declaration, at ¶ 7; Garcia Deposition, at 68:21-69-7, Exhibit F; Wissler Declaration, at ¶ 5; Wissler Body Cam, at 3:01-3:15, Exhibit H; Castillo Declaration, at ¶ 6; Drone Video #2, at 0:52-1:03, Exhibit K; Garcia Declaration, at ¶ 5; Patrol | 32. Disputed that Decedent did "like a quarter turn." Decedent appears to be walking in the same general direction during the incident and does not appear to do a turn.<br><br>**<u>Supporting Evidence:</u>**<br>(Ex. K, Drone Video Bates TPD 00099 at 0:00:50-0:01:07.) | 32. First and foremost, this Court should view these "facts in the light depicted by the videotape." *Scott*, 550 U.S. at 381. The undisputed material facts – as demonstrated by the video evidence – demonstrates that Diaz does in fact turn towards where Bermudez and Garcia were positioned.<br>Second, as to Sergeant Garcia's perception of what he perceived regarding Diaz's |



JM JONES MAYER LAW

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
|---|---|---|
| Vehicle Camera, at 2:02-2:12, Exhibit L. | | walking pattern, the issue is whether it was reasonable – based on the totality of the circumstances – for Sergeant Garcia to *believe* that Diaz walked towards him. *See United States v McCarty*, 648 F.3d at 839 ("Under this objective standard, the government need not 'show[] that the officer[s] belief is more likely true than false' "). However, notwithstanding the above, these purported facts do not create a genuine |



JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | | issue as to a material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242. |
| 33. Prior to the officers' firing their weapons, Diaz was: "[l]ess than 5 feet" away from Officer Castillo; "[a]pproximately 3 feet" away from Officer Wissler; and "4 to 5 feet" away from Sergeant Garcia.<br><br>**Supporting Evidence:**<br>33. Allein Declaration, at ¶ 4, 6-7; Castillo Deposition, at 77:3-6, Exhibit C; Castillo Declaration, at ¶ 5; Castillo Body Cam, at 2:44-3:00, Exhibit I; Wissler Deposition, at 45:7-9, | 33. Disputed. Based on video of the incident, Decedent appears to be further than 3-5 feet from the officers at the time of the shooting. Wissler estimated that Decedent was approximately 7 feet away from Garcia when the shooting began.<br><br>**Supporting Evidence:** | 33. This Court should view these "facts in the light depicted by the videotape." *Scott*, 550 U.S. at 381. The undisputed material facts – as demonstrated by the video evidence – establish Diaz's distance from Sergeant Garcia.<br><br>However, notwithstanding the above, this |


JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| Exhibit E; Wissler Declaration, at ¶ 5; Wissler Body Cam, at 3:15-3:16, Exhibit H; Garcia Deposition, at 81:4-6, Exhibit F; Castillo Declaration, at ¶ 6; Drone Video #2, at 1:07, Exhibit K; Garcia Declaration, at ¶ 5; Patrol Vehicle Camera, at 2:19, Exhibit L. | (Ex. K, Drone Video Bates TPD 00099 at 0:00:50-0:01:07; Ex. D, Wissler Depo. at 60:16-19). | purported fact does not create a genuine issue as to a material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242. |
| 34. Officer Bermudez testified the nearest officer was approximately 5 feet away from Diaz before he fired.<br><br>**<u>Supporting Evidence:</u>**<br>34. Allein Declaration, at ¶ 5; Bermudez Deposition, at 61:2-9, Exhibit D. | 34. Disputed. Based on video of the incident, Decedent appears to be further than 5 feet from the nearest officer before Bermudez fired.<br><br>**<u>Supporting Evidence:</u>**<br>(Ex. K, Drone Video | First and foremost, an officer is permitted to provide an estimation of distance even if he is later deemed to be incorrect. *See generally United States v. Chavez-Valenzuela*, 268 F.3d 718, 723-24 (9th Cir. 2001) (overruled on |

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
|---|---|---|
| | Bates TPD 00099 at 0:00:50-0:01:07). | other grounds by *United States v. Martinez*, 403 Fed.Appx. 182, 183 (9th Cir. 2010).<br><br>Second, this Court should view these "facts in the light depicted by the videotape." *Scott*, 550 U.S. at 381. The undisputed material facts – as demonstrated by the video evidence – establish Diaz's distance from Sergeant Garcia.<br><br>However, notwithstanding the above, this |



JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | | purported fact does not create a genuine issue as to a material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242. |
| 35. Specifically, Diaz walked past the front of the two patrol vehicles directly in front of Sergeant Garcia.<br><br>**Supporting Evidence:**<br>35. Allein Declaration, at ¶ 7; Wissler Declaration, at ¶ 5; Wissler Body Cam, at 3:15-3:20, Exhibit H; Garcia Deposition, at 87:15-88:11, Exhibit F; Castillo Declaration, at ¶ 6; Drone Video #2, at 1:07, Exhibit K. | 35. Disputed. As an initial matter it is vague as to what point in time Defendants are referring to. Disputed that Decedent "walked past the front of the patrol vehicles" prior to the gunshots.<br><br>**Supporting Evidence:** | 35. This Court should view these "facts in the light depicted by the videotape." *Scott*, 550 U.S. at 381. The undisputed material facts – as demonstrated by the video evidence – establish Diaz's positioning prior to TPD Officers firing their weapons. |



JM JONES MAYER LAW

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
|---|---|---|
| | (Ex. K, Drone Video Bates TPD 00099 at 0:00:50-0:01:07). | However, notwithstanding the above, this purported fact does not create a genuine issue as to a material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242. |
| 36. Officer Castillo then fired two shots; Officer Bermudez fired three shots; Officer Wissler fired three shots; and Sergeant Garcia fired two shots.<br><br>**<u>Supporting Evidence:</u>**<br>36. Allein Declaration, at ¶ 4-7; Castillo Deposition, at 62:5-6, Exhibit C; Castillo Declaration, at ¶ 5; Castillo | 36. Disputed that Decedent "walked past the front of the two patrol vehicles" and then was shot by the four officers. Disputed that Castillo fired "fired two shots." During his interview, Castillo told investigators he | 36. Undisputed to the extent that Castillo initially stated he fired three shots; however, after conducting a round count on his firearm, he discovered he had fired only two shots. Further, as to Diaz's positioning, this Court should view |

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
|---|---|---|
| Body Cam, at 2:58-3:00, Exhibit I; Bermudez Deposition, at 23:17-19, Exhibit D; Bermudez Declaration at ¶ 5; Bermudez Body Cam, at 2:20-2:22, Exhibit J; Wissler Deposition, at 47:5-6, Exhibit E; Wissler Declaration, at ¶ 5; Wissler Body Cam, at 3:16-3:18, Exhibit H; Garcia Deposition, at 81:10-12, Exhibit F. | fired three shots.<br><br>**Supporting Evidence:**<br>(Ex. K, Drone Video Bates TPD 00099 at 0:00:50-0:01:07; Ex. H, Castillo Int. at 60:7-9.) | these "facts in the light depicted by the videotape." *Scott*, 550 U.S. at 381. The undisputed material facts – as demonstrated by the video evidence – establish Diaz's positioning prior to TPD Officers firing their weapons.<br><br>However, notwithstanding the above, these purported facts do not create a genuine issue as to a material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | | U.S. 242. |
| 37. Immediately prior to firing his two shots, Officer Castillo yelled, "40, 40, 40, c'mon[,]" which was in reference to the 40-millimeter less lethal weapon. However, at this time, the 40-millimiter was locked in the trunk and an officer "would then [have to] locate . . . a small bag that contain[ed] the rounds that's used for the 40 millimeter, which would be the sponge rounds [and] [¶] would then have to remove the correct round to load into the 40-millimeter weapon." Further, although Officers Samuel Choi ("Officer Choi") and Kevin High ("Officer High") | 37. Disputed. Officers Choi and High were never designated as less lethal. Officers Castillo, Garcia, Bermudez and Wissler never designated anyone as less lethal prior to the shooting. During the incident, Castillo yelled out to Garcia, Bermudez, and Wissler, his partners on scene, to "get the 40 up" and "40, 40, 40, come on) so they could deploy the 40mm less lethal against Decedent. | 37. Undisputed to the extent that Castillo testified that *he specifically* did not tell Choi or High they were designated as less lethal and that he was yelling out to Garcia, Bermudez, and Wissler to get the 40 mm. However, Castillo testified that Choi and High would be designated as less-lethal coverage. Further, Officer Choi stated in his declaration he was "assigned as less lethal – meaning |

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
| --- | --- | --- |
| were designated as less-lethal coverage, they were unable to respond and position with the 40-millimeter before engaging Diaz because: (1) they arrived as the shooting was occurring; (2) Diaz "exited the vehicle on his own, without being told so, and began to close the distance on [the Defendant Officers], limiting the effective range for that 40-millimeter launcher"; and as described by Officer Choi in his declaration, the 40-millimeter required an extensive process before he could have it ready for use.<br><br>**<u>Supporting Evidence:</u>**<br>37. Allein Declaration, at | Castillo was not communicating this over the radio for Officers Choi and High to hear. Instead, Castillo was yelling it out to Garcia, Bermudez and Wissler, who were directly to his left, within yelling distance. Castillo also testified that no one ever designated Officers Choi or High as less lethal while they were at the scene. Further disputed that Decedent was not within the "effective range for that 40-millimeter | [he] was tasked with utilizing the 40 mm less lethal launcher ("40 mm") inside [his] patrol vehicle."<br><br>Further, it is undisputed that Garcia testified the maximum effective range for the 40 mm is 120 feet.<br><br>However, Defendants object to Harmening's declaration whereby he declares that "[t]wo minutes and thirty seconds (amount of time from when officers exited their vehicles until |



JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| ¶4, 7; Declaration of Samuel Choi, at ¶¶ 1-13; Castillo Deposition, at 30:4-12, 74:19-75:1, 90:6-9, 91:7-13, Exhibit C; Castillo Declaration, at ¶ 5; Castillo Body Cam, at 2:54-2:57, Exhibit I; Garcia Deposition, at 26:3-19, Exhibit F; Garcia Declaration, at ¶ 5; Patrol Vehicle Camera, at 2:14-2:16, Exhibit L. | launcher." The effective range for the 40mm is up to 120 feet. Further disputed to the extent that there was sufficient time to designate an officer as less lethal and to retrieve the 40mm and ammo from the back of the patrol cruiser. There was approximately 2 minutes and 35 seconds from when the officers exited their vehicles, until the Decedent exited out of his vehicle. This was sufficient time for the officers | Decedent exited his vehicle) is more than enough time to formulate a tactical plan and designate less lethal and to transition to les lethal, including in the back of the police cruiser." Exhibit E, at ¶ 26. Specifically, Harmening offers no factual basis for this opinion; rather, this opinion is conclusory in nature and not rooted in the underlying facts of this case. *See Sound View Innovations*, 2019 U.S. Dist. LEXIS 167092, at *6 ("The nonmoving |



JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | to designate someone as less lethal and retrieve the 40mm and ammo from the police cruiser. Especially for Bermudez who had entered the car to reposition it during this time period.<br><br>**<u>Supporting Evidence:</u>**<br>(Ex. G, Officer Body Cam Bates TPD 00040 at 0:00:12-0:02:58; Ex. A, Castillo Depo. at 92:8-11; Ex. B, Garcia Depo. at 16:11-14; Exhibit L, Officer Body Cam | party cannot defeat a motion for summary judgment simply by proffering a conclusory opinion from an expert."); *see also Soremekun*, 509 F.3d at 984 ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact to defeat summary judgment.").<br><br>Nevertheless, notwithstanding the above, these purported facts do |





JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| | Bates TPD 00041 at 0:00:25-0:02:21; Exhibit M, Officer Body Cam Bates TPD 00040 at 0:00:23-0:03:15; Ex. I, Officer Body Cam Cam Bates TPD 00039 at 0:00:00-0:03:16; Exhibit H, Castillo Interview, at 17:10-13; Ex. E, Harmening Decl. at ¶ 26. | not create a genuine issue as to a material fact. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242. |
| 38. Diaz fell right up against the front passenger wheel of WG's vehicle – directly in front of Sergeant Garcia and between both patrol vehicles.<br><br>**<u>Supporting Evidence:</u>**<br>38. Allein Declaration, at ¶ | 38. Undisputed. | 38. Undisputed. |



JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| 4-7; Castillo Deposition, at 82:3-9, Exhibit C; Castillo Declaration, at ¶ 5; Castillo Body Cam, at 4:35, Exhibit I; Bermudez Deposition, at 70:11-18, Exhibit D; Bermudez Declaration, at ¶ 5; Bermudez Body Cam, at 2:41-2:43, Exhibit J; Wissler Deposition, at 55:6-56:2, Exhibit E; Wissler Declaration, at ¶ 5; Wissler Body Cam, at 3:23, Exhibit H; Garcia Deposition, at 87:16-88:11, Exhibit F; Castillo Declaration, at ¶ 6; Drone Video #2, at 1:07, 1:12, Exhibit K. | | |

**D. FACTS RELEVANT TO PLAINTIFFS' CLAIMS REGARDING FAILURE TO TRAIN DEFENDANT OFFICERS**

| | | |
|---|---|---|
| 39. TPD Officers Castillo, Wissler, Garcia, and Bermudez completed the | 39. Undisputed. | 39. Undisputed. |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| Los Angeles County Sheriff's Department Academy and the "Basic Course – Intensive" before becoming patrol officers.<br><br>**<u>Supporting Evidence:</u>**<br>39. Declaration of Ryan Schmitz ("Schmitz Declaration"), at ¶¶ 5-8; Officer Castillo's California Commission on POST Profile ("POST Profile"), "Basic Course – Intensive," completed on March 13, 2020, at 1, Exhibit O; Officer Wissler's POST Profile, "Basic Course – Intensive," completed on August 30, 2024, at 1, Exhibit P; Sergeant Garcia's POST Profile, "Basic Course – Intensive," | | |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| completed on July 28, 2004, at 1, Exhibit Q; Officer Bermudez's POST Profile, "Basic Course – Intensive," completed on November 8, 2024, at 1, Exhibit R. | | |
| 40. Further, TPD Officers Castillo, Wissler, Garcia, and Bermudez received training on the use of force.<br><br>**<u>Supporting Evidence:</u>**<br>40. Schmitz Declaration, at ¶¶ 5-8; Officer Castillo's POST Profile, "Use of Force (PSP)/Force Options Use of Force/De-Esc", completed on February 24, 2022, July 27, 2023, February 15, 2024, February 29, 2024, January 30, 2025, February 12, 2025, at 1-2, Exhibit O; Officer Wissler's POST | 40. Undisputed. | 40. Undisputed. |



JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| Profile, "Force Options Use of Force/De-Esc", completed on October 2, 2024, at 1, Exhibit P; Sergeant Garcia's POST Profile, "Use of Force (PSP)/De-Escalation Awareness/Use of Force Instructor", completed on January 20, 2022, March 9, 2023, July 27, 2023, October 23, 2024, July 11, 2025, at 1-4, Exhibit Q; Officer Bermudez's POST Profile, "Use of Force (PSP)/Force Options Use of Force/De-Esc", completed on July 30, 2025, September 11, 2025, at 1, Exhibit R. | | |
| 41. The TPD trains its officers that officers shall use only that amount of force that reasonably | 41. Undisputed. | 41. Undisputed. |





JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| appears necessary given the facts and totality of the circumstances known to or perceived by the officer at the time of the event to accomplish a legitimate law enforcement purpose.<br><br>**<u>Supporting Evidence:</u>**<br>41. Schmitz Declaration, at ¶ 4; Torrance Police Department Policy Manual ("Policy Manual"), 300.3, at 63-64, Exhibit N. | | |
| 42. The TPD's policy requires officers to use only the level of force that is objectively reasonable and to consider actions that may increase officer safety and may decrease the need for using force and that "[i]f the officer reasonably | 42. Undisputed. | 42. Undisputed. |





JONES MAYER LAW

| **DEFENDANTS' UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSES IN REPLY** |
|---|---|---|
| believes that a threat exists based on the totality of circumstances presented at the time (e.g., high-risk stop, tactical entry, armed encounter), firearms may be directed toward such threat until the officer no longer perceives such threat."<br><br>**<u>Supporting Evidence:</u>**<br>42. Schmitz Declaration, at ¶ 4; Policy Manual, 300.3, 300.3.2, 300.4.2, at 63-64, 68, Exhibit N. | | |
| 43. Further, the TPD's policy states an officer is justified to use deadly force when the officer reasonably believes it is necessary "to protect themself or others from what the officer | 43. Undisputed. | 43. Undisputed. |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
| --- | --- | --- |
| reasonably believes is an imminent threat of death or serious bodily injury to the officer or another person."<br><br>**<u>Supporting Evidence:</u>**<br>43. Schmitz Declaration, at ¶ 4; Policy Manual, 300.4, at 67, Exhibit N. | | |
| 44. The TPD's policy also states that an officer should consider actions that may increase officer safety and may decrease the need for using force only if "time and circumstances reasonably permit, and when community and officer safety would not be compromised[.]" | 44. Undisputed. | 44. Undisputed. |

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| **<u>Supporting Evidence:</u>**<br>44. Schmitz Declaration, at ¶ 4; Policy Manual, 300.3.6, at 66, Exhibit N. | | |
| 45. Finally, officers are trained that "[o]nce it is reasonably safe to do so, properly trained officers should promptly provide or procure medical assistance for any person injured or claiming to have been injured in a use of force incident[.]"<br><br>**<u>Supporting Evidence:</u>**<br>45. Schmitz Declaration, at ¶ 4; Policy Manual, 300.6, at 69, Exhibit N. | 45. Undisputed. | 45. Undisputed. |
| 46. Officers Castillo, Wissler, Garcia, and Bermudez received adequate training on the | 46. Undisputed. | 46. Undisputed. |



JM JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| use of force and use of deadly force.<br><br>**Supporting Evidence:**<br>46. Schmitz Declaration, at ¶¶ 5-8; Officer Castillo's POST Profile, "Use of Force (PSP)/Force Options Use of Force/De-Esc", completed on February 24, 2022, July 27, 2023, February 15, 2024, February 29, 2024, January 30, 2025, February 12, 2025, at 1-2, Exhibit O; Officer Wissler's POST Profile, "Force Options Use of Force/De-Esc", completed on October 2, 2024, at 1, Exhibit P; Sergeant Garcia's POST Profile, "Use of Force (PSP)/De-Escalation Awareness/Use of Force Instructor", | | |



JONES MAYER LAW

| DEFENDANTS' UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSES AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSES IN REPLY |
|---|---|---|
| completed on January 20, 2022, March 9, 2023, July 27, 2023, October 23, 2024, July 11, 2025, at 1-4, Exhibit Q; Officer Bermudez's POST Profile, "Use of Force (PSP)/Force Options Use of Force/De-Esc", completed on July 30, 2025, September 11, 2025, at 1, Exhibit R. | | |
| 47. As a result of this incident, Plaintiffs filed the underlying First Amended Complaint in this Court.<br><br>**<u>Supporting Evidence:</u>**<br>47. Allein Declaration, at ¶ 9; First Amended Complaint, Exhibit S. | 47. Undisputed. | 47. Undisputed. |



JM JONES MAYER LAW

## PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| 48. | Leonardo Diaz ("Decedent") was 34 years old when he was fatally shot by Officers Castillo, Garcia, Bermudez and Wissler of the Torrance Police Department.<br><br>**Supporting Evidence:**<br>Exhibit O, Autopsy Report at Cover Page and Page 1 (top right hand corner). | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 49. | Decedent sustained nine (9) gunshot wounds, including two (2) shots to the back (gunshot wounds "E" and "F").<br><br>**Supporting Evidence:**<br>Ex. O, Autopsy Report at 6-8. | Disputed to the extent that gunshot wounds "E" and "F" were to the right *upper* back.<br><br>Nevertheless, this additional fact does not preclude a grant of summary judgment. |
| 50. | The officers received the information relating to the call for service over the radio or from their onboard computer | Undisputed for the purpose of this motion; however, |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | (they do not hear the actual 911 call).<br><br>**Supporting Evidence:**<br>Ex. C, Bermudez Depo. at 27:13-28:16; Ex. D, Wissler Depo. at 14:19-15:4. | this additional fact does not preclude a grant of summary judgment. |
| 51. | The call for service did not indicate that anyone had been injured, shot or killed or that shots had been fired in the area. There was also no information that any employee or employer had been killed or (of where Decedent worked) was missing. The involved officers never saw anyone else injured other than the Decedent.<br><br>**Supporting Evidence:**<br>Ex. A, Castillo Depo. at 18:17-19:10, 44:13-16; Ex. B, Garcia Depo. at 32:20-22, 39:6-8, 61:23-62:12, 114:23-115:1, 119:12-14; Ex. C, Bermudez Depo. at 29:21-30:1, 49:8-18; Ex. D, Wissler Depo. at 16:18-20, 39:14-17. | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | respond to each alleged fact in order.<br><br>Notwithstanding this objection, undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 52. | When the involved officers receive information about a call, they respond to the call to investigate. Based on the involved officers prior experience, sometimes that information is accurate other times it is not or is false, so they investigate to confirm.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo at 50:17-51:2; Ex. B, Garcia Depo. at 34:7-21, 112:15-18. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |



JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| 53. | Castillo has been a police officer for about 5 years at the time of the incident and was a member of the SWAT team, 3 of those years were with Torrance PD. Garcia was field training officer (FTO) for Wissler at the time of the incident. Garcia has been a police officer for 20 years was the most senior officer on scene at the time of the incident. Wissler had been in field training for approximately two months at the time of the incident and it was his first time working with Garcia. Castillo was the training officer for Bermudez at the time of the incident. This was Bermudez's first day on patrol/field training as a police officer. This was Garcia's first time riding with Wissler and first time acting as his FTO.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. H, Castillo Int. at 6:18-38; Ex. A, Castillo Depo. at 10:6-3, 17:10-18, 30:13-21, 80:10-18; Ex. B, Garcia Depo. at 7:5-7, 13:4-9, 28:19-29:9, 46:18-23; Ex. C, | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Notwithstanding this objection, |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | Bermudez Depo. at 10:18-20, 22:20-23:1; Ex. D, Wissler Depo. at 9:18-10:11; Ex. H, Castillo Interview at 6:25-38, 21:12-19; Ex. J. Bermudez Int. at 5:26-31; Ex. D, Wissler Depo. at 9:18-10:5. | undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 54. | It was Officers Castillo and Garica responsibility to assign different roles to the rookie officers (Wissler and Bermudez) who were still doing their training.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 30:22-31:5. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 55. | The Defendant Officers have never seen or dealt with Decedent prior to the date of the incident. Other than the information provided by dispatch, the officers had no other background or knowledge of the Decedent. The officers did not have any information about Decedent's criminal history or if he ever physically injured anyone. | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | **Supporting Evidence:** Ex. H, Castillo Int. at 42:31-43:7; Ex. J, Bermudez Int. at 29:33-30:3; Ex. F, Wissler Int. at 38:24-31; Ex. A, Castillo Depo. at 19:17-25, 83:9-14; Ex. B, Garcia Depo. at 40:7-10, 41:8-11, 115:17-116:3; Ex. C, Bermudez Depo. at 90:16-91:8; Ex. D, Wissler Depo. at 16:4-17. | (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Notwithstanding this objection, undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 56. | Business where Defendant previously worked was no longer there and had been vacated for approximately a week. | Undisputed for the purpose of this motion; however, |



JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | **Supporting Evidence:** Ex. H, Castillo Int. at 12:30-13:2; Ex. J, Bermudez Int. at 10:27-32, 17:16-24; Ex. B, Garcia Depo. at 36:10-12; Ex. C, Bermudez Depo. at 32:7-13; Ex. D, Wissler Depo. at 19:5-20:1. | this additional fact does not preclude a grant of summary judgment. |
| 57. | The officers had OC spray and a taser on their person. There was also a 40 millimeter (40mm) gun (less lethal) in every TPD police cruiser that is on patrol. These forms of less lethal are also considered forms of deescalation. The involved officers failed to reasonably deescalate the incident.<br><br>**Supporting Evidence:** Ex. H, Castillo Int. at 17:1-3, 51:6-8, 53:13-25; Ex. J, Bermudez Int. at 35:15-26; Ex. A, Castillo Depo. at 34:2-16, 37:25-38:2, 89:10-17, 93:23-94:3; Ex. B, Garcia Depo. at 18:1-3, 24:11-22, 25:2-12; Ex. C, Bermudez Depo. at 18:9-11, 24:2-22; Ex. D, Wissler Depo. at 12:6-8, 13:12-21; Ex. | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the |



JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | E., Harmening Decl. at ¶ 17. | moving party to respond to each alleged fact in order.<br><br>Notwithstanding this objection, disputed to the extent that Plaintiffs are arguing that Defendant Officers were required to use both the OC spray and taser prior to applying deadly force.<br><br>Additionally, disputed to the extent Plaintiffs are "[t]he involved officers failed to reasonable |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | deescalate the incident." In paragraph 17, Harmening states that Castillo failed to deescalate this situation when he failed to engage with Diaz. However, paragraph 17 has *nothing* to do with Defendant Officers decision to not use the OC Spray, taser, and or 40 mm prior to using deadly force, and is therefore not relevant.<br><br>Nevertheless, these additional facts do not preclude a grant |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | of summary judgment. |
| 58. | The taser in the probe mode has a maximum effective range of about 12-25 feet. OC spray has a maximum effective range of about 5-15 feet and is preferable to use outdoors. The maximum effective range of the 40mm is 120 feet. During this incident, all of these less lethal tools were reasonable/feasible alternatives to the use of deadly force.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 34:19-21; Ex. B, Garcia Depo. at 14:21-16:16; Ex. C, Bermudez Depo. at 11:17-12:20; Ex. D, Wissler Depo. at 12:3-14; Ex. E, Harmening Decl. at ¶ 15. | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order. |





JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | Notwithstanding this objection, disputed to the extent that Plaintiffs argue that *all* these less lethal tools were reasonable/feasible alternatives to the use of deadly force.<br><br>Nevertheless, these additional facts do not preclude a grant of summary judgment. |
| 59. | All of the officers exited their car within seconds of each other.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. C, Bermudez Depo. at 37:5-12. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |





JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| 60. | The shooting officers were trained on the importance of tactics and formulating a tactical plan when safe to do so. It was improper in the context of accepted standards of policing and police training for all four of the initially responding officers to maintain lethal coverage and not formulate a tactical plan that included the deployment of less lethal alternatives.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 12:20-23; Ex. B, Garcia Depo. at 13:21-24; Ex. C, Bermudez Depo. at 16:20-17:1; Ex. D, Wissler Depo. at 10:23-11:5; Ex. E, Harmening Decl. at ¶ 25. | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Notwithstanding this objection, |





JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | undisputed that Defendant Officers were trained on the importance of tactics and formulating a tactical plan when safe to do so. Disputed to the extent that Plaintiffs are arguing that Defendant Officers did not formulate a tactical plan that included the deployment of less lethal alternatives. Specifically, Officer Choi was designated less lethal and tasked with utilizing the 40mm less lethal |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | launcher inside his patrol vehicle. *See* Declaration of Samuel Choi, at ¶ 5; Dkt. 57-3. |
| 61. | While Decedent was still in his car, he was opening and closing the door allowing the officers to see Decedent in the car. The officers did not see a gun in the car when Decedent was opening and closing the door or when a check of the car was done afterwards.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 39:16-18, 70:7-14; Ex. B, Garcia Depo. at 107:17-108:3; Ex. D, Wissler Depo. at 54:8-24. | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each |



JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | alleged fact in order.<br><br>Notwithstanding this objection, undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 62. | While Decedent was still in the car, the officers saw that Decedent was bleeding from his wrist and saw a knife in his hand and broadcast this information over the radio. The officers also saw that Decedent was bleeding from his wrist when he exited out of the car.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. H, Castillo Int. at 15:1-15; Ex. J, Bermudez Int. at 11:20-25, 27:2-8; Ex. A, Castillo Depo. at 39:19-21, 59:4-9; Ex. B, | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | Garcia Depo. at 55:10-19; Ex. C, Bermudez Depo. at 44:12-45:10, 46:3-13. | additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Notwithstanding this objection, Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 63. | Because Decedent was bleeding from his wrist, the officers thought that Decedent may have been harming/cutting himself and that those were self-inflicted wounds. The officers also thought Decedent may be | Undisputed for the purpose of this motion; however, this additional fact does not preclude a |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | suicidal.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. H, Castillo Int. at 15:19-32, 44:1-3, 79:1-8; Ex. P, Garcia Int. at 20:25-30; Ex. H, Bermudez Int. at 11:26-27; Ex. B, Garcia Depo. at 101:24-102:11, 119:15-19; Ex. C, Bermudez Depo. at 45:3-13, 46:3-13, 87:14-23. | grant of summary judgment. |
| 64. | Garcia wanted to take Decedent to the hospital to get a psychiatric evaluation and get him help.<br><br>**<u>Supporting Evidence:</u>**<br>Exhibit P, Garcia Interview at 64:37-65:2. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 65. | According to the officers' interviews, commands were given to Decedent to come out with his hands up and to step out of the vehicle which were all appropriate commands. The officers did not want to walk up on a vehicle if it's a man with a gun so they wanted Decedent to come out of the car. The intent or perception of the | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | commands was to get Decedent out of the vehicle so they could further investigate.<br><br>**<u>Supporting Evidence:</u>**<br>Exhibit P, Garcia Interview at 18:23-26, 42:14-31, 48:16-20, 52:20-53:19; Ex. J, Bermudez Int. at 11:35-36, 25:17-26:2; Ex. F, Wissler Int. at 13:28-32, 14:7-11; Ex. B, Garcia Depo. at 114:13-18, 115:7-6; Ex. C, Bermudez Depo. at 86:14-87:3. | Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Notwithstanding this objection, undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |





JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| 66. | After the involved officers exited out of their police cruisers, Decedent was in his car for approximately two minutes and thirty six seconds before exiting. After Decedent exited out of his car, the involved officers shot him in approximately seventeen seconds. Two minutes and thirty six seconds is more than enough time to formulate a tactical plan and transition to less lethal, including the 40mm in the back of the police cruiser. Seventeen seconds is more than enough time to transition to a taser or OC spray that was stored on the involved officers person. It takes approximately two seconds to transition to the taser or OC spray.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. G, Officer Body Cam Bates TPD 00040 at 0:00:12-0:02:58; Ex. I, Officer Body Cam Bates TPD 00039 at 0:00:25-0:03:16; Ex. K, Drone Video Bates TPD 00099 at 0:00:50-0:01:07; Exhibit L, Officer Body | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Notwithstanding this objection, |





JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | Cam Bates TPD 00041 at 0:01:25-0:02:21; Exhibit M, Officer Body Cam Bates TPD 00047 at 0:00:24-0:03:16; Exhibit N, Officer Body Cam Bates TPD 00050 at 0:00:23-0:03:15; Ex. C, Bermudez Depo. at 51:9-15; Ex. E, Harmening Decl. at ¶¶ 26-27. | undisputed to the extent that Decedent was in his car for approximately two minutes and thirty six seconds before exiting and that after Decedent exited his car, the involved officers shot Decedent approximately seventeen seconds later.<br><br>As to the paragraphs 26 and 27 in Harmening's Declaration, objection for lack of foundation and conclusory in nature because they are |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | not rooted in fact. *See Sound View Innovations*, 2019 U.S. Dist. LEXIS 167092, at *6 ("The nonmoving party cannot defeat a motion for summary judgment simply by proffering a conclusory opinion from an expert."); *see also Soremekun*, 509 F.3d at 984 ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact to defeat summary judgment."). |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| 67. | Decedent was approximately 25-35 feet away from the officers when Decedent exited out of his vehicle.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. H, Castillo Int. at 45:21-35; Ex. J, Bermudez Int. at 24:31-35; Ex. B, Garcia Depo. at 59:18-20, 68:6-9; Ex. C, Bermudez Depo. at 51:3-8. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 68. | There were good lighting conditions at the time of the incident and there were no issues with the lighting at all.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. H, Castillo Int. at 24:32-34, Ex. F, Wissler Int. at 22:16-25. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 69. | When Decedent exited out of his vehicle, the officers could see Decedent's whole body, from the top of his head to the bottom of his feet. The officers never saw a gun on Decedent's person or a bulge or anything sticking out that might be a weapon concealed on his person. | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | **Supporting Evidence:** Ex. A, Castillo Depo. at 60:13-61:5, 69:16-23; Ex. B, Garcia Depo. at 63:15-64:4, 83:8-11; Ex. C, Bermudez Depo. at 47:2-7, 48:7-49:1; Ex. D, Wissler Depo. at 36:3-37:4. | Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 70. | Decedent never reached into his waistband or into his pockets prior to (or during) the shooting. | Undisputed for the purpose of this motion; however, |





JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | **<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 61:6-11; Ex. B, Garcia Depo. at 64:9-18; Ex. C, Bermudez Depo. at 49:2-7; Ex. D, Wissler Depo. at 37:5-10. | this additional fact does not preclude a grant of summary judgment. |
| 71. | During the incident, Decedent was slowly walking towards the officers with his arms down by his side. Decedent never walked fast by any means, he was not speed walking, he never jogged and he never ran during the incident.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. P, Garcia Int. at 25; Ex. G, Officer Body Cam Bates TPD 00040 at 0:00:12-0:02:58; Ex. I, Officer Body Cam Bates TPD 00039 at 0:00:25-0:03:16; Ex. K, Drone Video Bates TPD 00099 at 0:0050-0:01:07; Exhibit L, Officer Body Cam Bates TPD 00041 at 0:01:25-0:02:21; Exhibit M, Officer Body Cam Bates TPD 00047 at 0:00:24-0:03:16; Exhibit N, Officer Body Cam Bates TPD 00050 at 0:00:23-0:03-15; Ex. P, Garcia Int. at | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | 59:30-60:1; Ex. F, Wissler Int. at 15:6-8, 39:26-28, 49:1-3; Ex. A, Castillo Depo. at 58:23-59:3; Ex. B, Garcia Depo. at 69:12-70:4; Ex. C, Bermudez Depo. at 54:7-20; Ex. D, Wissler Depo. at 39:19-25. | |
| 72. | Decedent had a flathead screwdriver in his right hand which was off to the side of his hip and it never moved or raised from that position prior to the shots.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. P, Garcia Int. at 25:27-28; Exhibit Q, Photo of Flathead Screwdriver; Ex. A, Castillo Depo. at 57:23-58:19; Ex. B, Garcia Depo. at 66:13-67:24. | Disputed to the extent that Plaintiffs are arguing that Defendant Officers were aware that Diaz had a flathead screwdriver – and not a knife in his hand – and that the metal portion of the weapon was not pointed in the direction of the officers.<br><br>Further, as to the issue of how Diaz was holding the |



JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | knife, this Court should view these "facts in the light depicted by the videotape." *Scott*, 550 U.S. at 381. |
| 73. | Castillo told his partner Bermudez to assist Garcia with whatever necessary tools he might need to deescalate the situation (such as the 40mm) and to do what he says. The purpose of this was for Garcia to start delegating roles, start delegating a game plan how to safely detain Decedent and make sure we have every possible resource out there to detain Decedent. Garcia was "quarterbacking" the situation meaning he would be the incident commander of the whole scene and delegating all the necessary roles. Castillo instructed Bermudez to follow his lead with regard to any instructions. | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | **Supporting Evidence:** Ex. H, Castillo Int. at 26:10-12, 32:33-33:7, 72:7-24; Ex. J, Bermudez Int. at 23:33-35; Ex. A, Castillo Depo. at 51:17-53:8; Ex. B, Garcia Depo. at 47:18-48;3, 52:16-54:9; Ex. C, Bermudez Depo. at 39:12-40:16. | respond to each alleged fact in order.<br><br>Notwithstanding this objection, undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 74. | Castillo screamed for his partners (Garcia, Wissler and Bermudez) to deploy the 40mm because they needed that tool now. Castillo was thinking and hoping that one of his partners had the 40mm launcher up and running at this point because he had requested it. Both Castillo and Garcia yelled out for the 40mm during the incident. The request for the 40mm was a last ditch effort to utilize a less lethal option. Garcia was pleading and praying | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | for the 40mm to get deployed.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. H, Castillo Int. at 17:10-13, 50:35-52:14, 55:20-23; Ex. G, Officer Body Cam Bates TPD 00040 at 0:00:12-0:02:58; Ex. P, Garcia Int. at 20:1-6, 20:35-21:21, 61:2-15; Ex. A, Castillo Depo. at 74:19-75:21; Ex. B, Garcia Depo. at 101:5-19; Ex. D, Wissler Depo. at 45:10-25. | Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Notwithstanding this objection, disputed to the extent that Defendant Officers had designated Officer Choi as less lethal and was tasked with utilizing the 40mm launcher. However, he was unable to prepare the 40mm |



JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | in time before the shooting began. Declaration of Samuel Choi, at ¶ 5; Dkt. 57-3. |
| 75. | When Castillo was yelling for the 40mm, he thought that it was appropriate to shoot Decedent with the 40mm (less lethal).<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 75:22-76:1. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 76. | According to Castillo, his role was lethal coverage with his rifle (AR-15). Castillo designated Bermudez as a lethal cover officer. Wissler was also assigned as lethal cover. Garcia never designated Castillo to grab the long rifle (he did that on his own).<br><br>**<u>Supporting Evidence:</u>**<br>Ex. H, Castillo Int. at 33:22-36, 53:27-28, 55:10-18; Ex. F, Wissler Int. at 45:34-37; Ex. A, Castillo Depo. at 31:6-33:18, 53:9- | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | 12; Ex. B, Garcia Depo. at 52:2-14; Ex. C, Bermudez Depo. at 35:21-36:17. | additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Notwithstanding this objection, undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 77. | During the incident, there were no less than lethal options that were up and running. None of the four officers on scene were ever designated as less lethal during the incident nor did they volunteer to be | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | the less lethal option. None of the officers attempted to use less lethal during the incident and the officers never assumed that anyone had less lethal up and running. Wissler never inquired whether anyone was designated less lethal.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. H, Castillo Int. at 55;10-18; Ex. G, Officer Body Cam Bates TPD 00040 at 0:00:12-0:02:58; Ex. I, Officer Body Cam Bates TPD 00039 at 0:00:25-0:03:16; Ex. J, Bermudez Int. at 35:1-31; Ex. A, Castillo Depo. at 37:9-15, 91:19-25, 94:13-19; Ex. B, Garcia Depo. at 44:22-45:10, 49:7-12, 53:24-54:2, 62:23-63:5; Ex. C, Bermudez Depo. at 36:8-37:17, 40:23-41:11, 44:9-11, 51:16-23, 93:23-95:7; Ex. D, Wissler Depo. at 24:9-12. | be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Notwithstanding this objection, undisputed that none of the four officers on scene were designated as less lethal *or* |





JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | attempted to use less lethal during the incident. However, Officer Choi was designated as less lethal and was tasked with utilizing the 40mm launcher. Declaration of Samuel Choi, at ¶ 5; Dkt. 57-3. |
| 78. | When the four officers exited out of their two vehicles, they did not formulate a tactical plan and assign various roles. Other than telling Bermudez to move his car a felony stop, no other plans (including a tactical plan) were formulated. None of the officers were designated as less lethal prior to exiting out of their police cruisers. The officers did not discuss anyone being designated as less lethal cover prior to the vehicle stop or during the stop. Castillo | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
| --- | --- | --- |
| | nor Garcia never designated Bermudez to use the 40mm, even though Bermudez entered the police vehicle to reposition it (this was perfect opportunity to retrieve the 40 mm from the vehicle).<br><br>**<u>Supporting Evidence:</u>**<br>Ex. J, Bermudez Int. at 23:4-21, 35:1-13; Ex. A, Castillo Depo. at 38:10-15; Ex. B, Garcia Depo., at 54:10-55:6; Ex. C, Bermudez Depo. at 36:5-37:17, 41:5-20, 91:13-92:10, 94:21-95:7. | Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Notwithstanding this objection, disputed to the extent that there was "no plan or tactical plan [] ever developed prior to the gunshots." Rather, the undisputed material facts establish a plan had in fact been developed. |





JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | Specifically, Officer Castillo testified on three separate occasions that once TPD officers had reasonable suspicion to believe Diaz was possibly the man with the gun, the officers "transitioned over to high-risk tactics, which, in that situation, it requires four officers who are assigned as lethal coverage, one officer being the contact officer who starts the commands [¶] [a]nd the other officers who gets different vantage |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | points, based on the configuration of the cars, to get a better visual of inside the vehicle [and] [o]nce that configuration [was] done, we tr[ied] to utilize time, distance, and cover, to get more resources there to help assist us with the problem." Motion, at Exhibit C, at 31:10-23, 33:2-13, 41:8-11.<br><br>Further, Officer Choi was designated as less lethal and was tasked with utilizing the 40mm launcher. |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | Declaration of Samuel Choi, at ¶ 5; Dkt. 57-3. |
| 79. | Before Bermudez repositioned his vehicle, Garcia already had his gun out, he saw that Castillo had the long rifle out, that Wissler also had his gun out and Bermudez pulled his gun out after repositioning the car.<br><br>**Supporting Evidence:**<br>Ex. B, Garcia Depo. at 56:18-57:6. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 80. | Garcia went for his taser and began to transition to the taser because he wanted another option other than deadly force. The taser was stored on his chest/vest. It only takes approximately two seconds to transition to the taser that was stored on his chest.<br><br>**Supporting Evidence:**<br>Ex. P, Garcia Int. at 21:23-32, 62:18-20; Ex. B, Garcia Depo. at 123-124:3. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 81. | Officers Choi and High were also not | Undisputed that |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | designated as less lethal when they did arrive on scene.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 92:1-11. | Castillo never heard anyone specifically tell Officers Choi and High they were designated as less lethal when they arrived on scene. However, Castillo testified he heard dispatch advise that the next unit responding was to be the less lethal option<br>Further, Officer Choi declared he was designated as less lethal and was tasked with utilizing the 40mm launcher.<br>Declaration of Samuel Choi, at ¶ 5; Dkt. 57-3. |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| 82. | The officers were standing behind their police car doors, which are ballistic doors designed to stop bullets, in case Decedent had a gun (which he did not).<br><br>**<u>Supporting Evidence:</u>**<br>Ex. G, Officer Body Cam Bates TPD 00040 at 0:00:12-0:02:58; Ex. I, Officer Body Cam TPD 00039 at 0:00:25-0:03:16; Exhibit L, Officer Body Cam Bates TPD 00041 at 0:01:25-0:02:21; Exhibit M, Officer Body Cam Bates TPD 00047 at 0:00:24-0:03:16; Exhibit N, Officer Body Cam Bates TPD 00050 at 0:00:23-0:03:15; Ex. P, Garcia Int. at 76:35-77:2; Ex. B, Garcia Depo. at 60:8-12, 82:11-83:7; Ex. C, Bermudez Depo. at 42:13-18. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 83. | Decedent never made a stabbing or slashing motion with the screwdriver he was holding in his righthand and he never tried to throw it. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |



JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | **Supporting Evidence:** Ex. A, Castillo Depo. at 58:14-16; Ex. B, Garcia Depo. at 67:5-68:2; Ex. C, Bermudez Depo. at 54:23-25, 55:4-6, 74:17-19; Ex. D, Wissler Depo. at 38:18-23. | |
| 84. | Bermudez saw that it was a screwdriver that was in Decedent's hand before it was removed from his hand. | Objection. Vague as to Timing.<br><br>Bermudez testified he realized that Diaz was holding a screwdriver "*after* [he] had shot Mr. Diaz and he was laying down by the front wheel well of the vehicle." Bermudez Deposition, at 100:25-101:1 (emphasis added). |
| 85. | Decedent never tried to lunge at any of the officers. | Undisputed for the purpose of this motion; however, |



JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | **<u>Supporting Evidence:</u>** Ex. A, Castillo Depo. at 89:18-20; Ex. C, Bermudez Depo. at 54:21-22; Ex. D, Wissler Depo. at 40:1-2. | this additional fact does not preclude a grant of summary judgment. |
| 86. | At no point during the incident did Decedent try to flee.<br><br>**<u>Supporting Evidence:</u>** Ex. A, Castillo Depo. at 81:3-9; Ex. B, Garcia Depo. at 98:2-4; Ex. D, Wissler Depo. at 63:22-24. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 87. | The officers never gave a verbal warning that deadly force would be used prior to firing despite it being feasible to do so when Decedent was slowly walking towards the officers. Officers are trained to give a verbal warning before firing when feasible to do so. Based on officer training, a verbal warning is a command to do something with a warning that deadly force will be used if not complied with. | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | **Supporting Evidence:** Ex. A, Castillo Depo. at 64:1-4; Ex. B, Garcia Depo. at 15:20-23; Ex. C, Bermudez Depo. at 19:23-20:1; Ex. G, Officer Body Cam Bates TPD 00040 at 0:00:12-0:02:58; Ex. I, Officer Body Cam Bates TPD 00039 at 0:0025-0:03:16; Ex. D, Wissler Depo. at 51:12-52:7; Ex. E, Harmening Decl. at ¶ 28. | undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Further, as to paragraph 28 in Harmening's declaration, Defendants' object for a lack of foundation and because this statement is conclusory and not rooted in the facts. *See Sound View Innovations*, 2019 U.S. Dist. LEXIS 167092, at *6 ("The |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
| --- | --- | --- |
| | | nonmoving party cannot defeat a motion for summary judgment simply by proffering a conclusory opinion from an expert."); *see also Soremekun*, 509 F.3d at 984 ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact to defeat summary judgment.").<br><br>Finally, the undisputed material facts establish that Castillo heard |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | Garcia tell Diaz, "Stop, we don't want to shoot you." Garcia Deposition, at 96:7-19; Castillo Deposition, at 65:20-22. |
| 88. | Contagious fire is when one officer fires for his own reasons and another officer may fire as well based on hearing that the other officer fired not using his own reasons. This appears to be a case of contagious fire. | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
| --- | --- | --- |
| | | moving party to respond to each alleged fact in order.<br><br>Further, as to paragraph 15 in Harmening's declaration and the statement, "This appears to be a case of contagious fire," Defendants' object for a lack of foundation and because this statement is conclusory and not rooted in the facts. *See Sound View Innovations*, 2019 U.S. Dist. LEXIS 167092, at *6 ("The nonmoving party |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | cannot defeat a motion for summary judgment simply by proffering a conclusory opinion from an expert."); *see also Soremekun*, 509 F.3d at 984 ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact to defeat summary judgment.").<br><br>Notwithstanding these objections, undisputed as to the statement, "Contagious fire is |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | when one officer fires for his own reasons and another officer may fire as well based on hearing that the other officer fired not using his own reasons." Nevertheless, this additional fact does not preclude a grant of summary judgment. |
| 89. | Castillo fired three rounds at Decedent. Garcia fired two shots at Decedent. Bermudez fired three rounds at Decedent simultaneously. Wissler fired three rounds during the incident.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. H, Castillo Int. at 18:1-3, 60:7-9; Ex. P, Garcia Int. at 24:9-11; Ex. J, Bermudez Int. at 13:10, 42:12-14; Ex. F, Wissler Int. | Disputed to the extent that Castillo fired three rounds. Specifically, Castillo did a chamber count and discovered he fired two rounds at Diaz.<br><br>Notwithstanding |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | at 52:1-3; Ex. C, Bermudez Depo. at 23:17-19, 62:11-14; Ex. D, Wissler Depo. at 47:5-6, 60:23-61:9. | this dispute, this additional fact does not preclude a grant of summary judgment. |
| 90. | Wissler and Bermudez heard gunshots go off before they fired. Castillo and Garcia did not hear any shots being fired prior to or after firing his shots, but did hear shots being fired simultaneously. Bermudez did not hear any shots fired after he fired his shots. Castillo believes he fired the first shot but not the last shot.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. F, Wissler Int. at 49:36-50:4; Ex. A, Castillo Depo. at 64:5-65:5, 81:13-82:2; Ex. B, Garcia Depo. at 81:7-18; Ex. C, Bermudez Depo. at 58:1-10; Ex. D, Wissler Depo. at 47:2-48:3. | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | alleged fact in order.<br><br>Notwithstanding this objection, this fact is undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 91. | Castillo was under the impression that his first two shots struck the Decedent.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 72:13-25. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 92. | Some of the gunshots occurred while Decedent was stopped and while he was falling to the ground and on the ground. Some of the gunshots to Decedent's back | Objection. This Court should view these "facts in the light depicted by the |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | also occurred while Decedent's back (as opposed to his front) was facing the officer(s).<br><br>**<u>Supporting Evidence:</u>**<br>Ex. G, Officer Body Cam Bates TPD 00040 at 0:00:12-0:02:58; Ex. I, Officer Body Cam Bates TPD 00039 at 0:00:25-0:03:16; Ex. K, Drone Video Bates TPD 00099 at 0:00:50-0:01:07; Ex. L, Officer Body Cam Bates TPD 00041 at 0:01:25-0:02:21; Ex. M, Officer Body Cam TPD 00047 at 0:00:24-0:03:16; Ex. N, Officer Body Cam Bates TPD 00050 at 0:00:23-0:03:15; Ex. R, Deposition of Edwin Partobi, M.D. at 65:10-20, 67:20-68:12, 70:5-25, 71:22-72:11, 73:24-74:10. | videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007). The undisputed material facts – as demonstrated by the video evidence – demonstrate that Diaz was facing the officers during the entirety of the shooting.<br><br>Further, Defendants object for a lack of foundation to Edwin Partobi, M.D.'s testimony regarding bullet trajectory because he lacks the skills/expertise to testify to such. |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| 93. | When Decedent was stopped and falling to the ground or on the ground, the shooting officers did not feel that Decedent posed an imminent or immediate threat of death or serious bodily injury.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. H, Castillo Int. at 63:6-13; Ex. P, Garcia Int. at 68:25-29; Ex. J, Bermudez Int. 44:2-13; Ex. A, Castillo Depo. at 76:2-12; Ex. B, Garcia Depo. at 89:2-18; Ex. C, Bermudez Depo. at 66:1-8, 68:6-12; Ex. D, Wissler Depo. at 51:5-11. | Objection. This Court should view these "facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007). The undisputed material facts – as demonstrated by the video evidence – establish that once Diaz was falling to the ground, Defendant Officers ceased firing their weapons. |
| 94. | The officers never tried to tactically reposition, and increase the distance from Decedent, at any time while Decedent was walking towards them. There was nothing physically obstructing the officers from | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
| --- | --- | --- |
| | backing up and increasing the distance between the officers and the Decedent. The street behind them was approximately 20 feet away. The officers are trained to tactically reposition themselves and increase the distance from an armed subject when it is safe to do so. Here, the officers should of tactically repositioned and increased the distance between themselves and Decedent.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 76:16-77:2; Ex. B, Garcia Depo. at 90:10-91:22, 93:2-94:23; Ex. C, Bermudez Depo. at 59:19-60:17; Ex. D, Wissler Depo. at 40:5-18; Ex. E, Harmening Decl. at ¶¶ 14-15, 21-22. | be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Further, Defendants object for lack of foundation and conclusory in nature. First, Harmening *never* |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | visited the scene where the shooting occurred. Therefore, he lacks the ability to testify that the TPD officers had the ability to reposition themselves when he himself has never personally viewed the area in question. Second, Harmening fails to offer testimony to establish that 20 feet constitutes a "wide-open area" to provide TPD officers the ability to reposition. Rather, his testimony is conclusory in nature and not rooted in |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | the underlying facts of this case. *See Sound View Innovations*, 2019 U.S. Dist. LEXIS 167092, at *6 ("The nonmoving party cannot defeat a motion for summary judgment simply by proffering a conclusory opinion from an expert."); *see also Soremekun*, 509 F.3d at 984 ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact to defeat summary |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | judgment.").<br><br>Nevertheless, this additional fact does not preclude a grant of summary judgment. |
| 95. | In fact, Wissler tactically backed up after the shooting, indicating it was safe to back up.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. D, Wissler Depo. at 50:21-51:4, 55:8-56:2 | Objection. Lacks Foundation. Although Wissler may have backed up after the shooting does not mean that it was safe and appropriate for *all* Defendant Officers to tactically reposition themselves – along with their vehicles – prior to engaging with Diaz. |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | Nevertheless, this additional fact does not preclude a grant of summary judgment. |
| 96. | Based on the officer's training, one of the factors an officer is to consider in deciding to use deadly force is whether or not it is safe to tactically reposition.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. B, Garcia Depo. at 95:12-19. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 97. | During the incident, Decedent never communicated with the officers verbally or non-verbally. Decedent never verbally threatened the officers.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. J, Bermudez Int. at 31:38-32:2; Ex. F, Wissler Int. at 34:37-35:2; Ex. A, Castillo Depo. at 69:5-8; Ex. C, Bermudez Depo. at 57:16-25; Ex. D, Wissler Depo. at 44:8-15. | Undisputed that Decedent did not communicate *verbally* with Defendant Officers and did not threaten the officers. However, this Court should view these "facts in the light depicted by the videotape." |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | *Scott*, 550 U.S. at 381. The undisputed material facts – as demonstrated by the video evidence – establish that Diaz nodded his head left to right as to non-verbally communicate to Defendant Officers he was not going to comply with their commands. |
| 98. | Prior to the shooting, the officers did not have any information that Decedent was under the influence of drugs or alcohol.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 83:12-14; Ex. C, Bermudez Depo. at 91:5-8; Ex. D, Wissler Depo. at 64:3-5. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| 99. | There were no other occupants in Decedent's car and officers never saw what they believed to be other occupants in Decedent's car.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. J, Bermudez Int. at 57:38-58:2; Ex. A, Castillo Depo. at 40:5-8, 45:4-19, 59:17-20, 70:7-10; Ex. B, Garcia Depo. at 107:17-19; Ex. C, Bermudez Depo. at 38:5-8, 97:2-5; Ex. D, Wissler Depo. at 39:5-13, 54:11-13. | Disputed to the extent that Plaintiffs are arguing it was unreasonable for Defendant Officers to initially believe there were other occupants in Diaz's vehicle.<br><br>Nevertheless, this additional fact does not preclude a grant of summary judgment. |
| 100. | None of the officers were physically injured during the incident.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 69:10-15; Ex. B, Garcia Depo. at 124:7-13; Ex. C, Bermudez Depo. at 81:2-9; Ex. D, Wissler Depo. at 64:6-12. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| 101. | The officers did not see Officers Choi and High exit out of their vehicles prior to the gunshots.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. B, Garcia Depo. at 100:5-12; Ex. C, Bermudez Depo. at 90:2-10. | Undisputed that Garcia and Bermudez did not see Officers Choi and High exit their vehicle prior to the shooting.<br><br>Nevertheless, this additional fact does not preclude a grant of summary judgment. |
| 102. | The officers formulated a tactical plan after the shooting (but not prior to).<br><br>**<u>Supporting Evidence:</u>**<br>Ex. C, Bermudez Depo. at 71:3-5. | Disputed as to the statement, "(but not prior to)." Defendant Officers also formulated a tactical plan prior to engaging with Diaz. *See* U.F. 19. |
| 103. | Bermudez was in stunned and in shock immediately after the shooting. | Undisputed for the purpose of this motion; however, |



JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | **Supporting Evidence:**<br>Ex. C, Bermudez Depo. at 77:24-78:1. | this additional fact does not preclude a grant of summary judgment. |
| 104. | The officers are trained on the importance of less lethal is to see if they could utilize that before resorting to the use of deadly force when feasible.<br><br>**Supporting Evidence:**<br>Ex. A, Castillo Depo. at 89:10-17; Ex. B, Garcia Depo. at 15:11-16; Ex. D, Wissler Depo. at 57:14-23. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 105. | Officers are trained that the availability of less lethal alternatives is a factor to consider in deciding whether or not to use deadly force.<br><br>**Supporting Evidence:**<br>Ex. B, Garcia Depo. at 124:14-19; Ex. C, Bermudez Depo. at 16:4-19. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 106. | Officers are trained they could use a taser or 40mm on a subject with a knife especially if they have a lethal cover | Objection. Improper Separate Statement. "Each |




JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
| --- | --- | --- |
| | officer with them. In fact, when Garcia saw Decedent exit the car with what he thought was a knife, he asked for someone to come up with the 40mm and was expecting someone to come up with it.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. B, Garcia Depo. at 14:3-15, 16:5-10, 60:21-61:14, 102:22-103:9; Ex. C, Bermudez Depo. at 12:21-13:12. | such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>Notwithstanding this objection, undisputed for the purpose of this motion; however, |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | these additional facts do not preclude a grant of summary judgment. |
| 107. | Officers are trained that if someone is tased it could cause neuro-muscular incapacitation which means the individuals muscles will lock up and could cause them to fall to the ground.<br><br>**Supporting Evidence:**<br>Ex. B, Garcia Depo. at 22:9-20; Ex. C, Bermudez Depo. at 14:10-19. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 108. | The involved officers were trained that they cannot shoot someone just for having a knife in their hand, that fact alone.<br><br>**Supporting Evidence:**<br>Ex. A, Castillo Depo. at 24:25-25:3; Ex. B, Garcia Depo. at 19:16-20; Ex. C, Bermudez Depo. at 25:20-25; Ex. D, Wissler Depo. at 35:20-23. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| 109. | The officers had training regarding interacting with people who may be suffering from a mental health crisis and part of that training is deescalation tactics.<br><br>**Supporting Evidence:**<br>Ex. A, Castillo Depo. at 80:4-9; Ex. B, Garcia Depo. at 17:18-25; Ex. C, Bermudez Depo. at 18:2-8; Ex. D, Wissler Depo. at 11:21-12;2, 62:23-63:6. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 110. | The officers were trained to reassess in between shots if it's safe to do so. The officers were also trained that they are responsible to justify every shot. Here, it was safe to do so and had the officers done so they would have seen that Decedent had stopped and was falling to the ground or on the ground when some of the shots were fired, including shots to the back.<br><br>**Supporting Evidence:**<br>Ex. A, Castillo Depo. at 80:19-21; Ex. E, Harmening Decl. at ¶ 29; Ex. B, Garcia | Objection. Improper Separate Statement. "Each such *fact* must be numbered and must be supported by pinpoint citations[.]" L.R. 56-1; *see also* Fed. R. Civ. Proc. Rule 56(c) (emphasis added). Specifically, this additional |



JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | Depo. at 18:4-8; Ex. C, Bermudez Depo. at 18:12-15; Ex. D, Wissler Depo. at 63:14-17, 65:7-9. | undisputed "fact" contains multiple facts which makes it difficult for the moving party to respond to each alleged fact in order.<br><br>First, it is undisputed as to the Defendant Officers' training.<br><br>However, Defendants further object because this Court should view these "facts in the light depicted by the videotape." *Scott*, 550 U.S. at 381. |

| **FACT NO.** | **PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS** | **DEFENDANTS' RESPONSE IN REPLY** |
|---|---|---|
| | | Finally, Defendants object to paragraph 29 in Harmening's declaration wherein he attests that "the involved officers did not appear to reassess between shots despite it being safe to do so." Specifically, Defendants object for lack of foundation and conclusory in nature. Harmening's testimony is conclusory in nature and not rooted in the underlying facts of this case. *See Sound View Innovations*, 2019 |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | U.S. Dist. LEXIS 167092, at *6 ("The nonmoving party cannot defeat a motion for summary judgment simply by proffering a conclusory opinion from an expert."); *see also Soremekun*, 509 F.3d at 984 ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact to defeat summary judgment."). |
| 111. | The officers are trained that they can only use deadly force if there is an imminent or immediate threat of death or serious | Undisputed for the purpose of this motion; however, |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | bodily injury and if there is no such threat they should not use deadly force.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 84:3-11; Ex. B, Garcia Depo. at 18:13-22; Ex. C, Bermudez Depo. at 18:20-19:4; Ex. D, Wissler Depo. at 64:13-21. | this additional fact does not preclude a grant of summary judgment. |
| 112. | The officers are also trained that there has to be an ability, opportunity or apparent intent to immediately cause death or serious bodily injury to justify the use of deadly force.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. A, Castillo Depo. at 84:12-16; Ex. B, Garcia Depo. at 18:23-19:6; Ex. C, Bermudez Depo. at 19:5-9; Ex. D, Wissler Depo. at 64:22-25. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 113. | Officers are trained that the use of deadly force must be necessary to defend human life. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | **Supporting Evidence:** Ex. B, Garcia Depo. at 97:18-98:1. | grant of summary judgment. |
| 114. | The officers are also trained that deadly force should only be used when there are no other reasonable options available. **Supporting Evidence:** Ex. A, Castillo Depo. at 84:17-20; Ex. B, Garcia Depo. at 19:7-10; Ex. C, Bermudez Depo. at 19:10-22; Ex. D, Wissler Depo. at 65:1-6 | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 115. | Officers are trained that fear of future harm is insufficient to justify the use of deadly force. **Supporting Evidence:** Ex. E, Harmening Decl. at ¶¶ 12, 15, 20. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |
| 116. | During the incident, Decedent did not pose an immediate or imminent threat of death or serious bodily injury. | Objection. Lack of Foundation, Improper Conclusory Testimony. Harmening's |



JM JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | **<u>Supporting Evidence:</u>**<br>Ex. E, Harmening Decl. at ¶¶ 13, 15, 20-21. | testimony is conclusory in nature and not rooted in the underlying facts of this case. *See Sound View Innovations*, 2019 U.S. Dist. LEXIS 167092, at *6 ("The nonmoving party cannot defeat a motion for summary judgment simply by proffering a conclusory opinion from an expert."); *see also Soremekun*, 509 F.3d at 984 ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise |

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| | | genuine issues of fact to defeat summary judgment."). |
| 117. | Officers are trained to recognize what suspects are carrying and to distinguish items in a suspect's hands to determine if they are weapons or not.<br><br>**<u>Supporting Evidence:</u>**<br>Ex. E, Harmening Decl. at ¶ 31. | Disputed to the extent that Plaintiffs are arguing a screwdriver is not a deadly weapon. In fact, a screwdriver has been held to be a deadly weapon. *See Grandison v. Hense*, 2012 U.S. Dist. LEXIS 63499, at *29-30 (C.D. Cal. Mar. 26, 2012).<br><br>Nevertheless, this additional fact does not preclude a grant of summary judgment. |



JONES MAYER LAW

| FACT NO. | PLAINTIFFS' ADDITIONAL UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE IN REPLY |
|---|---|---|
| 118. | Plaintiffs propounded a Request for Production of Documents to all Defendants seeking all documents regarding TPD policies, practices, procedures, guidelines, or customs that refer or relate to high-risk felony traffic stops, including but not limited to, policy handbooks, training manuals, orders, field operations and memoranda. None of the documents produced in response support Defendants' contention that TPD officers are trained in high risk stops to have the first four officers all designated lethal coverage and there must be a fifth officer in order to designate them as less lethal.<br><br>**<u>Supporting Evidence:</u>**<br>Exhibit S, Plaintiffs' Request for Production of Documents to Defendants at 7; Exhibit T, Defendants Documents Produced in Response to Plaintiffs' RPD at 1-3. | Undisputed for the purpose of this motion; however, this additional fact does not preclude a grant of summary judgment. |

Dated: October 23, 2026 JONES MAYER

By: s/*Ryan M. Allein*
Angela M. Powell,
Thurgood M. Wynn,
Ryan M. Allein,
Attorneys for Defendants,
CITY OF TORRANCE, et al.