**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (SBN 284500)
evalenzuela@galipolaw.com
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARIA GUADALUPE DIAZ, et al.,

Plaintiffs,

vs.

CITY OF TORRANCE, et al.,

Defendants.

Case No. 2:25-cv-03389-JLS (AYPx)

[*Honorable Josephine L. Staton*]

**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF ERIC VALENZUELA IN SUPPORT**

[Proposed Order; Declaration of Eric Valenzuela and exhibits thereto *filed concurrently herewith*]

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs hereby apply *ex parte*, pursuant to Local Rule 7-19 and the cases cited in Plaintiffs' memorandum of points and authorities, for an order certifying Defendants' interlocutory appeal as frivolous and retaining jurisdiction over this case.

This motion is based on this *ex parte* application, the attached memorandum of points and authorities, the supporting declaration of Eric Valenzuela filed concurrently herewith and exhibits thereto, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

An application may be made on an *ex parte* basis where the moving party is exposed to prejudice not attributable to lack of diligence on the part of the moving party. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Plaintiffs will suffer prejudice if this case is stayed pending Defendants' unmeritorious appeal. This application is properly made on an *ex parte* basis because, on November 18, 2026, Defendants filed a notice of appeal from this Court's order denying summary judgment ("Notice of Appeal"), two days before the first round of trial filings were due on November 2026. See Court's Order (Doc 52). The Final Pretrial Conference was scheduled for December 18, 2026. *Id*. The Court recently, *sua sponte*, continued the deadline for filing motions in limine until January 8, 2027, and the pretrial conference until February 5, 2027. The Court hears civil motions on Fridays at 10:30 a.m. In order to file this motion at least 28 days prior to the hearing, pursuant to the local rules, that Friday would be December 25, 2026, which is Christmas and a holiday in which the Court is closed. The next Friday after that would be January 1, 2027, which is New Year's Day, another holiday in which the Court is closed. Therefore, the first available Friday to hear the motion would be January 8, 2026, which is the current date that the party's motions in limine are to be filed. Further, the Court's ruling on Plaintiffs' instant *ex parte*

application may determine whether this case will proceed forward as currently scheduled. Thus, there is not sufficient time for Plaintiff to file this as a regularly noticed motion. (Decl. of Eric Valenzuela ("Valenzuela Decl.) at ¶ 2).

For the reasons set forth in the attached memorandum of points and authorities, Defendants' interlocutory appeal should be certified as frivolous. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) gives this Court the authority to certify Defendants' appeal as frivolous and proceed with the trial. *See also California ex rel. Lockyer v. Mirant Corp*., 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and applying *Chuman* certification process).

Unless this Court certifies Defendants' Appeal as frivolous in accordance with Ninth Circuit and Supreme Court precedent, Defendants' unmeritorious appeal could result in a significant delay. The heavy weight of such potential prejudice justifies this *ex parte* application. There are multiple avenues of potential prejudice to Plaintiffs from such a delay: memories fading; witnesses moving away; attorneys' fees mounting; and the time value of the delay in terms of Plaintiffs delayed remedies. This case arises from a shooting that took place almost two years ago, on December 2, 2024. Plaintiffs submit that, for the reasons described herein, the proposed order filed concurrently herewith may be entered on an *ex parte* basis.

This *ex parte* application complies with Local Rule 7-19's requirements. Defendants City of Torrance, Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez are represented by Angela Powell of the firm Jones Mayer, 3777 North Harbor Boulevard, Fullerton, CA 92835; (714) 446-1400; amp@jones-mayer.com. On November 23, 2026, after Defendants' counsel filed their Notice of Appeal, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs would be filing an ex parte application to deem the Appeal frivolous. Defendants' counsel stated that Defendants would oppose Plaintiffs' *ex parte* application. Defendants take the position that the cases cited in Plaintiffs' opposition to the Motion for Summary

Judgment do not clearly establish that the involved officers conduct was unlawful for purposes of the qualified immunity analysis. (Valenzuela Decl. at ¶ 3).

Plaintiffs also provided notice herein that, pursuant to the Court's Procedures and Schedules available at www.cacd.uscourts.gov: (1) *ex partes* will be decided on the papers and are not usually set for hearing [*id*.]; and (2) opposition papers, if any, are due 24 hours after the *ex parte* has been served [*id*.].

Respectfully submitted,

DATED: November 23, 2026 LAW OFFICES OF DALE K. GALIPO

By: /s/ *Eric Valenzuela*
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiffs

## TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ........................................ 1
I. **PROCEDURAL BACKGROUND** ........................................ 1
**II. LEGAL STANDARD** ........................................ 2
**III. DISCUSSION** ........................................ 3
**A. This Court's Order Denying Qualified Immunity Based on Disputed Issues of Material Fact is Not an Immediately Appealable Order ........................................ 3**
**B. Plaintiff Will be Prejudiced by a Stay of This Action ........................................ 9**
IV. **CONCLUSION** ........................................ 12

## Cases


*Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989) ..... 3, 10

*Barber v. County of San Bernardino*, Case No. EDCV 22-00625-KK-DTBx ..... 2

*Behrens v. Pelletier*, 516 U.S. 299 (1996) ..... 4

*California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046 (N.D. Cal. 2003) ..... 3

*Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992) ..... 3, 4, 9, 10

*Clinton v. Jones*, 520 U.S. 681 (1997) ..... 10

*CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962) ..... 10

*Collins v. Jordan*, 110 F.3d 1363 (9th Cir. 1996) ..... 4

*Craig v. County of Orange*, Case No. SACV 17-00491-CJC (KESx) ..... 1, 4

*Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494 ..... 11, 12

*In re George*, 322 F.3d 586 (9th Cir. 2003) ..... 3

*Johnson v. Jones*, 515 U.S. 304 (1995) ..... 1, 4

*Kennedy v. City of Ridgefield*, 439 F.3d 1055 (9th Cir. 2006) ..... 9

*Knox v. Southwest Airlines*, 124 F.3d 1103 (9th Cir. 1997) ..... 9

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ..... 10

*Maisano v. Untied States*, 908 F.2d 408 (9th Cir. 1990) ..... 3

*Marks v. Clarke*, 102 F.3d 1012 n.8 (9th Cir. 1996) ..... 3

*Maropulos v. County of Los Angeles*, 560 F.3d 974 (9th Cir. 2009) .......... 4

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) .......... 4

*Nehad v. Browder*, 929 F.3d 1125 (9th Cir. 2019) .......... 8

*Ortiz v. Jordan*, 562 U.S. 180 (2011) .......... 3, 9

*Plumhoff v. Rickard*, 572 U.S. 565 (2014) .......... 4

*Rasey-Smith v. City of Los Angeles*, Case No. 2:24-cv-03265-MWC-SSC .......... 5, 6

*Rodriguez v. Cty. of L.A.*, 891 F.3d 776 (9th Cir. 2018) .......... 3, 4

*Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx) .......... 11

*Schering Corp. v. First DataBank, Inc.*, No. 07-cv-01142, 2007 WL 1747115 at *3 (N.D. Cal. June 18, 2007) .......... 3

*V.R. v. County of San Bernardino*, Case No. EDCV 19-1023-JGB (SPx) .......... 2

*Vargas v. Cnty. of Los Angeles*, Case No. CV 19-3279 PSG (ASx), 2021 WL 2403162, at *6 (C.D. Cal. May 5, 2021) .......... 10

*Vos vs. City of Newport Beach*, 892 F.3d 1024 (9th Cir. 2018) .......... 8, 9

Statutes

28 U.S.C § 1912 .......... 3

FRAP 32.1 .......... 11

Rules

Ninth Cir. Local Rule 36-3(b) .......... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND

This civil rights and state tort lawsuit arises out of the shooting of Leonardo Diaz by City of Torrance Police Officers Arturo Castillo, Cody Wissler, Jesus Garcia, Jason Bermudez on December 2, 2024. Plaintiff brings this action under 42 U.S.C. § 1983 and California state law against Officer Defendants and the City of Torrance. Plaintiffs filed their lawsuit on April 17, 2025. (Doc. 1). On August 28, 2026, Defendants moved for summary judgment ("MSJ") on all of Plaintiffs' claims (accept for the denial of medical care claim which Plaintiffs agreed to voluntarily dismiss) (Doc. 57), and Plaintiffs timely opposed the Motion (Doc. 63). On November 16, 2026, this Court denied Defendants' MSJ. (Doc. 71 ("MSJ Order")). On November 18, 2026, Defendants filed a Notice of Appeal to the Ninth Circuit Court of Appeals of this Court's Order denying summary judgment and denying qualified immunity ("Appeal"). (*See* Doc. 74 (Notice of Appeal)).

Plaintiffs now apply *ex parte*, requesting that this Court certify Defendants' Appeal as frivolous, retain jurisdiction, and allow the case to proceed to the pre-trial conference as scheduled. The pre-trial conference of this matter is currently set for February 5, 2027. As explained below and in Judge Cormac J. Carney's Order Granting Plaintiffs' Motion to Certify Appeal as Frivolous in the case *Craig v. County of Orange*, Case No. SACV 17-00491-CJC (KESx), an order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order, and a defendant may only appeal a court's denial of qualified immunity on the basis that his conduct did not violate clearly established law if the defendant assumes the plaintiff's version of the facts. *See* "Exhibit A" to Valenzuela Decl. (2019 *Craig* Order); *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995); *see also* "Exhibit B" to Valenzuela Decl. (2022 Order by Judge Jesus Bernal Granting Plaintiffs' *Ex Parte* Application for Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *V.R. v. County of San Bernardino*, Case No. EDCV 19-

1023-JGB (SPx)); *see also* "Exhibit C" to Valenzuela Decl. (2026 Order by Judge, Granting Plaintiffs' *Ex Parte* Application for Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *Barber v. County of San Bernardino*, Case No. EDCV 22-00625-KK-DTBx.

Here, Defendants do not assume Plaintiffs' version of the facts. Rather, in their MSJ, Defendants argued that no case decided prior to the shooting of Decedent clearly established Decedent's right to be free from excessive force under Defendants' version of the facts, and it is anticipated that they will continue to argue their version of the facts on Appeal. In Plaintiffs' Opposition to Defendants' MSJ, Plaintiffs disputed Defendants' version of the facts and argued that cases decided prior to the shooting clearly established Decedent's right to be free from excessive force under Plaintiffs' version of the facts.  In its MSJ Order, this Court agreed that genuine disputes of material fact exist as to whether Officer Defendants' use of force was reasonable and whether the officer made a reasonable mistake regarding the flathead screwdriver. Some of these material factual disputes include: the severity of the crime at issue, whether Decedent posed an immediate threat of death or serious bodily injury to the involved officers, whether it was reasonable for the officers to mistake the flathead screwdriver for a knife and whether the use of less lethal force such as the 40milimeter launcher was feasible. Further, which cases clearly establish Decedent's constitutional rights depends on which set of facts are accepted as true. Therefore, to the extent that Defendants continue to refute Plaintiffs' version of the facts, Defendants' Appeal does not raise a "purely legal" issue, and this Court should certify Defendants' Appeal as frivolous.

## II. <u>LEGAL STANDARD</u>

"[I]mmediate appeal from the denial of summary judgment on a qualified immunity plea is available when the appeal presents a 'purely legal issue…' However, instant appeal is not available…when the district court determines that factual issues genuinely in dispute preclude summary adjudication." *Ortiz v. Jordan*,

562 U.S. 180, 188 (2011). In determining whether to stay proceedings pending appeal of a denial of qualified immunity, district courts must weigh the interests of the defendants claiming immunity from trial with the interest of the other litigants and the judicial system. "During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined." *Apostol v. Gallion*, 870 F.2d 1335, 1338–39 (7th Cir. 1989).

*Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) clearly gives district courts the right to certify an interlocutory appeal as frivolous. "Should the district court find that the defendants' claim of qualified immunity is frivolous . . . the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Id*; *see also California ex rel. Lockyer v. Mirant Corp*., 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and applying *Chuman* certification process); *Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 790–92 (9th Cir. 2018). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (quoting *Maisano v. Untied States*, 908 F.2d 408, 411 (9th Cir. 1990)) (discussing standard under 28 U.S.C § 1912 and Federal Rules of Appellate Procedure 38). A qualified immunity claim may be frivolous if the claim is "unfounded" or "so baseless that it does not invoke appellate jurisdiction." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostol*, 870 F.3d at 1339); *Schering Corp. v. First DataBank, Inc.*, No. 07-cv-01142, 2007 WL 1747115 at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol*, 870 F.2d at 1339).

## III. DISCUSSION

### A. This Court's Order Denying Qualified Immunity Based on Disputed Issues of Material Fact is Not an Immediately Appealable Order

Whether an appellate court hears an interlocutory appeal from the denial of qualified immunity on summary judgment depends on the basis of the denial.

*Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009); *see Plumhoff v. Rickard*, 572 U.S. 565, 772 (2014) (appellate court has jurisdiction to review order denying officers' summary judgment motion based on qualified immunity in section 1983 action where decedent killed in a high-speed car chase and officer's contention that conduct did not violate Fourth Amendment raised legal rather than factual issues). An order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order. *Johnson*, 515 U.S. at 313–20. "Where the district court denies immunity on the basis that material facts are in dispute, [appellate courts] generally lack jurisdiction to consider an interlocutory appeal." *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996); *see also Johnson*, 515 U.S. at 307; *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (*citing Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

In *Craig v. County of Orang*e, Case No. SACV 17-00491-CJC (KESx), Central District Judge Cormac J. Carney granted the *Craig* plaintiff's *ex parte* application to certify the defendants' appeal as frivolous, following *Rodriguez* and *Chuman*. (*See* "Exhibit A" to Valenzuela Decl. (2019 *Craig* Order)). In that excessive force case, the individual officer defendant appealed the district court's March 7, 2019, order granting in part and denying in part the defendants' motion for summary judgment, challenging the Court's denial of summary judgment on the basis of qualified immunity. The *Craig* defendants contended that their appeal rested on two bases: (1) that the individual officer's use of force was lawful; and (2) that his use of force did not violate clearly established law. With respect to the *Craig* defendants' first ground for their appeal, the *Craig* court stated:

> [T]his is not an appropriate issue for interlocutory appeal. "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). The Court denied summary judgment on the excessive force claim

> because there were numerous disputed material facts that precluded any finding that Deputy Petropulos' use of force was objectively reasonable as a matter of law. It is disputed, for instance, whether Witt posed an immediate threat to the officers…Defendant cannot appeal the Court's determination that there were genuine issues of fact for trial. *Cf. Johnson*, 515 U.S. at 319–20.

(*Id*. at p. 4)).

In *Rasey-Smith v. City of Los Angeles*, Case No. 2:24-cv-03265-MWC-SSC, Central District Judge Michelle Williams Court also granted the plaintiffs' *ex parte* application to certify the defendants' appeal as frivolous. (*See* "Exhibit D" to Valenzuela Decl. (2026 *Rasey-Smith Ex Parte* Order)). In that excessive force case, the officers mistook a white plastic fork that the decedent was holding in his hand for knife and he was experiencing a mental health crisis. (See "Exhibit E" to Valenzuela Decl. (2026 *Smith-Rasey* Motion for Summary Judgment Order at 3 and 7)). In the *Rasey-Smith case*, similar to the instant action, the incident was all captured on video, the officers were mistaken that the item the individual was holding was a knife (was a fork in *Rasey-Smith* and a flathead screwdriver in this case) that the officers believed was preparing to be used to harm the officers, the individual shot was showing signs that he was experiencing a mental health crisis, the officers outnumbered the suspect, the officers had less lethal options such as a taser, OC spray and a 40mm less lethal launcher, disobeyed the officers' commands to "stop", did not attempt to flee, walked towards the officers before being fatally shot and was shot from approximately 6 feet away from the officer. *Id*. at 3-7.

In granting the plaintiffs' *ex parte* application to certify the interlocutory appeal as frivolous, the *Rasey-Smith* court held:

> Defendant's entitlement to qualified immunity turns on genuinely disputed issues of fact, because, assuming the facts in the light most favorable to Plaintiffs, Plaintiffs have raised triable issues of fact as to whether Defendants violated Decedent's Fourth and/or Fourteenth Amendment rights by using lethal force to restrain him.

See Exhibit D, *Rasey-Smith Ex Parte* Order at 1-2. The Rasey-Smith court also held:

> As to excessive force, the Court found genuine disputes of material fact exist concerning at least three of the four Graham factors: the immediacy of the threat posed by Decedent, the severity of this crime, and whether Decedent appeared to be holding a knife…whether Officer Garcia had reasonable grounds to believe Decedent posed a threat.

*Id*. at 4. The *Rasey-Smith* court also ruled that "[a]ssuming Plaintiffs' interpretation of the facts, Decedent did not pose any threat to the safety of the officers, [and] was not attempting to flee. [The] Officer['s] use of lethal force under these circumstances would be objectively unreasonable, and any argument to the contrary runs afoul of clearly established law". *Id*. (internal citations omitted). "Until the genuine disputes of material facts are resolved, the Court cannot determine what constitutional violation occurred, and, consequently, whether that constitutional violation, if any, was clearly established at the relevant time such that [the officer] could reasonably believe his conduct was lawful". *Id*. at 5.

In the instant case, this Court's Order denying summary judgment to the Defendant Officers on qualified immunity grounds was premised on material factual disputes. In conducting the *Graham* factors analysis the Court accurately pointed out that the parties dispute the severity of the crime at issue because the Defendants "argue that the suspected crime at issue was severe because [Decedent] called 911 reporting that he had a gun and stated that he wants to shoot someone". See Court's MSJ Order (Doc. 71) at 9 (internal quotations omitted). Whereas, when viewing the evidence in the light most favorable to the Plaintiffs, the Court noted that Decedent "had not committed any serious crime", the "officers did not receive any reports from any third party…that [Decedent] had hurt or threatened anyone around him", that "drone footage and dispatch transcripts show that the officers" surveilled Decedent's parked vehicle for several minutes and "they did not see any threatening

or violent behavior from [Decedent]" and the "drone operator did not inform Officer Defendants of any criminal behavior" providing little justification for the deadly use of force". *Id*. at 9-10.

The Court also correctly pointed out that there are disputed issues of material fact between the parties regarding the most important *Graham* factor, whether the suspect posed a significant threat of death or serious physical injury to the officer or others. *Id*. at 10. As the Court noted, Defendants argue that Decedent "posed a threat to Officer Defendants' safety by continuing to advance and close in on the officers while holding what appeared to be a knife…such that the use of deadly force was reasonable" and that the "Officer Defendants believed that [Decedent] was armed with a firearm" that he was willing to use against others. *Id*. at 10 (internal quotations omitted). However, as the Court accurately pointed out, Decedent "was holding neither a knife nor a gun; rather he was holding only a flathead screwdriver", none of the officers "speculated or observed that he had a gun" during the incident or anything that they believed to be a gun on his person and that "[a] jury could conclude that it would be unreasonable for officers in the same situation to believe that [Decedent] was armed with a gun". *Id*. at 10-11.

The Court also accurately pointed out that there is a disputed issue of material fact as to whether the officers were reasonable in mistaking the flathead screwdriver he was holding, for a knife. *Id*. at 11. The Court held that "a reasonable jury could conclude that mistaking [Decedent]'s screwdriver for a knife was unreasonable" due to there being "no issues with the lighting at the time of the shooting", according to the Plaintiffs' police practices expert "officers are trained to recognize what objects suspects are carrying, and to distinguish items in suspect's hands" and that the "Officer Defendants had an unobstructed view of [Decedent], including the screwdriver he was holding, for around 17 seconds, as he exited the vehicle and walked slowly toward the officers." *Id*. The Court appropriately held that under these circumstances "the reasonableness of Officer Defendants' mistake should be

decided by a jury”. *Id*. (citing *Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019). Even if “a screwdriver can also be used as a [deadly] weapon…the reasonableness of [the officers’] actions still should be decided by a jury” and that a “jury could interpret [Decedent] merely holding the weapon, but not brandishing it in any clear way, as non-threatening”. *Id*. 11-12.

The Court also noted that the police officers outnumbered Decedent four to one, that approximately two minutes and 30 seconds passed from when the officers exited their vehicles until Decedent exited his vehicle, that the officers were taking cover behind the ballistic doors of their patrol cruisers and that 17 seconds elapsed from when Decedent exited his car until he was shot and that “[o]n these facts, a reasonable jury could find that [Decedent] did not pose a significant threat of death or physical injury to the officers.” *Id*. at 12 (citing *Vos vs. City of Newport Beach*, 892 F.3d 1024, 1032 (9th Cir. 2018) (finding triable issue of fact on excessive force claim inappropriate where officers “outnumbered Vos eight to one” and “had established positions behind cover of their police vehicles,” even though “[t]he officers saw that Vos had something in his hand as he charged them”).

The Court also correctly pointed out that there is a disputed issue of material fact as to whether “the 40-millimeter launchers were inaccessible at the time of the shooting” because “a jury could find the officers’ failure to retrieve the 40-millimeter launchers during the two minutes and 30 seconds before [Decedent] exited his vehicle to weigh against a finding of reasonableness, especially because Officer Castillo had time to retrieve another weapon from the trunk, and Officer Bermudez had time to reposition one of the police vehicles.” *Id*. at 14 (citing *Vos*, 892 F.3d at 1034).

The Court also noted that there was a disputed issue of material fact regarding the “fact that [Decedent] showed signs of mental illness” and “a jury considering [Decedent]’s signs of mental illness and the availability of several less-lethal force options to subdue [Decedent], in addition to the *Graham* factors, could determine

that Officer Defendants' actions were unreasonable." *Id*. at 14-15. In sum, the Court correctly held that there are disputed issues of material fact that first must be decided by a jury before a determination as to whether a constitutional violation occurred can be made and before it can be decided whether the Officer Defendants are entitled to qualified immunity.

In denying qualified immunity to Officer Defendants, this Court appropriately determined that cases like *Vos vs. City of Newport Beach,* 892 F.3d 1024 (9th Cir. 2018) gave "Officer Defendants fair notice that it was objectively unreasonable to use lethal force in the situation they faced. *Id*. at 16. (internal citations and quotations omitted).

It is anticipated that on appeal, Defendants will continue to argue their version of the material facts, which Plaintiffs dispute. Defendants' Interlocutory Appeal is not available because this Court clearly and appropriately determined that material factual issues genuinely in dispute preclude granting summary judgment and qualified immunity in this case. *See Ortiz*, 562 U.S. at 188. The foregoing disputes identified in this Court's Order are "material" because the resolution of these facts is key to assessing the reasonableness of Officer Defendants' conduct. It is clear that the denial of qualified immunity in this case is based the existence of genuine issues of material fact. Hence, the Court should find Defendants' appeal baseless and insufficient to deprive this Court of jurisdiction. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (*citing Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) (no jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts)). Accordingly, the Court should certify Defendants' interlocutory Appeal as frivolous on this basis. *See Chuman v. Wright*, *supra*.

**B. Plaintiff Will be Prejudiced by a Stay of This Action**

This Court should retain jurisdiction and should not stay the instant action. The Court's authority to stay a proceeding is "incidental to the power inherent in

every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a stay, courts consider "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

While the Supreme Court has allowed interlocutory appeals of qualified immunity in light of qualified immunity's purpose to protect a public official from liability and from standing trial, courts have recognized that this approach may also "injure the legitimate interests of other litigants and the judicial system." *See Vargas v. Cnty. of Los Angeles*, Case No. CV 19-3279 PSG (ASx), 2021 WL 2403162, at *6 (C.D. Cal. May 5, 2021) (citing *Apostol*, 870 F.3d at 1338-39). In recognizing the value of a *Chuman* certification in the face of a frivolous appeal, the Seventh Circuit in *Apostol v. Gallion* explained:

> During the appeal memories fade, attorneys' meters tick, [and] judges' schedules become chaotic) to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority in *Forsyth* appeals—like the bulk of all appeals—end in affirmance. Defendants may seek to stall because they gain from the delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take *Forsyth* appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, they may help themselves to a postponement by lodging a notice of appeal.

870 F.2d at 1138-39.

Almost two years have passed since the December 2, 2024, shooting giving rise to this lawsuit. Plaintiffs filed their lawsuit on April 17, 2025. Plaintiffs are entitled to their day in court without any further stay of this action. In light of the

frivolous nature of Defendants' Appeal, it would be prejudicial to Plaintiffs to vacate the current pre-trial conference date based on Defendants' inappropriate interlocutory Appeal, which could result in a stay of this case for another one to two years while the appeal is pending. Further, in addition to consuming the resources of the appellate court, such a lengthy appeal would cut across the public interest in the expeditious and efficient resolution of litigation.

The excessive force cases *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx)[1] and *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494, show how a frivolous interlocutory appeal can prejudice the plaintiff by delaying their day in court. (*See* "Exhibits F and G"). In both *Sandoval* and *Herd*, as in the instant case, the court denied defendants' motion for summary judgment based on qualified immunity, and the defendants filed interlocutory appeals. In *Sandoval*, the Ninth Circuit affirmed the district court's summary judgment ruling, holding that disputed issues of material fact preclude a finding of qualified immunity at the summary judgment stage. The defendants' unsuccessful appeal in *Sandoval* resulted in a two year and seven-month delay in that trial. (Valenzuela Decl. at ¶ 11 and "Exhibit F").

In *Herd*, the district court denied the individual officer defendants' requests for qualified immunity on summary judgment. The *Herd* defendants filed an interlocutory appeal, which the plaintiffs moved the Ninth Circuit to dismiss for lack of jurisdiction. In their motion to dismiss, the *Herd* plaintiffs explained that the Ninth Circuit lacks jurisdiction over the *Herd* defendants' interlocutory appeal because the district court's order denying qualified immunity to the individual officers was based on the existence of genuine issues of material facts and thus is not a final, immediately appealable order. The Ninth Circuit agreed, granted the

[1] Cited in accordance with Ninth Cir. Local Rule 36-3(b) ("Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1.").

plaintiff's motion to dismiss for lack of jurisdiction on June 25, 2020, and denied the defendants' motion for reconsideration and rehearing *en banc* on the issue on November 3, 2020. ("Exhibit G" to Valenzuela Decl. (*Herd* Ninth Cir. Order)). The district court case was stayed pending the *Herd* defendants' appeal, which resulted in approximately an 18-month delay in the case. (Valenzuela Decl. at ¶ 12 and "Exhibit G"). Plaintiffs' instant motion seeks to avoid such delays.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court enter the proposed order filed concurrently herewith, which would certify that the Appeal filed by Defendants, regarding this Court's Order denying Defendants' motion for summary judgment, is frivolous because it is an appeal from a denial of summary judgment on the grounds of the existence of disputed questions of material fact. Because the Appeal is frivolous, this Court would retain jurisdiction over this matter, and the case would proceed to the pre-trial conference as scheduled.

Respectfully submitted,

DATED: November 24, 2026 LAW OFFICES OF DALE K. GALIPO

By: *\/s/ Eric Valenzuela*
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiffs