**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (SBN 284500)
evalenzuela@galipolaw.com
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAIA GUADALUPE DIAZ, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF TORRANCE, et al.,<br><br>Defendants. | Case No. 2:25-cv-03389-JLS (AYPx)<br><br>**DECLARARTION OF ERIC VALENZUELA IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION**<br><br>[Proposed Order; Exhibits; Ex Parte Application; Memorandum of Points and Authorities *filed concurrently herewith*] |

**<u>DECLARATION OF ERIC VALENZUELA</u>**

I, Eric Valenzuela, hereby declare as follows:

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for Plaintiffs in this instant action. I make this declaration in support of Plaintiffs' *Ex Parte* Application for an Order Certifying Defendants' Appeal as Frivolous. I have

personal knowledge of the matters stated herein and could and would testify competently thereto if called.

2. Plaintiffs will suffer prejudice if this case is stayed pending Defendants' unmeritorious appeal. This application is properly made on an *ex parte* basis because, on November 18, 2026, Defendants filed a notice of appeal from this Court's order denying summary judgment ("Notice of Appeal"), two days before the first round of trial filings were originally due on or before November 20, 2026. (Doc. 52). The Final Pretrial Conference was scheduled for December 18, 2026. *Id*. The Court recently, *sua sponte*, continued the deadline for filing motions in limine until January 8, 2027, and the pretrial conference until February 5, 2027. The Court hears civil motions on Fridays at 10:30 a.m. In order to file this motion at least 28 days prior to the hearing, pursuant to the local rules, that Friday would be December 25, 2026, which is Christmas and a holiday in which the Court is closed. The next Friday after that would be January 1, 2027, which is New Year's Day, another holiday in which the Court is closed. Therefore, the first available Friday to hear the motion would be January 8, 2026, which is the current date that the party's motions in limine are to be filed. Further, the Court's ruling on Plaintiffs' instant *ex parte* application may determine whether this case will proceed forward as currently scheduled. Thus, there is not sufficient time for Plaintiff to file this as a regularly noticed motion.

3. Prior to bringing this Motion, I met and conferred with Defendants' counsel regarding the issues presented herein as required by Local Rule 7-19. Defendants City of Torrance, Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez are represented by Angela Powell of the firm Jones Mayer, 3777 North Harbor Boulevard, Fullerton, CA 92835; (714) 446-1400; amp@jones-mayer.com. On November 23, 2026, after Defendants' counsel filed their Notice of Appeal, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs would be filing an

ex parte application to deem the Appeal frivolous. Defendants' counsel stated that Defendants would oppose Plaintiff's ex parte application. Defendants take the position that the cases cited in Plaintiffs' opposition to the Motion for Summary Judgment do not clearly establish that the involved officers conduct was unlawful for purposes of the qualified immunity analysis.

4. Attached hereto as "**Exhibit A**" is a true and correct copy of Central District Judge Cormac J. Carney's order granting the plaintiff's request to certify the defendant's appeal as frivolous in the case *Craig v. County of Orang*e, Case No. SACV 17-00491-CJC(KESx).

5. Attached hereto as "**Exhibit "B"** is a true and correct copy of Central District Judge Jesus G. Bernal's order Granting Plaintiffs' *Ex Parte* Application for Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *V.R. v. County of San Bernardino*, Case No. EDCV 19-1023-JGB (SPx)).

6. Attached hereto as "**Exhibit "C**" is a true and correct copy of Central District Judge Kenly Kiya Kato's order Granting Plaintiffs' *Ex Parte* Application for Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *Barber v. County of San Bernardino*, Case No. EDCV 22-00625-KK-DTBx.

7. Attached hereto as "**Exhibit "D**" is a true and correct copy of Central District Judge Michelle Williams Court's order Granting Plaintiffs' *Ex Parte* Application for Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *Rasey-Smith v. City of Los Angeles*, Case No. 2:24-cv-03265-MWC-SSC.

8. Attached hereto as "**Exhibit E**" is a true and correct copy of Central District Judge Michelle Williams Court's order denying defendants' motion for summary judgment in *Rasey-Smith v. City of Los Angeles*, Case No. 2:24-cv-03265-MWC-SSC.

9. Attached hereto as "**Exhibit F**" is a true and correct copy of the Ninth Circuit's order in the case *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx).

10. Attached hereto as "**Exhibit G**" is a true and correct copy of the Ninth Circuit's order in the case *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494 dismissing the defendants' appeals for lack of jurisdiction.

11. The excessive force cases *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx)[1] and *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494, show how a frivolous interlocutory appeal can prejudice the plaintiff by delaying their day in court. In both *Sandoval* and *Herd*, as in the instant case, the court denied defendants' motion for summary judgment based on qualified immunity, and the defendants filed interlocutory appeals. In *Sandoval*, the Ninth Circuit affirmed the district court's summary judgment ruling, holding that disputed issues of material fact preclude a finding of qualified immunity at the summary judgment stage. The defendants' unsuccessful appeal in *Sandoval* resulted in a two year and seven-month delay in that trial.

12. In *Herd*, the district court denied the individual officer defendants' requests for qualified immunity on summary judgment. The *Herd* defendants filed an interlocutory appeal, which the plaintiffs moved the Ninth Circuit to dismiss for lack of jurisdiction. In their motion to dismiss, the *Herd* plaintiffs explained that the Ninth Circuit lacks jurisdiction over the *Herd* defendants' interlocutory appeal because the district court's order denying qualified immunity to the individual officers was based on the existence of genuine issues of material facts and thus is not a final, immediately appealable order. Thea Ninth Circuit agreed, granted the

---

[1] Cited in accordance with Ninth Cir. Local Rule 36-3(b) ("Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1.").

plaintiff's motion to dismiss for lack of jurisdiction on June 25, 2020, and denied the defendants' motion for reconsideration and rehearing *en banc* on the issue on November 3, 2020. The district court case was stayed pending the Herd defendants' appeal, which resulted in approximately an 18-month delay in the case.

I declare under penalty of perjury that the foregoing is true and correct, and that this was executed on November 24, 2026, at Woodland Hills, California.

*/s/ Eric Valenzuela*

Eric Valenzuela