JONES MAYER
Angela M. Powell, State Bar No. 191876
amp@jones-mayer.com
Denise Lynch Rocawich, State Bar No. 232792
dlr@jones-mayer.com
Ryan M. Allein, State Bar No. 318078
rma@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, California 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants CITY OF TORRANCE, ARTURO CASTILLO, CODY WISSLER, JESUS GARCIA and JASON BERMUDEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; A.D., a minor by and through his Guardian Ad Litem, MARIA GUADALUPE DIAZ; LEONARDO DIAZ; and RAMONA RAMIREZ DE DIAZ;

Plaintiffs,

v.

CITY OF TORRANCE; ARTURO CASTILLO; CODY WISSLER; JESUS GARCIA; JASON BERMUDEZ; and DOES 6-10, Inclusive;

Defendants.

Case No. 2:25-cv-03389-JLS(AYPx)
Honorable Josephine L. Staton
Courtroom 8A

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR CERTIFICATION THAT DEFENDANTS' APPEAL IS FRIVOLOUS UNDER *CHUMAN V. WRIGHT***

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .... 3

MEMORANDUM OF POINTS AND AUTHORITIES .... 6

I. INTRODUCTION .... 6

II. THE OFFICERS HAVE A FUNDAMENTAL RIGHT TO AN INTERLOCUTORY APPEAL THAT CANNOT BE STRIPPED AWAY ON 24-HOURS NOTICE VIA AN EX PARTE APPLICATION .... 6

III. PLAINTIFFS HAVE NOT SATISFIED THE EXTREMELY HIGH BURDEN OF PROOF FOR DECLARING AN INTERLOCUTORY QUALIFIED IMMUNITY APPEAL "FRIVOLOUS" .... 8

IV. CONTRARY TO PLAINTIFFS' ASSERTIONS, THE ORDER DENYING THE TORRANCE OFFICERS' MSJ IS NOT UNAPPEALABLE SIMPLY BECAUSE THE COURT FOUND TRIABLE ISSUES OF FACT EXIST .... 13

V. CONCLUSION .... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**


*Estate of Anderson v. Marsh*, 985 F.3d 726 (9th Cir. 2021) .......... 16

*Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989) .......... 9

*Behrens v. Pelletier*, 516 U.S. 299, 116 S. Ct. 834 (1996) .......... *passim*

*Bingue v. Prunchak*, 512 F.3d 1169 (9th Cir. 2008) .......... 13

*Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992) .......... 9, 12, 16

*Dagdagan v. City of Vallejo*, 682 F. Supp. 2d 1100 (E.D. Cal. 2010) .......... 9

*Elder v. Holloway*, 510 U.S. 510 (1994) .......... 11

*George v. Morris*, 736 F.3d 829 (9th Cir. 2013) .......... 14, 15

*In re George*, 322 F.3d 586 (9th Cir. 2003) .......... 9, 14, 15

*Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 2018 U.S. Dist. LEXIS 39267 (2018) .......... 7

*Griggs v. Provident Consumer*, 459 U.S. 56 (1982) (per curiam) .......... 8

*Grossman v. Allen*, 950 F.3d 338 (6th Cir. 1991) .......... 12

*Hart v. City of Redwood City*, 99 F.4th 543 (9th Cir. 2024) .......... 10

*In Estate of Hernandez v. City of Los Angeles*,
139 F.4th 790 (9th Cir. 2025) (en banc) .......... 10

*In re Intermagnetics*,
101 BR 191 (C.D. Cal. 1989) .......... 7

*Johnson v. Jones*,
515 U.S. 304 (1995) .......... 11, 12

*Lal v. Cal.*,
746 F.3d 1112 (2014) .......... 6, 10

*Mitchell v. Forsyth*,
472 U.S. 511 (1985) .......... 7, 11

*Nev. v. Hicks*,
533 U.S. 353, 150 L. Ed. 2d 398, 121 S. Ct. 2304 (2001) .......... 7

*S. B. v. Cnty. of San Diego*,
864 F.3d 1010 (9th Cir. 2017) .......... 9, 12

*Saucier v. Katz*,
533 U.S. 194 (2001) .......... 11, 13

*Thomas v. Gomez*,
143 F.3d 1246 (9th Cir. 1998) .......... 13

*United States v. Clairborne*,
727 F.2d 842 (9th Cir. 1984) .......... 8

*Vos v. City of Newport Beach*,
892 F.3d 1024 .......... 9, 10, 11, 16

*White v. Pauly*,
580 U.S. 73, 137 S. Ct. 548, 196 L. Ed. 2d 463 (2017) .......... 7, 9, 12

**Federal Statutes**

42 U.S.C.
§ 1983 .......... 13, 14

**Other Authorities**

“f*Fed. Rutter Guide*” § 12:162 .......... 7

Fourth Amendment .......... 9, 10, 11, 15

Fourteenth Amendment .......... 11

Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2022) .......... 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Torrance Police Officers Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez ("Torrance Officers") filed an interlocutory appeal on the denial of qualified immunity. Such an immediate interlocutory appeal is not only appropriate, the Supreme Court has repeatedly mandated that qualified immunity should be determined at the earliest possible stage. Plaintiffs' Ex Parte Application for an Order Declaring Defendants' Appeal Frivolous should be denied for multiple reasons. First, this matter should be resolved via a noticed motion rather than on an ex parte basis. Second, Plaintiffs' claims for exigency are improperly based on pretrial dates which must be vacated for want of jurisdiction.

Finally, Plaintiffs have failed to carry the "extremely high" burden of demonstrating that the Torrance Officers' appeal is frivolous. Though citing legal authority that clearly states that such motions are only designed to address "sham" appeals being "misused for tactical reasons", Plaintiffs make no attempt whatsoever to show that the Officers' appeal is anything of the sort. Instead, Plaintiffs reargue their Opposition to Defendants' Motion for Summary Judgment ("MSJ") and present argument properly reserved for their responsive brief on appeal. For all these reasons, the Torrance Officers respectfully requests that Plaintiffs' Application be denied and that the case thus be immediately stayed pending appeal.

## II. THE OFFICERS HAVE A FUNDAMENTAL RIGHT TO AN INTERLOCUTORY APPEAL THAT CANNOT BE STRIPPED AWAY ON 24-HOURS NOTICE VIA AN EX PARTE APPLICATION

The Supreme Court has repeatedly stressed the importance of qualified immunity. Indeed, qualified immunity shields an officer from liability even if his or her action resulted from "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Lal v. Cal.*, 746 F.3d 1112, 1116 (2014) quoting

*Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (en banc). In *White v. Pauly*, 580 U.S. 73, 137 S. Ct. 548, 196 L. Ed. 2d 463 (2017), the Court emphasized the importance of the qualified immunity doctrine saying it is "important to society as a whole" noting that qualified immunity "is effectively lost if a case is erroneously permitted to go to trial." *White*, 580 U.S. at 77-78. More importantly, qualified immunity is intended to protect government officials ***not merely from liability, but from the burdens of litigation itself, including the burdens of proceeding to trial***. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) [emphasis added]. Thus, an officer denied qualified immunity has the right to an immediate interlocutory appeal. *Nev. v. Hicks,* 533 U.S. 353, 400, 150 L. Ed. 2d 398, 121 S. Ct. 2304 (2001) and *Mitchell*, 472 U.S. at 524-530. Notwithstanding the directives from the Supreme Court authorizing such an appeal, Plaintiffs now seeks the extraordinary relief of asking this Court to deem the appeal frivolous on an ex parte basis. This is wholly improper.

First, Plaintiffs have cited no case authority for the proposition that a finding that an appeal is frivolous may be made on an ex parte basis. This failure is telling. Courts are usually extremely reluctant to grant an ex parte in civil actions because the nonmoving party has no opportunity (or at best, a limited one) to be heard orally or in writing and, as a result, because there is a concern that the movant may not be presenting all the facts the court needs. *See In re Intermagnetics,* 101 BR 191, 192-193 (C.D. Cal. 1989); see also Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2022) ("*Fed. Rutter Guide*" § 12:162. "Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." *Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 2018 U.S. Dist. LEXIS 39267, *4 (2018) quoting *Moore v. Chase, Inc.*, 2015 U.S. Dist. LEXIS 93430 at *4 (E.D. Cal. July 17, 2015).

Here, and as discussed in more detail below, Plaintiffs have not demonstrated

irreparable injury. Conversely, granting Plaintiffs' Application would deprive the Torrance Officers of their fundamental right to an interlocutory appeal on a mere 24 hours notice and without the benefit of oral argument resulting in extreme prejudice. Deciding an issue of this magnitude (i.e., precluding a right to an interlocutory appeal as authorized by the United States Supreme Court) on an ex parte basis when no true emergency exists would be wholly inappropriate and without legal support.

Second, Plaintiffs have not demonstrated – and cannot demonstrate – the requisite exigency or irreparable injury necessary to proceed via an ex parte application. Indeed, the only alleged basis for ex parte relief is that pretrial dates result in insufficient time to bring the motion on regular notice. This, however, is no basis for the granting of ex parte relief. When the Torrance Officers filed their interlocutory appeal asserting qualified immunity, this Court was divested of jurisdiction to take any action which would deprive the Ninth Circuit of jurisdiction over the appeal, including proceeding with the trial. *Griggs v. Provident Consumer,* 459 U.S. 56, 58 (1982) (per curiam); Nelson, Goelz & Watts, Fed. Ninth Cir. Civ. App. Prac. (The Rutter Group 2022) ("*9th Cir. Rutter Guide*") § 3:406. Indeed, it is well settled that an appeal from the denial of a motion for qualified immunity divests the district court of jurisdiction to proceed with the pending trial. *United States v. Clairborne,* 727 F.2d 842, 850 (9th Cir. 1984). Plaintiffs cannot base their claims of exigency on the Court having not yet vacated future dates over which it has been divested of jurisdiction. For these reasons, Plaintiffs Application is improper and should be denied.

## III. <u>PLAINTIFFS HAVE NOT SATISFIED THE EXTREMELY HIGH BURDEN OF PROOF FOR DECLARING AN INTERLOCUTORY QUALIFIED IMMUNITY APPEAL "FRIVOLOUS"</u>

With respect to the merits, the standard for certifying a qualified immunity

appeal as frivolous under *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) is extremely high: "[a]n appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." *In re George*, 322 F.3d 586, 591 (9th Cir. 2003). "'This means that the appeal must be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other side.'" *Dagdagan v. City of Vallejo*, 682 F. Supp. 2d 1100, 1116 (E.D. Cal. 2010). For this reason, the courts have held that the power to certify an appeal as frivolous "must be used with restraint, just as the power to dismiss a complaint for lack of jurisdiction because it is frivolous is anomalous and must be used with restraint." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) cited favorably by *Chuman*, 960 F.2d at 105. Plaintiffs have not satisfied that extremely high burden here.

The Torrance Officers assert that no case with facts similar to the case at hand clearly established that their actions with respect to Decedent on December 2, 2024 violated Decedent's constitutional rights; therefore, they are entitled to qualified immunity. Under *White v. Pauly,* 580 U.S. 73, 137 S. Ct. 548, 196 L. Ed. 2d 463 (2017), the Court must identify "a case where an officer acting under similar circumstances as [the Torrance Officers] ***was held to have violated the Fourth Amendment***." *Id.* at 79 [emphasis added]; *see also S. B. v. Cnty. of San Diego*, 864 F.3d 1010, 1015-1016 (9th Cir. 2017). This Court denied the Torrance Officers qualified immunity based entirely on *Vos v. City of Newport Beach*, 892 F.3d 1024 (9th Cir. 2018). *See* MSJ [DKT 71] at pp. 16-18. However, in *Vos*, the Ninth Circuit affirmed summary judgment for the officers on qualified immunity, holding that no precedent clearly established that shooting a charging suspect holding a sharp object violated the Fourth Amendment. In other words, *Vos* did not hold that the actions of the officers "violated the Fourth Amendment" as required by *White*. Thus, *Vos* did not clearly establish that the officers' use of deadly force in that case was unconstitutional. Instead, *Vos* only held that those officers were entitled to

qualified immunity. In short, the Court denied qualified immunity by treating a case *granting* qualified immunity as establishing a constitutional violation.

Moreover, *Vos* is materially distinguishable on its tactical facts, just as *Hart v. City of Redwood City*, 99 F.4th 543 (9th Cir. 2024) was found distinguishable from *Vos*. In *Hart*, the Ninth Circuit held there was no clearly established Fourth Amendment violation where no officer on scene was currently armed with a 40mm and officers did not have an extended period of time (such as the 20 minutes in *Vos*) to coordinate a tactical plan before the suspect advanced with a sharp object. *Id.* at 556.

In *Vos*, at least eight officers surrounded a convenience store entrance over a 15-to-20-minute standoff, established a V-formation perimeter, and positioned an officer armed and ready with a 40-millimeter less-lethal launcher before the suspect emerged. *Vos*, 892 F.3d at 1028-30. Here, four officers had been on scene for less than three minutes. Further, Diaz was in/near a vehicle – not a one way in, one way out situation like a 7/11 convenience store. Crucially, at the moment Diaz exited his vehicle and approached, no officer was holding a 40-millimeter launcher. As noted above, the court in *Hart* distinguished *Vos*, in part, because the 40mm was enroute but not available. Unlike Diaz, Vos was not resisting arrest while officers staged outside the store because officers did not try to communicate with him or give him any commands. *Id.* Also, in *Vos*, officers responded to a call about a man cursing inside a 7-Eleven with scissors. *Id.* Here, officers responded to a 911 report of a man with a gun who states he wants to shoot someone. Those are very materially different calls.[1]

---

[1] Not only is there a lack of law prohibiting the Torrance Officers' conduct, there are multiple cases, not involving the suspect holding a knife, supporting it. *See Lal v. California*, 746 F.3d 1112 (9th Cir. 2014) [the Ninth upheld deadly force where a suicidal motorist advanced to within a few feet of officers holding a rock while awaiting less-lethal support] and *In Estate of Hernandez v. City of Los Angeles*, 139 F.4th 790 (9th Cir. 2025) (en banc) [Ninth held an officer's initial shots were objectively reasonable as a matter of law when a suspect advanced with a box cutter.]

The Court's own analysis on the Fourteenth Amendment cuts against its finding *Vos* materially similar in its Fourth Amendment analysis. *Vos*, again essentially the only case relied upon by the Court, has an extensive discussion of the time element – that the officers had roughly 20 minutes to form a plan. Here, not only were officers only on scene less than three minutes, the Court recognized that once Diaz exited and walked toward the officers, "the officers had to make a snap decision about [Diaz's] intentions and the threat he posed to them" because Diaz "was continuously advancing toward the officers during this time and ignoring their orders to stop, thereby escalating the situation". MSJ Order [DKT 71] at p. 20. A fast-evolving confrontation requiring a "snap decision" at close distance is materially factually dissimilar from *Vos* where the court repeatedly notes that the officers had significant time.

With the following in mind, it becomes clear that the Torrance Officers' appeal is plainly not frivolous. First, the Court of Appeals unquestionably has interlocutory appellate jurisdiction to consider whether a district court erred in its construction of clearly established law at the time of the underlying incident. *Behrens v. Pelletier*, 516 U.S. 299, 313, 116 S. Ct. 834, 842 (1996) [noting that *Johnson v. Jones*, 515 U.S. 304, 311-312 (1995) reaffirmed jurisdiction to review "whether the federal right allegedly infringed was 'clearly established.'"]; *see also*, *Saucier v. Katz*, 533 U.S. 194, 208-09 (2001) [not clearly established that it was excessive force to shove protestor into police van]; *Elder v. Holloway*, 510 U.S. 510, 516 (1994) ["Whether an asserted federal right was clearly established at a particular time, so that a public official who allegedly violated the right has no qualified immunity from suit, presents a question of law...."]; *Mitchell v. Forsyth*, 472 U.S. 511, 528, 105 S. Ct. 2806, 2816 (1985) [whether legal norms were clearly established "is a question of law"].

Further, the Court of Appeals has jurisdiction to determine whether a district court misapplied the qualified immunity doctrine. See, *Anderson v.*

*Creighton*, 483U.S. 635, 640-41 (1987) [the district court applied qualified immunity too abstractly and should have analyzed officer's actions under "the circumstances with which [he] was confronted."]; *Grossman v. Allen*, 950 F.3d 338, 341 (6th Cir. 1991)[reversing denial of qualified immunity at summary judgment stage because district court "used an overly abstract analysis."].

Finally, an interlocutory appeal is proper to review whether a factual dispute identified by the district court is material to the qualified immunity determination. *Behrens v. Pelletier*, 516 U.S. 299, 312–13 (1996). Although *Johnson v. Jones*, 515 U.S. 304 (1995), precludes interlocutory review of whether the evidence is sufficient to establish that particular conduct occurred, it does not preclude review of whether the conduct the district court assumed for summary judgment purposes defeats qualified immunity as a matter of law. *Behrens*, 516 U.S. at 312–13. Indeed, the Supreme Court expressly held that an officer may argue on interlocutory appeal that all the conduct the district court deemed sufficiently supported nevertheless satisfies the objective-reasonableness standard. *Id.* at 313.

In this case, the Torrance Officers respectfully disagree with this Court's denial of their entitlement to qualified immunity, and the Court's reliance on a single case, that did not find a constitutional violation as a matter of law, in ordering said denial. The Torrance Officers further assert that this appeal is well-founded for adjudication by the Ninth Circuit because Plaintiffs, in Opposition to the MSJ and in their Motion here and the Court, inappropriately relied upon cases which were not factually similar enough to deny qualified immunity on the federal claims asserted. Finally, the Torrance Officers assert that the factual disputes identified by the Court are not material to the qualified immunity analysis. Based upon these factors, it is the Torrance Officers' position that qualified immunity is warranted in this case with unique facts, and that their appeal is anything but "frivolous" under *Chuman*. *See White*, 137 S. Ct. 548; *S.B.*, 864 F.3d 1010.

## IV. CONTRARY TO PLAINTIFFS' ASSERTIONS, THE ORDER DENYING THE TORRANCE OFFICERS' MSJ IS NOT UNAPPEALABLE SIMPLY BECAUSE THE COURT FOUND TRIABLE ISSUES OF FACT EXIST

"Denial of summary judgment often includes a determination that there are controverted issues of material fact" and such determination does not mean that such denial of summary judgment is nonappealable. *Behrens*, 516 U.S. at 312-313; *see also Thomas v. Gomez*, 143 F.3d 1246, 1248 (9th Cir. 1998) ["denial of summary judgment on qualified immunity grounds is not always unappealable simply because the district court concludes that the issues of fact in dispute are material."]; *see also Bingue v. Prunchak*, 512 F.3d 1169, 1172 (9th Cir. 2008). "Indeed, where disputed facts exist, …[the Ninth Circuit] can determine whether the denial of qualified immunity was appropriate by assuming that the version of the material facts asserted by the non-moving party is correct." *Bingue*, 512 F.3d at 1172-73 [internal citations omitted]. "Alternatively, [the Ninth Circuit] may also determine that the disputed facts simply are not material." *Id.*; *see also Thomas v. Gomez*, 143 F.3d 1246, 1248 (9th Cir. 1998) ["an appellate court has jurisdiction to hear an interlocutory appeal where defendants assert that the district court erred in determining that the disputed facts were material."]

Applying these rules, the Ninth Circuit has jurisdiction to determine the Torrance Officers' appeal on a number of grounds. Accepting Plaintiffs' premise -- that a court should wait to determine qualified immunity whenever there is a disputed factual issue -- would eviscerate the very purpose of qualified immunity, which is 'to protect defendants even from defending the action.'" *Bingue*, 512 F.3d at 1173 citing *Jeffers*, 267 F.3d at 907. Indeed, "deny[ing] summary judgment any time a material issue of fact remains on [a § 1983 claim] could undermine the goal of qualified immunity to 'avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment.'" *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151 (2001) quoting *Harlow v. Fitzgerald*, 457 U.S.

800, 818, 102 S. Ct. 2727 (1982). In short, Plaintiffs' assertion that the Torrance Officers' appeal should be certified as "frivolous" simply because the Court found that triable issues of fact exist is very clearly erroneous and should be disregarded.

The facts here are largely undisputed. It is undisputed that Diaz was holding neither a knife nor a gun; rather, he was holding a flathead screwdriver. It is undisputed that when Diaz stepped out of his vehicle, he was not holding a gun, and it is undisputed the officers never saw a gun. Moreover, for the purposes of ruling on this summary judgment appeal, the Torrance Officers accept Plaintiffs' version of the facts to the extent they are supported by admissible evidence and not contrary to video evidence and views the evidence in the light most favorable to the Plaintiffs. The question though – and a solidly appropriate question for appellate review – is whether the Torrance Officers would be entitled to qualified immunity as a matter of law in light of those assumptions and inferences. *See George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013)

Plaintiffs contend that the Torrance Officers' appeal must be declared frivolous because the Court found a disputed fact as to whether Decedent posed an immediate threat to the Officers. However, Plaintiffs' contention cannot be reconciled with the instructive jurisdictional analysis in *George v. Morris*, 736 F.3d 829 (9th Cir. 2013). In *George*, the Ninth Circuit reviewed a Central District Court's denial of qualified immunity in a 42 U.S.C. § 1983 action alleging excessive force against three Santa Barbara County deputy sheriffs who responded to a domestic disturbance call. When the deputies arrived, they were told that the decedent was on the patio and had a gun. The deputies established a perimeter and later observed the decedent on the balcony, holding a walker and a gun. The three deputies then fired approximately nine shots. This Court concluded that the plaintiff's evidence, including an expert witness's report, "called into question whether [the decedent] ever manipulated the gun, or pointed it directly at deputies." *Id*. at 833. The district court denied the deputies qualified immunity based on the

conclusion that "***whether the decedent 'presented a threat to the safety*** of the deputies is a material fact that ***is genuinely in dispute***.'" *Id*. [emphasis added] Notwithstanding this basis for denying qualified immunity, the Ninth Circuit — after discussing at length the controlling jurisdictional rules for qualified immunity appeals — found no jurisdictional defect and conducted a thorough qualified immunity analysis as to each deputy. *Id*. at 834-839.

Specifically, the Ninth Circuit explained that it "'may not consider questions of eviden[tiary] sufficiency, i.e., which facts a party may, or may not, be able to prove at trial.'" *Id*. 834 quoting *CarePartners, LLC v. Lashway*, 545 F.3d 867, 875 (9th Cir. 2008). The Ninth Circuit further explained that in addition to having "authority to consider the materiality of a fact" under *Behrens*, its qualified immunity review would be "confined to the question of 'whether the defendant[s] would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor.'" *Id*. [emphasis added]. Having confirmed the jurisdictional propriety of the qualified immunity appeal, the Ninth Circuit conducted a thorough qualified immunity examination, focusing on whether the deputies violated the Fourth Amendment. *Id*. at 834-839. In sum, even in light of the conclusion that there is a genuine factual dispute as to whether Decedent presented a threat to the safety of the Officers, the Ninth Circuit's substantive examination of the qualified immunity arguments in *George* belies any argument that such a conclusion renders the Order unappealable and/or the Torrance Officers' appeal frivolous.

In a similar vein, the screwdriver/knife factual dispute is not material to the actual qualified immunity ruling. As to the knife/screwdriver issue, the Court here made two separate determinations. First, it concludes that a reasonable jury could conclude that mistaking Diaz's screwdriver for a knife was unreasonable. MSJ Order [DKT 71] at p. 10. Second, it concludes that, even if the Torrance Officers were reasonable in believing that Diaz had a knife, the Torrance Officers would not

be entitled to summary judgment. *Id.* at p. 11.

The Torrance Officers do not seek appellate review of the Court's determination that a jury could find the officers unreasonably mistook the screwdriver for a knife. That factual dispute is immaterial to the qualified immunity ruling the Court actually made. The Court expressly assumed that the officers reasonably believed Diaz was holding a knife and nevertheless concluded that they were not entitled to summary judgment. The Court subsequently made clear that its qualified immunity determination hinged on the clearly established prong, concluding that *Vos* provided sufficient notice that the Torrance Officers' conduct was unconstitutional. *Id.* at pp. 16-18. The Torrance Officers challenge that legal determination, not the resolution of any factual dispute. Under *Behrens*, that legal question is properly reviewable on interlocutory appeal. Besides, the Torrance Officers contend that, even accepting that the belief the object was a knife was unreasonable, the Torrance Officers still did not violate clearly established law. That is unquestionably a legal question within the Ninth Circuit's interlocutory jurisdiction. *Estate of Anderson v. Marsh*, 985 F.3d 726, 730–31 (9th Cir. 2021).

**V. <u>CONCLUSION</u>.**

Based on the foregoing, the Torrance Officers respectfully requests that the Court deny Plaintiffs' Application to declare their appeal frivolous under *Chuman v. Wright*.

Dated: November 25, 2026 JONES MAYER

By: s/*Denise Lynch Rocawich*
Angela M. Powell
Denise Lynch Rocawich
Ryan Allein
Attorneys for Defendants City of Torrance, Arturo Castillo, Cody Wissler, Jesus Garcia and Jason Bermudez